# EXHIBIT "A"

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

MORRIS FOREST PRODUCTS, LLC.;  *
STAN PITTMAN,                    *
                                *
        Plaintiffs,             *
                                *
v.                              *        CIVIL ACTION NO.:
                                *        CV-05- _101_
                                *
KEYSTONE EXTERIOR DESIGN,        *
LLC; JERRY TURNER; DON           *
LUDWIG; UNIVERSAL FOREST         *
PRODUCTS; MATTHEW J. MISSAD;     *
DOUGLAS P. HONHOLT; DANA         *
RECTOR; KRAIG JANSEN,            *
                                *
        Defendants.             *

**SUMMONS**

NOTICE TO:   Universal Forest Products
             2801 East Beltline NE
             Grand Rapids, MI 49525

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFF'S ATTORNEY, RANDALL S. HAYNES, 131 MAIN STREET, P.O. BOX 1660, ALEXANDER CITY, ALABAMA 35011. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

_____   This service by certified mail of this Summons is initiated upon the written request of Plaintiff pursuant to Rule 4.1(c) of the _Alabama Rules of Civil Procedure._

_May 12, 2005_                          _Frank Lucas_
Date                                    CLERK/REGISTER

**RETURN ON SERVICE**

_____ Certified Mail return receipt received in this office on _____ (Return receipt hereto attached).

_____ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____.

_____          _____ DATE
                                     SERVER SIGNATURE

ADDRESS
OF SERVER   _____

            _____          _____
                                              TYPE OF PROCESS SERVER

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
ALEXANDER CITY DIVISION

| | | |
|---|---|---|
| MORRIS FOREST PRODUCTS, LLC;<br>STAN PITTMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | *CV-05-101* |
| KEYSTONE EXTERIOR DESIGN,<br>LLC; JERRY TURNER; DON<br>LUDWIG; UNIVERSAL FOREST<br>PRODUCTS; MATTHEW J. MISSAD;<br>DOUGLAS P. HONHOLT; DANA<br>RECTOR; KRAIG JANSEN, | ) | |
| | ) | |
| Defendants. | ) | |

MAY 2005
RECEIVED
FRANK LUCAS
CIRCUIT CLERK

## COMPLAINT

Come now Morris Forest Products, LLC ("MFP") and Stan Pittman, Plaintiffs in the above-styled case, and for their complaint against Keystone Exterior Design LLC ("Keystone"), Jerry Turner, Don Ludwig, Universal Forest Products ("UFP"), Matthew Missad, Douglas Honholt, Dana Rector and Kraig Jansen, say as follows:

## PARTIES

1.    Plaintiff Morris Forest Products, LLC is an Alabama corporation located in Tallapoosa County, Alabama, on the west side of the Tallapoosa River.

2.    Plaintiff Stan Pittman is an employee of MFP and a resident citizen of the State of Georgia.

3.    Defendant Keystone Exterior Design LLC is a corporation located in Canton, Ohio.

4.    Defendant Jerry Turner is upon information and belief a resident citizen of the State of Tennessee.

5.    Defendant Don Ludwig is upon information and belief a resident citizen of the State of Ohio.

6.    Universal Forest Products is a corporation headquartered in Grand Rapids, Michigan with manufacturing plants in various states, including the State of Georgia.

7.    Defendant Matthew Missad is Executive Vice-President of Universal and upon information and belief is a resident citizen of the State of Michigan.

8.    Defendant Douglas Honholt is Vice-President of Industrial Sales of Universal and upon information and belief is a resident citizen of the State of Michigan.

9.    Defendant Dana Rector is a Director of Manufacturing for Universal and upon information and belief is a resident citizen of the State of Georgia.

10.    Defendant Kraig Jansen is an Installment Products Operation Manager for Universal and upon information and belief is a resident citizen of the State of Georgia.

## FACTS

11.    On or about November 21, 2003, Keystone and MFP entered into a Licensing Agreement.

12.    The Licensing Agreement grants MFP the right to manufacture and market in the United States several products, including but not limited to, a Residential Deck System. The Licensing Agreement also grants MFP the right of first refusal in the event that the licensor (Keystone) receives an offer to purchase its stock from a third party: "If licensor receives from a third party, an offer to purchase its stock, AL [MFP] will have the first right of refusal in licensed markets and territories."

01175540.1

2

13.    In accordance with the Licensing Agreement, MFP made a substantial investment of money and resources to purchase the necessary equipment and inventory in order to be able to manufacture and distribute the products identified in the Licensing Agreement.

14.    In addition to the substantial investment in equipment and inventory, MFP devoted resources and staff to marketing said products.

15.    As a result of its marketing efforts, MFP developed a strong customer base for the licensed products, including a substantial account with Menards.

16.    With the equipment and inventory in place and the customers lined up, including the large account with Menards, MFP was set to receive the promised and expected economic benefit from its investment under the License Agreement.

17.    However, unbeknownst to MFP, Universal entered into discussions and negotiations with Keystone to purchase Keystone. In fact, Universal and Keystone ultimately reached an agreement for the sale of Keystone to Universal.

