IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS FOREST PRODUCTS, LLC, et. al. | ) ) | |
| Plaintiffs, | ) ) ) | CASE NO. 05-CV-00564 |
| v. | ) ) | |
| KEYSTONE EXTERIOR DESIGN LLC, et al. | ) ) | (JURY DEMAND ENDORSED HEREON) |
| Defendants. | ) | |

**SEPARATE ANSWER OF DEFENDANTS KEYSTONE EXTERIOR DESIGN, LLC, JERRY TURNER, AND DON LUDWIG AND COUNTERCLAIM**

For their answer to the complaint of Plaintiffs Morris Forest Products, LLC ("MFP") and Stan Pittman ("Pittman"), defendants Keystone Exterior Design, LLC ("Keystone", Jerry Turner, and Don Ludwig ("Defendants") state as follows:

1. Defendants admit that MFP is an Alabama limited liability company, located in Tallapoosa County, Alabama.

2. Defendants deny for lack of knowledge the allegations contained in paragraph 2 of the complaint.

3. Defendants admit that Keystone is a Tennessee limited liability company located in Mount Juliet, Tennessee, but denies the remaining allegations contained in paragraph 3 of the complaint.

4. Defendants admit the allegations contained in paragraphs 4 and 5 of the complaint.

5. Defendants admit that Universal Forest Products is a Michigan corporation, but deny for lack of knowledge the remaining allegations contained in paragraph 6 of the complaint.

6. Defendants deny for lack of knowledge that allegations contained in paragraphs 7, 8, 9, and 10 of the complaint.

7. Defendants admit that on or about November 21, 2003, Keystone entered into a licensing agreement (the "Licensing Agreement") with MFP. A copy of the Licensing Agreement is attached as **Exhibit A**.

8. Defendants admit that the terms of the Licensing Agreement are set forth in Exhibit A, but deny the remaining allegations contained in paragraph 12 of the complaint.

9. Defendants deny for lack of knowledge the allegations contained in paragraphs 13 and 14 of the complaint.

10. Defendants deny the allegations contained in paragraphs 15, 16, 17, 18, 19, and 20 of the complaint.

11. Defendants deny that they committed wrongful acts and/or caused damages to Pittman, and deny for lack of knowledge the remaining allegations contained in paragraph 21 of the complaint.

## COUNT ONE

12. Defendants incorporate their answers to paragraphs 1 through 21 of the complaint above, as if fully restated herein.

13. Defendants admit that the terms of the Licensing Agreement are as set forth in Exhibit A, but deny the remaining allegations contained in paragraph 23 of the complaint.

14. Defendants deny the allegations contained in paragraphs 24, 25 and 26 of the complaint.

## COUNT TWO

15. Defendants incorporate their answers to paragraphs 1 through 26 of the complaint, above, as if fully restated herein.

16. Defendants admit that the terms of the Licensing Agreement are as set forth in Exhibit A attached to the complaint, but deny the remaining allegations contained in paragraph 28 of the complaint.

17. Defendants deny for lack of knowledge the allegations contained in paragraph 29, 30 and 31 of the complaint.

## COUNT THREE

18. Defendants incorporate their answers to paragraphs 1 through 31 of the complaint above, as if fully restated herein.

19. Defendants deny the allegations contained in paragraphs 33, 34 and 35 of the complaint.

## COUNT FOUR

20. Defendants incorporate their answers to paragraphs 1 through 35 of the complaint above, as if fully restated herein.

21. Defendants deny the allegations contained in paragraphs 37, 38, 39, and 40 of the complaint

## AFFIRMATIVE DEFENSES

22. The complaint fails to state a claim against Defendants upon which relief may be granted.

23. Plaintiff Stan Pittman lacks standing to bring the claims set forth in the complaint against Defendants.

24. The claims set forth in the complaint are barred by the applicable statute of limitations.

25. The claims set forth in the complaint are barred by the doctrines of estoppel, waiver and/or latches.

26. Plaintiff has failed to meet conditions precedent, concurrent or subsequent to the agreement which is the subject of the complaint, thereby barring the claims set forth in the complaint.

27. Defendants are entitled to an offset to the extent authorized by law.

28. Plaintiffs fail to allege the circumstances supporting their fraud claim with particularity.

29. To the extent that plaintiffs' claims for damages include a claim for punitive damages, Defendants rely upon the principles in and applicable defenses arising from the United States Supreme Court's decision in *BMW v. Gore*.

30. To the extent that plaintiffs' claims for damages include a claim for punitive damages, plaintiffs' demand for punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution to the extent the basis for damages are irrational and not related to any legitimate governmental interest.

31. To the extent plaintiffs' claims for damages include a claim for punitive damages, plaintiffs' demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the plaintiffs' claim for punitive damages is penal in nature, and Defendants are

entitled to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

32. To the extent that plaintiffs' claims for damages include a claim for punitive damages, plaintiffs' demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages are penal in nature, and the Defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment of the United States Constitution.

33. To the extent that plaintiffs' claims for damages include a claim for punitive damages, plaintiffs' demand for punitive damages violates the Fifth Amendment of the United States Constitution, which prohibits deprivation of life, liberty, or property except by due process of law to the extent the claim for punitive damages is not rationally related to a governmental interest.

