**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **MORRIS FOREST PRODUCTS, LLC;** ) | |
| **STAN PITTMAN,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | **Civil Action Number:** |
| v. ) | **3:05-CV-00564-B** |
| ) | |
| **KEYSTONE EXTERIOR DESIGN,** ) | |
| **LLC; JERRY TURNER; DON** ) | |
| **LUDWIG; UNIVERSAL FOREST** ) | |
| **PRODUCTS; MATTHEW J. MISSAD;** ) | |
| **DOUGLAS P. HONHOLT; DANA** ) | |
| **RECTOR; KRAIG JANSEN,** ) | |
| ) | |
|     **Defendants.** ) | |

### ANSWER OF DEFENDANT UNIVERSAL FOREST PRODUCTS

COME NOW Defendant Universal Forest Products Eastern Division, Inc. (incorrectly designated in the Plaintiffs' Complaint as "Universal Forest Products") and by way of answer to the Plaintiffs' Complaint states as follows:

    1.    The Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 1 of the Plaintiffs' Complaint and therefore demands strict proof thereof.

    2.    The Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 2 of the Plaintiffs' Complaint and therefore demands strict proof thereof.

    3.    The allegations of paragraph 3 do not appear to be directed at this Defendant and therefore do not require a response.

4. The allegations of paragraph 4 do not appear to be directed at this Defendant and therefore do not require a response.

5. The allegations of paragraph 5 do not appear to be directed at this Defendant and therefore do not require a response.

6. Universal Forest Products Eastern Division, Inc. admits that it is a corporation incorporated in Michigan with a principal state of business in Michigan. Universal Forest Products Eastern Division, Inc. admits ownership of plants in states other than Michigan, including the State of Georgia.

7. The allegations of paragraph 7 are not directed at this Defendant and therefore do not require a response.

8. The allegations of paragraph 8 are not directed at this Defendant and therefore do not require a response.

9. The allegations of paragraph 9 are not directed at this Defendant and therefore do not require a response.

10. The allegations of paragraph 10 are not directed at this Defendant and therefore do not require a response.

11. This Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 11 of the Plaintiffs' Complaint and therefore demand strict proof thereof.

12. The allegations of paragraph 12 are not directed at this Defendant, as this Defendant is not a party to the stated agreement. However, to the extent that agreement is

involved in any of the allegations against this Defendant, the agreement speaks for itself. This Defendant denies that paragraph 12 of the Plaintiffs' Complaint fully and completely describes the terms of said agreement.

13. The Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 13 of the Plaintiffs' Complaint and therefore demands strict proof thereof.

14. The Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 14 of the Plaintiffs' Complaint and therefore demands strict proof thereof.

15. The Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 15 of the Plaintiffs' Complaint and therefore demands strict proof thereof.

16. Denied.

17. The Defendant admits that it had discussions with Keystone regarding the purchase of some of Keystone's assets after the contracts referenced in paragraphs 11 and 12 above had expired. The Defendant denies that Universal Forest Products Eastern Division, Inc. and Keystone Exterior Design, LLC reached any agreement for the sale of Keystone Exterior Design, LLC to Universal Forest Products Eastern Division, Inc.

18. The allegations of paragraph 18 do not appear to be directed at this Defendant and therefore do not require a response. To the extent that a response is required to paragraph 18, those allegations are denied.

19. To the extent that the allegations of paragraph 19 are directed at this Defendant, the same are denied.

20. Denied.

21. Denied.

22. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

23. The Defendant denies that paragraph 23 fully and completely describes the agreement in question, and further states that the agreement speaks for itself, including but not limited to the expiration of that agreement.

24. Denied.

25. To the extent that the allegations of paragraph 25 are directed at this Defendant, the same are denied.

26. To the extent that the allegations of paragraph 26 are directed at this Defendant, the same are denied.

27. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

28. The Defendant admits the existence of a license agreement between Keystone Exterior Designs, LLC and Morris Forest Products, LLC, but denies that said agreement was in place at the time referenced in the Plaintiffs' Complaint.

29. To the extent that paragraph 29 alleges or implies that an agreement was in place between Keystone Exterior Designs, LLC and Morris Forest Products, LLC at the time period in question, those allegations are denied.

30. Denied.

31. Denied.

32. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

33. The allegations of paragraph 33 of the Plaintiffs' Complaint do not appear to be directed at this Defendant and therefore do not require a response. To the extent that the allegations of paragraph 33 are directed at this Defendant, the same are denied.

34. Denied.

35. Denied.

36. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

37. To the extent that the allegations of paragraph 37 of the Plaintiffs' Complaint are directed at this Defendant, the same are denied.

38. Denied.

39. Denied.

40. Denied.

### DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND DEFENSE

_____ The allegations in the Complaint against this Defendant are untrue.

## THIRD DEFENSE

_____ The damages asserted on behalf of the Plaintiffs are the result of an intervening and/or superceding cause.

## FOURTH DEFENSE

The Complaint fails to plead fraud with specificity.

## FIFTH DEFENSE

The claims against this defendant are barred by the applicable statute of limitations.

## SIXTH DEFENSE

Imposing damages for mental anguish or emotional distress is unconstitutional under the United States Constitution and the Constitution of the State of Alabama.  Current Alabama procedures relative to damages for mental anguish and emotional distress provide no objective, logical or reasonable standards or criteria to govern the award or the amount of such damages; therefore this defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution separately and severally.

## SEVENTH DEFENSE

Plaintiffs' claims are subject to binding arbitration and therefore should be dismissed.

## EIGHTH DEFENSE

The Defendant pleads improper venue.

