**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MORRIS FOREST PRODUCTS, LLC, et al.,** | ) | |
| **Plaintiffs,** | ) | **CASE NO. 05-CV-00564** |
| **v.** | ) | |
| **KEYSTONE EXTERIOR DESIGN, LLC, et al.** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANTS KEYSTONE EXTERIOR DESIGN, LLC, JERRY TURNER, AND DON LUDWIG'S COUNTERCLAIM**

Comes now Plaintiff Morris Forest Products, LLC and Stan Pittman ("Plaintiffs"), by and through counsel, and hereby answers the Counterclaim as follows:

By responding to this counterclaim, Plaintiffs do not consent to jurisdiction before this Honorable Court. Plaintiff contest subject matter jurisdiction as there is not diversity of citizenship as required 28 USC § 1332. Plaintiffs are in the process of filing a timely motion to remand.

**COUNT ONE**

1. The November 21, 2003 Agreement speaks for itself.

2. Denied.

3. Denied

4. Denied.



01202499.1

**COUNT TWO**

5. Plaintiffs adopt and incorporate by reference their responses to paragraphs 1 through 4 as above.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**COUNT THREE**

10. Plaintiffs adopt and incorporate by reference their responses to paragraphs 1 through 9 as above.

11. Denied.

12. Denied.

13. Denied.

In response to the unnumbered paragraph beginning with "WHEREFORE, premises considered," Plaintiffs deny the allegations contained in this paragraph and further deny that Defendants are entitled to any relief from them whatsoever.

**AFFIRMATIVE DEFENSES**

All allegations not affirmatively admitted are hereby denied.

1. Defendants failed to mitigate their damages

2. Defendants' alleged damages are due, in whole or in part, to persons or entities other than Morris Forest Products.

3. Defendants are barred from any possible recovery, and any liability is hereby denied, in whole or in part, due to their own acts, assumption of risk, and/or comparative negligence.

4. Even assuming that the misrepresentations and omissions alleged in the complaint were made, which is denied, the Defendants were not entitled to and did not rely thereon.

5. Defendants are barred from any possible recovery, and any liability is hereby denied, for failure to exercise due diligence in the conduct of their own affairs.

6. Plaintiffs deny the material allegations of the Complaint and demand strict proof thereof.

7. Plaintiffs plead the general issue.

8. Plaintiffs are not liable to Defendants.

9. Defendants lack standing to assert its claims.

10. Defendants' claims are barred by estoppel, laches and/or waiver.

11. Defendants' claims are barred, in whole or in part, by the applicable statutes of limitations.

12. Defendants' claims are barred by the doctrine of merger.

13. Defendants' claims fail, in whole or in part, because Plaintiff has failed to mitigate damages.

14. Defendants' claims are barred, in whole or in part, by the parol evidence rule and the statute of frauds.

15. Defendants' claims are barred, in whole or in part, by the doctrine of ratification.

16. Defendants' claims are barred by unclean hands.

17. Defendants' claims are barred, in whole or in part, by the failure to do equity.

18. Defendants' claims are barred, in whole or in part, because they have not sustained injury or damage as a result of the matters averred in the Complaint.

19. Defendants' claims are barred by release.

20. Defendants' claims are barred by accord and settlement.

21. Defendants' claims are barred by assumption of the risk.

22. Defendants' claims are barred by contributory negligence.

23. Plaintiffs deny that they have been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury or allows Defendants to recover punitive damages.

24. To the extent that Defendants claim punitive damages, those claims are barred by sections 6-11-20, *et seq.*, of the *Code of Alabama*.

25. Defendants' claims for the recovery of punitive damages are barred by section 6-11-27 of the *Code of Alabama*.

26. Defendants' claims are barred by section 27-14-7 of the *Code of Alabama*.

27. Defendants' claims are barred by the doctrines of qualified and absolute privilege.

28. The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in *Code of Alabama* sections 13-A-4-11 and 13-A-5-12 jointly and separately.