18.    In violation of the License Agreement, MFP was never given the right of first refusal regarding the sale of Keystone.

19.    Universal and Keystone then terminated the License Agreement with MFP and Universal took over the manufacturing and distributing of the products once licensed to MFP, including the Menards account.

20.    MFP is now left with a substantial investment in equipment and inventory it cannot use and the loss of a substantial part of its business.

21.    Plaintiff Stan Pittman is an employee of MFP who was put in charge of manufacturing and distributing the products under the License Agreement with Keystone, including distribution of the Residential Deck System and the Menards program. Mr. Pittman

was going to be paid an extra commission in addition to his salary based upon the volume of sales to Menards. As a result of the wrongful acts of the Defendants and the resulting loss of the product and the Menards' account, Mr. Pittman suffered damages through loss of commission.

## COUNT ONE

### (BREACH OF CONTRACT)

22.     Plaintiffs repeat and reaver the allegations set forth in paragraphs 1 through 21 above as if fully set forth herein.

23.     The License Agreement provided that in the event of an offer to purchase Keystone's stock by a third party that MFP would be given right of first refusal.

24.     Universal offered to and in fact ultimately purchased Keystone's stock.

25.     Defendants breached the Licensing Agreement by failing to give MFP the right of first refusal on the Universal offer.

26.     Plaintiffs were injured as a result of Defendants' breach.

WHEREFORE, premises considered, Plaintiffs seek compensatory damages

## COUNT TWO

### (INTENTIONAL INTERFERENCE)

27.     Plaintiffs repeat and reaver the allegations set forth in paragraphs 1 through 21 above as if fully set forth herein.

28.     There was a Licensing Agreement in place between Keystone and MFP.

29.     Defendants Universal, Missad, Honholt, Rector and Jansen knew of the Licensing Agreement and of the contractual and business relationship between Keystone and MFP.

30.    Defendants Universal, Missad, Honholt, Rector and Jansen intentionally interfered with the contractual and business relationship between MFP and Keystone.

31.    Plaintiffs were damaged as a result of these Defendants' interference.

WHEREFORE, premises considered, Plaintiffs seek compensatory and punitive damages.

## COUNT THREE

### (SUPPRESSION)

32.    Plaintiffs repeat and reaver the allegations set forth in paragraphs 1 through 21 above as if fully set forth herein.

33.    Defendants had a duty to disclose to Plaintiffs the following material facts: (a) Keystone was negotiating a sale to Universal (b) that Universal wanted to enter the market for the licensed products and, in particular, wanted to gain access to Menards (c) that Keystone and Universal wanted to cut MFP out of the deal and take over the distribution of the licensed products (d) that Universal had been establishing a process and a facility to manufacture and distribute the licensed products even before a final deal was agreed upon (e) the actual terms and price that Universal paid to buy Keystone and (f) the true nature and extent of the relationship between Universal and Keystone.

34.    Defendants failed to disclose these material facts to Plaintiffs.

35.    Plaintiffs relied upon these omissions and non-disclosures to their detriment and suffered damages as a result thereof.

WHEREFORE, premises considered, Plaintiffs seek compensatory and punitive damages.

## COUNT FOUR

### (FRAUD)

36.    Plaintiffs repeat and reaver the allegations set forth in paragraphs 1 through 21 above as if fully set forth herein.

37.    Defendants misrepresented to Plaintiffs the true nature and extent of the relationship and the deal between Keystone and Universal.

38.    In addition, Defendants Universal, Missad, Honholt, Rector and Jansen in a face-to-face meeting held at MFP on February 7, 2005 made the following material representations to the Plaintiffs: (a) that Universal had nothing to do with the relationship between Keystone and MFP (b) that no deal or agreement had been reached between Keystone and Universal and (c) that Universal was not trying to replace MFP or cut MFP out of the business.

39.    These representations were false.

40.    Plaintiffs relied upon these misrepresentations to their detriment and suffered damages as a result thereof.

**WHEREFORE,** premises considered, Plaintiffs seek compensatory and punitive damages.

Randall S. Haynes

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
131 Main Street
Alexander City, AL 35010
(256) 329-2000

W. Percy Badham III

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

Attorneys for Plaintiffs

01175540.1

7

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:**

Keystone Exterior Design, LLC
5655 Linder Circle NE
Canton, OH 44721

Jerry Turner
P.O. Box 1613
Mt. Juliet, TN 37121

Don Ludwig
5655 Linder Circle NE
Canton, OH 44721

Universal Forest Products
2801 East Beltline NE
Grand Rapids, MI 49525

Matthew J. Missad, Executive Vice President
Universal Forest Products
2801 East Beltline NE
Grand Rapids, MI 49525

Douglas P. Honholt, Vice President of Industrial Sales
Universal Forest Products
2801 E. Beltline NE
Grand Rapids, MI 49525

Dana Rector, Director of Manufacturing
Universal Forest Products
5200 Highway 138
Union City, GA 30291-0329

Kraig Jansen
c/o Universal Forest Products
2801 East Beltline NE
Grand Rapids, MI 49525

8