34. To the extent that plaintiffs' claims for damages include a claim for punitive damages, plaintiffs' demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim is penal in nature and the burden of proof upon the plaintiff is less than "beyond a reasonable doubt," which is the burden of proof required in criminal cases.

35. To the extent that plaintiffs' claims for damages include a claim for punitive damages, plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, which provides in Article 1, Section 6, that no person shall be deprived of life, liberty, or property except by due process of law, to the extent that the punitive damages are not rationally related to any legitimate governmental interest.

36. To the extent that plaintiffs' claims for damages include a claim for punitive damages, plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of

Alabama, which provides in Article 1, Section 6, that no person shall be deprived of life, liberty, or property except by due process of law, in that the punitive damages claimed are penal in nature, and the plaintiff is required to meet a lesser burden of proof than the "beyond a reasonable doubt" burden of proof, which is required in criminal cases.

37. To the extent that plaintiffs' claims for damages include a claim for punitive damages, plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Article 1, Section 6, by demanding punitive damages, which are penal in nature, while the Defendants are compelled to disclose documents and/or evidence without a constitutional safeguard against self-incrimination.

38. To the extent that plaintiffs' claims for damages include a claim for punitive damages, any award of punitive damages would, on the facts of this case, be impermissible under Alabama Code § 6-11-20 *et seq*.

39. Defendants hereby give notice that they intend to rely upon such other affirmative or supplemental defenses as may become available or apparent during the course of discovery and, thus, reserve the right to amend their Answer to assert any such defenses.

**WHEREFORE**, having fully answered Defendants Keystone Exterior Design, LLC, Jerry Turner and Don Ludwig request that the complaint be dismissed with prejudice at plaintiffs' cost.

## COUNTERCLAIM

For its counterclaim against plaintiff MFP, Keystone states as follows:

### COUNT ONE

1. On, or about November 21, 2003, MFP and Keystone entered into a written Licensing Agreement, a copy of which is attached as Exhibit A.

2. Keystone at all times has performed its obligations under the Licensing Agreement.

3. MFP has breached the contract by failing to pay royalties as agreed, and using Keystone's product information, manufacturing methods, and trade secrets for production and sale of products without Keystone's consent and without payment of royalties to Keystone.

4. As a result of said breach by MFP, Keystone has been damaged.

## COUNT TWO

5. Keystone restates the allegations contained in paragraphs 1 though 4 of the counterclaim above, as if fully restated herein.

6. Keystone is the owner of trade secrets relating to the design, production, and manufacture of the products which are the subject of the Licensing Agreement.

7. Keystone disclosed these trade secrets to MFP and Rodney Morris under an express and/or implied agreement limiting their use and disclosure.

8. MFP and Rodney Morris have disclosed or used the trade secrets in an unauthorized manner by producing and selling products using said trade secrets without Keystone's consent or approval and without paying royalties to Keystone.

9. As a result of said actions by MFP, Keystone has been damaged.

## COUNT THREE

10. Keystone restates the allegations contained in paragraphs 1 through 9 of the counterclaim above, as if fully restated herein.

11. Keystone is the owner of a trademark relating to the products which are the subject of the Licensing Agreement.

12. Upon information and belief, Keystone states that MFP and Rodney Morris have used the trademark in an unauthorized manner in conjunction with the production and selling of products, with said trademark on literature enclosed with said products, without Keystone's consent or approval.

13. As a result of said actions by MFP, Keystone has been damaged.

**WHEREFORE,** premises considered, defendant Keystone Exterior Design, LLC seeks compensatory and punitive damages from plaintiff, Morris Forest Products, LLC.

    Respectfully submitted,

    /s/ Patrick C. Davidson
    Patrick C. (Rick) Davidson (DAV111)
    Adams, Umbach, Davidson and White, LLP
    205 South 9th Street
    Opelika, AL 36801
    (334) 745-6466

    Attorney for Defendants
    Keystone Exterior Design, LLC,
    Jerry Turner and Don Ludwig

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing answer and counterclaim was served on the following either electronically or by placing the same in regular U.S. Mail, this 17th day of June 2005:

Randall S. Haynes, Esq.  
Morris, Haynes & Hornsby  
131 Main Street  
Alexander City, AL 35010  

W. Percy Badham, III  
Maynard, Cooper & Gale, P.C.  
1901 Sixth Avenue North  
Suite 2400 AmSouth/Harbert Plaza  
Birmingham, AL 35203  

Attorneys for Plaintiffs

William Scott, Jr., Esq.  
Joesph E. Scott, Esq.  
Scott, Sullivan, Strutman & Fox, P.C.  
2450 Valleydale Road  
PO Box 380548  
Birmingham, AL  35244  

Attorney for Defendants  
Universal Forest Products,  
Matthew S. Missad,  
Douglas P. Honholt,  
Dana Rector, and  
Kraig Jansen  

      /s/ Patrick C. Davidson  
      Attorney for Defendants, Keystone Exterior  
      Designs, LLC, Jerry Turner, and Don Ludwig

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable in this case.

    /s/ Patrick C. Davidson
Attorney for Defendants, Keystone Exterior
Designs, LLC, Jerry Turner, and Don Ludwig