## NINTH DEFENSE

This Defendant denies it is guilty of conduct for which punitive damages could or should be awarded and denies Plaintiffs have produced clear and convincing evidence to support or sustain an award of punitive damages against this Defendant.

## TENTH DEFENSE

The Defendant pleads insufficiency of process.

## ELEVENTH DEFENSE

The Defendant pleads insufficiency of service of process.

## TWELFTH DEFENSE

To award punitive damages against this defendant in this case would violate the Contracts Clause of Article I, § 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations arising out of the transaction between the Plaintiffs and this Defendant.

## THIRTEENTH DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern an award, and the amount of the award, of punitive damages, this defendant is denied equal protection of the laws as

guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I §§ 1, 6 and 22 of the Alabama Constitution separately and severally.

### FOURTEENTH DEFENSE

In the event and to the extent that the award of punitive damages or the amount of the award of punitive damages under present Alabama practice and procedure is deemed to be governed by Alabama Code § 6-11-20, then and to that extent, said Section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds numerated and set forth in the foregoing paragraphs.

### FIFTEENTH DEFENSE

The demand for punitive damages in this case is subject to those limitations established by the Alabama Legislature set forth in Section 6-11-21 of the Alabama Code. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature as to punitive damages.

### SIXTEENTH DEFENSE

Multiple punitive damage awards potentially may be assessed against this defendant in violation of the Constitutions of the United States and of the State of Alabama, in violation of this Defendant's rights to due process and to a jury trial, and in violation of this Defendant's rights against double jeopardy.

**SEVENTEENTH DEFENSE**

Plaintiffs' own actions or inactions caused or contributed to their damages.

**EIGHTEENTH DEFENSE**

This Defendant breached no duty owed to Plaintiffs.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred by the merger doctrine and parole evidence rule.

**TWENTY FIRST DEFENSE**

Plaintiffs' claims are barred in whole or in part because of comparative and/or contributory negligence.

**TWENTY SECOND DEFENSE**

Plaintiffs have failed to mitigate their damages.

**TWENTY THIRD DEFENSE**

Plaintiffs' claims are barred by the doctrines of latches, waiver and estoppel.

**TWENTY FORTH DEFENSE**

The insurance transactions at issue in this case were arms-length transactions.

**TWENTY FIFTH DEFENSE**

The Defendant denies that the standing of the Plaintiffs in this action to bring suit against this Defendant.

**TWENTY SIXTH DEFENSE**

The Defendant hereby reserves the right to add any additional defenses that may be discovered at a later date.

**TWENTY SEVENTH DEFENSE**

The Plaintiffs are guilty of breach of contract and therefore cannot assert any contractual claims.

**TWENTY EIGHTH DEFENSE**

Any and all claims made by the Plaintiffs are subject to the contractual limitations and defenses.

**TWENTY NINTH DEFENSE**

The Defendant pleads statute of limitations.

**THIRTIETH DEFENSE**

The Defendant hereby adopts any and all defenses asserted by any other defendant in this action.

**THIRTY-FIRST DEFENSE**

The Defendant states that some or all of the Plaintiffs' damages have been paid by a collateral source.

**THIRTY-SECOND DEFENSE**

The Defendant denies that it is in any type of fiduciary relationship with the Plaintiffs.

**THIRTY-THIRD DEFENSE**

The Defendant denies that it owes any duty to the Plaintiffs.

**THIRTY-FOURTH DEFENSE**

The Defendant pleads the "competitors privilege."

**THIRTY-FIFTH DEFENSE**

The Defendant pleads lack of jurisdiction.

**THIRTY-SIXTH DEFENSE**

The Defendant pleads that Plaintiff, Stan Pittman, lacks standing to bring any claims in this lawsuit.

**THIRTY-SEVENTH DEFENSE**

The Defendant pleads that Plaintiff, Morris Forest Products, LLC, lacks standing to bring any claims against it.

**THIRTY-EIGHTH DEFENSE**

The Defendant hereby adopts and incorporates by reference any and all defenses pled by any other defendant in this action.

**DEFENDANT DEMANDS A TRIAL BY JURY**

Respectfully submitted,

s/**WILLIAM A. SCOTT, JR.**
s/**JOSEPH E. STOTT - ASB-4163-T71J**
Attorney for Defendant Universal Forest Products, Matthew Missad, Douglas Honholt, Dana Rector, and Kraig Jansen

**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, AL 35244
Phone: (205) 967-9675
Fax: (205) 967-7563
Email wscott@sssandf.com - Buddy Scott
jstott@sssandf.com - Joe Stott

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MORRIS FOREST PRODUCTS, LLC;** ) | |
| **STAN PITTMAN,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action Number:** |
| v. ) | **3:05-CV-00564-B** |
| ) | |
| **KEYSTONE EXTERIOR DESIGN,** ) | |
| **LLC; JERRY TURNER; DON** ) | |
| **LUDWIG; UNIVERSAL FOREST** ) | |
| **PRODUCTS; MATTHEW J. MISSAD;** ) | |
| **DOUGLAS P. HONHOLT; DANA** ) | |
| **RECTOR; KRAIG JANSEN,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Randall S. Haynes, Esq.,W. Percy Badham, III, Esq., and Patrick C. Davidson, Esq. and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: _____.

Respectfully submitted,

s/**WILLIAM A. SCOTT, JR.**
s/**JOSEPH E. STOTT - ASB-4163-T71J**
Attorney for Defendant Universal Forest Products, Matthew Missad, Douglas Honholt, Dana Rector, and Kraig Jansen
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, AL 35244
Phone: (205) 967-9675
Fax: (205) 967-7563
Email wscott@sssandf.com - Buddy Scott
jstott@sssandf.com - Joe Stott