29. Section 6-11-21 of the *Code of Alabama* bars Defendants' claim for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate and therefore its action was

unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

30. To the extent that Defendants' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against Plaintiffs', any award would contravene Plaintiffs' rights to due process under the Fourteenth Amendment of the United States Constitution and the due process under the Fourteenth Amendment of the United States Constitution and the due process clause of article 1, section 13 of the Alabama Constitution. In addition, any award would infringe upon Plaintiffs' rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or article 1, section 9 of the Alabama Constitution.

31. An award of punitive damages in the circumstances of this case would clearly violate Plaintiffs' due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of article 1, section 6 and/or 13 of the Alabama Constitution, jointly and separately, as any award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

a) Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined.

b) Alabama courts lack adequate standards or guidance to instruct a jury with regards to assessing the amount and appropriateness of a punitive damage award.

c) Post-verdict review of a punitive damage award is similarly subject to insufficient standards or criterion under present Alabama law to accord Plaintiffs' due process of law.

d) Punitive damage awards in Alabama lack a rational relationship to the wrongfulness of Plaintiffs' alleged conduct and/or the compensatory damages awarded.

e) The procedures utilized by Alabama courts and/or the jury instructions provided to Alabama jurors, jointly and separately, are vague and ambiguous.

f) The extent of punitive damages in Alabama lacks a rational relationship to the legitimate interests to be advanced by the State of Alabama.

g) An award of punitive damages in this case would be penal in nature and thus, would violate Plaintiffs' constitutional rights under the United States Constitution and/or the Alabama Constitution unless Plaintiffs are granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

h) Present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive damages award against Plaintiffs.

i) Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

j) The award of punitive damages on the basis of vicarious liability for the conduct of others violates Plaintiffs' constitutional rights.

32. The imposition of punitive damages in this case would deny Plaintiffs their right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6 and 22 of the Alabama Constitution. Specifically,

Plaintiffs are treated differently from criminal defendants which are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

33. The assessment of punitive damages in this action would impinge upon the Commerce Clause of Article 1, Section 8 of the United States Constitution as it constitutes an undue and unreasonable burden on interstate commerce. Alternatively, such an award is violative of the Commerce Clause to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of state boundaries.

34. The imposition of punitive damages in this case would violate Plaintiffs' rights under the Contract Clause of Article 1, Section 10 of the United States Constitution and article 1, section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

35. Defendants' demand for punitive damages violates Plaintiffs' guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety and amount of punitive damages violate the constitutional prohibition against vague and overbroad laws.

36. The award of punitive damages in this case would contravene the constitutional prohibition against ex post facto laws as found in article 1, section 22 of the Alabama Constitution.

37. Defendants cannot recover damages for alleged mental anguish or emotional distress because Defendants cannot allege or prove that they have sustained a physical injury as a result of Plaintiffs' alleged conduct or that Defendants were placed in immediate risk of physical

harm by that conduct.

38. The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution. A jury award of emotional distress damages in this case would violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution and by the corresponding provisions of the Alabama Constitution. In particular, an emotional distress award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating such awards.

39. Defendants cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Plaintiffs would violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty or property except by due process of law, and corresponding provisions of the Alabama Constitution.

40. A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Plaintiffs by the Fifth and Fourteenth Amendments to the United States Constitution. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

41. Plaintiffs cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or

servant.

42. The Complaint fails to allege a claim for which punitive damages can be recovered.

43. Defendants' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law would violate Plaintiffs' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the corresponding provisions of the Alabama Constitution.

44. Defendants' claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Plaintiffs' substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

45. Defendants' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt

would violate Plaintiffs' substantive and procedural due process rights under the due process provisions of the Alabama Constitution, including without limitation, Article 3, Sections 14, 24 and 25.

46. The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express range of penalties established by the legislature.

47. The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to Plaintiffs' alleged conduct in this matter or to any alleged harm to Defendants and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the corresponding sections of the Alabama Constitution.

48. A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon a Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon Morris Forest Products' status as a large, out-of-state,

corporate entity.

49. The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution

50. Any award of punitive damages based on anything other than Plaintiffs' conduct, if any, in connection with the sale of the specific product that is the subject of this case, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any other judgment for damages in this case cannot protect Morris Forest Products against impermissible multiple punishment for the same wrong. *See Gore v. BMW of North America, Inc.*, 116 S.Ct. 1509 (1996).

51. Defendants' demand for punitive damages is unconstitutional and violates Plaintiffs' rights to due process guaranteed by the Fifth Amendment and the Fourteenth Amendment of the United States Constitution and any corresponding sections of the Alabama Constitution, because the jury is not authorized to apportion damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by each alleged tortfeasor.

52. With respect to Defendants' demands for punitive damages, Plaintiffs specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards which arose in the decisions of *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *BMW of North America, Inc. v. Gore*,

517 U.S. 599 (1996), and the application thereof in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003).

53. Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and the application thereof in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003).

54. Any jury making an award of punitive damages in this case must consider the factors set forth in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and the application thereof in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003), in assessing constitutional punitive damages.

55. Any award of punitive damages in this case would be unconstitutional under *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and the application thereof in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003), because Plaintiffs received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

56. Ala. Code § 6-11-21 bars Defendants' claim for punitive damages to the extent that those claims exceed the amount of $500,000, which the Alabama Legislature has established as the outer limit for awards of punitive damages as a matter of public policy in this state.

57. Plaintiffs reserve the right to assert other defenses and claims when and if it becomes appropriate during this action. Plaintiffs hereby specifically deny any allegations contained in the Complaint which were not expressly admitted.

58. Defendants' claims are barred by res judicata and collateral estoppel.

59. Plaintiffs respectfully reserve the right to assert other defenses, objections and claims as discovery progresses or when it otherwise becomes appropriate during the course of this civil action.

60. Defendants' claims are barred by a lack of a binding contract.

61. Any and all extra-contractual claims are not cognizable in this action in that Alabama law preempts such causes and remedies.

62. Defendants' claims are barred by their own material uncured breaches.

63. Plaintiffs are not liable for breach of contract.

64. All or part of Defendants' alleged damages were not proximately caused by any alleged acts or omissions properly attributable to Plaintiffs.

65. Any damages allegedly sustained by Defendants was caused, in whole or in part, by Defendants' own negligence, failure to perform adequate due diligence, or other intervening or supervening causes over which Plaintiffs had no control and which cannot be the basis for any liability of Plaintiffs.

66. The injury to Defendants, if any, was caused by the conduct of others over whom Plaintiffs had no control and/or for whose acts or omissions Plaintiffs are not liable.

67. Defendants' claims are barred by the doctrine of merger.

68. Defendants' claims are barred by the doctrine of failure of consideration.

69. Plaintiffs assert the affirmative defense of set-off.

70. Plaintiffs are not liable to Defendants for misappropriation of trade secrets pursuant to Ala. Code § 8-27-1 through § 8-27-6.

71. The subject of the Licensing Agreement between Plaintiffs and Defendants is not a trade secret.

72. Defendants did not discover, distribute or disclose the alleged trade secret by improper means, or through, misrepresentation, inducement of a breach of confidence, trespass or any other deliberate act done for the purpose of gaining access to the alleged trade secret.

73. Plaintiffs did not disclose or misuse the alleged trade secret.

74. Plaintiffs assert all available defenses under the Alabama Trade Secrets Act, Section 8-27-1 through Section 8-27-6.

s/Randall S. Haynes__________
Randall S. Haynes

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
131 Main Street
Alexander City, AL 35010
(256) 329-2000

s/Tres Cleveland_____________
Tres Cleveland
W. Percy Badham III

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing has been served upon the following:

William Scott, Jr.
Joseph E. Scott
Scott, Sullivan, Strutman & Fox, P.C.
2450 Valleydale Road
P.O. Box 380548
Birmingham, AL 35244

Patrick C. Davidson
Adams, Umbach, Davidson and White, LLP
205 South 9th Street
Opelika, AL 36801

by facsimile and placing copy of same in the United States Mail, properly addressed and postage prepaid on this the 5th day of July, 2005.

s/Tres Cleveland__________________
Of Counsel