**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MORRIS FOREST PRODUCTS, LLC,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CASE NO.  05-CV-00564** |
| **v.** | ) | |
| | ) | |
| **KEYSTONE EXTERIOR DESIGN,** | ) | |
| **LLC, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS'  MOTION TO REMAND**
**AND MEMORANDUM OF LAW**

Come now Plaintiffs Morris Forest Products, LLC  and Stan Pittman ("Plaintiffs"), by and through counsel, and move this Court to remand this case to the Circuit Court of Tallapoosa County, Alabama, Alexander City Division.  In support of this motion, Plaintiffs rely upon the following statement of facts and memorandum of law.

**STATEMENT OF FACTS**

Plaintiffs filed this action in the Circuit Court of Tallapoosa County, Alabama, Alexander City Division, on or about May 12, 2005,  Civil Action Number 05-101.  Plaintiffs' First Amended Complaint alleges the following causes of action against all Defendants:

1.  Breach of contract;

2.  Intentional interference with the business relationship;

3.  Suppression;

4.  Fraud; and

5.  Conspiracy.

1

01203156.1

This litigation centers around a Licensing Agreement entered into between Keystone and Morris Forest Products on or about November 21, 2003. The Agreement granted Morris Forest Products the right to manufacture and market several products, including a Residential Deck System. The Agreement also granted Morris Forest Products the right of first refusal in the event that Keystone received an offer to purchase its stock from a third party. Without disclosure to Morris Forest Products, Keystone entered into discussions with Universal for the sale of Keystone to Universal. This sale ultimately occurred and Morris Forest Products was never given the right of first refusal due under the Licensing Agreement. Universal then terminated the Licensing Agreement and took over the manufacturing and distributing of the products outlined in the Agreement. Morris Forest Products was left with a substantial investment in equipment and inventory that it could not use. As a result of Defendants' tortious action and the breach of the Licensing Agreement, Morris Forest Products was substantially damaged. Further, Stan Pittman, an employee of Morris Forest Products, was in charge of the manufacturing and distribution of products under the Licensing Agreement with Keystone. Mr. Pittman expected to earn extra commission in addition to his salary based upon the volume of sales under the Licensing Agreement. As a result of defendants' wrongful acts, Mr. Pittman suffered damages and lost commission. Defendants removed this action on the basis that Mr. Pittman, a Georgia resident, was fraudulently joined and/or the individual Georgia defendants were also fraudulently joined.

## MEMORANDUM OF LAW

### A.  BURDEN OF PROOF AND STANDARD FOR REMOVAL.

A party seeking removal has a burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence. *Hobbs v. Blue Cross/Blue*

*Shield of Alabama*, 276 F. 3d. 1236 (11ᵗʰ Cir. 2001). When reviewing the issue of fraudulent joinder, the District Court should preserve all questions of fact and controlling law in favor of the Plaintiff. *Cabalceta v. Standard Fruit Company,* A 83 F. 2d. 1553 (11ᵗʰ Cir. 1989).

> **For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to Federal Court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved."**

> *Crow v. Cullman,* 113 F. 3d. 1536, 1541 (11ᵗʰ Cir. 1997) (quoting Bobby *Jones Apt. Inc. v. Suleski* 391 F. 2d. 172-173 (5ᵗʰ cir. 1968) [1]

All doubts about removal jurisdiction should be resolved in favor of a remand to state court. *University of South Alabama v. American Tobacco Company,* 168 F. 3d. 405 (11ᵗʰ Cir. 1999).

In alleging fraudulent joinder, the removing party has the burden of proving that either (1) there is no possibility Plaintiff can establish a cause of action against a resident Defendant, or (2) Plaintiff has fraudulently pled jurisdictional facts to bring resident Defendant into state court. *Pacheco de Perez v. AT & T Company,* 139 F. 3d. 1368 (11ᵗʰ Cir. 1998). The claim of fraudulent joinder must be pled with particularity and supported by clear and convincing evidence. *Parks v. New York Times Company,* 308 F. 2d. 474 (5ᵗʰ Cir. 1962).

Based on the above standard, Defendants have the burden of proof to establish jurisdiction before this Court. In its analysis, the Court must also resolve all questions of fact and controlling law in favor of the Plaintiffs. All that is required by the Plaintiffs is to show that there is some *possible* cause of action that Mr. Pittman may maintain against the Georgia

---

[1] The 11ᵗʰ Circuit adopted all decisions from the former 5ᵗʰ Circuit issued prior to October 1, 1991. *Bonner v. City of Pritchard,* 661 F. 2d. 1206 (11ᵗʰ Cir. 1981).

Defendants.  Any doubt and uncertainties regarding the jurisdiction of this Court should be resolved in favor of remand to state court.  Further, this Court has stated that the Eleventh Circuit favors remand whenever federal jurisdiction is not absolutely clear.  *Fitts v. Griffin,* 304 F.Supp 2d. 1337 (2004). [2]

## B.    DEFENDANTS HAVE NOT MET THEIR BURDEN OF PROVING DIVERSITY JURISDICTION.

Defendants allege Stan Pittman, a resident of Georgia, is fraudulently joined in this action and that he cannot establish a cause of action against any Georgia resident Defendant. Defendants' argument is clearly erroneous, as Mr. Pittman's causes of action are firmly stated in the Second Restatement of Agency.  The Restatement provides that "a servant or other agent has no action of tort because another has tortiously harmed a principle or destroyed his business, *unless the other acted for the purpose of harming the agent's interests*."  The Restatement (2d.) of Agency §374(2).  The claim promulgated in §374(2) has been recognized as a viable cause of action by the Alabama Supreme Court.  *Joe Cooper and Associates, Inc. v. Central Life Assurance Company,* 614 So. 2d. 982, 991 (1992).

In *Cooper*, various corporations and agents of those corporations filed an action against Central Life Assurance Company alleging counts such as breach of contract, intentional interference and fraud.  *Cooper,* 614 So.2d. at 983.  During its analysis, the Court concluded that James Fox's fraud claim, based on a loss of commission, should not have been dismissed on Defendant's Motion for Summary Judgment. *Id.* at 983.  Mr. Fox brought a fraud claim against Central based on the purported contract and agency relationship he negotiated between Central

---

[2] This Court has also stated that the burden of proving fraudulent joinder rests with the Defendants. *Fitts* 304 F. Supp 2d. at 1341.  A fraudulent joinder claim must be supported by clear and convincing evidence, and while evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the Plaintiff.  *Id.* This court in *Fitts* also firmly stated that as long  as there is a possibility that the Complaint states a valid cause of action against any resident Defendant, then the case is proper to remand to state court.  *Id.*

and American Medical Administration Group, Inc., which was the corporation Mr. Fox was an agent for. *Id.* at 991. The Court stated that, "[a]n agent can maintain a fraud action against a third party to recover for injuries suffered while transacting business for his principle if the third party intended that the agent act on the fraudulent representations in a manner affecting the agent." *Id.* at 991. The Court further stated that, "[t]he question of whether the third party intended for his conduct to harm the agent personally is a question for the jury to resolve". *Id.* Based on the above, the Court in *Cooper* reversed the trial court's grant of summary judgment and remanded the issue back to the trial court for a jury to determine the issue. *Id.* at 992.

In *Moorer v. Hartz Seed Company*, this Court adopted *Cooper* and the cause of action stated in the Restatement (2d.) of Agency, §374(2). 120 F. Supp. 2d. 1283, 1288-1289. In *Moorer*, a seed company and the company's manager, Mr. Moorer, brought causes of action against Hartz based on breach of contract, suppression, and fraudulent misrepresentation. Even though the court granted Defendant's Motion for Summary Judgment relating to Mr. Moorer's individual causes of action, the Court did recognize that an agent may bring a cause of action based on fraud, so long as the conduct was intended to cause loss to the agent. *Moorer,* 120 F. Supp. 2d. at 1289. The Court concluded that the Supreme Court of Alabama, which had previously adopted §374(2) in *Cooper*, would also adopt Comment B to §374(2). *Id.* The Court reasoned that, without adopting Comment B, virtually any employee affected by an adverse action taken against his employer would have a cause of action to sue the adverse actor. *Id.* The Court thereby affirmed *Cooper*, while also including the text of Comment B of §374(2) to the analysis. *Id.*

As previously stated, the Eleventh Circuit has held that to present a viable claim, and avoid removal, **plaintiffs do not need to show they could survive a Motion for Summary**

**Judgment**. *Crow*, 113 F. 3d. at 1541. The plaintiffs before this Court are not held to the same burden as in *Moorer*. Plaintiffs need not show Mr. Pittman's claims could defeat a motion for summary judgment, as Mr. Moorer was required, but instead must only present a mere possibility of recovery. *Moorer* supports plaintiffs' arguments for remand in that it recognizes that whether Mr. Pittman's claims ultimately survive summary judgment or not is not the issue for remand; only the existence and possibilities of the claim are relevant at this juncture.

It is clear at this point in the litigation that Mr. Pittman may maintain the cause of action stated in §374(2) and affirmed in the *Cooper* and *Moorer* cases. To ultimately recover against Defendants, Mr. Pittman will undoubtedly have to show evidence that the fraud, tortious interference, suppression and/or conspiracy were undertaken by the Defendants in order to personally harm his interests. Only through discovery and pretrial procedures will Plaintiffs be able to establish evidence regarding the intentions of the Defendants. As previously stated, all facts and controlling law must be viewed in the light most favorable to the Plaintiffs. Based on that extraordinary burden, Defendants have failed to properly remove this action. Mr. Pittman has pled four tort actions which could be brought pursuant to §374(2), *Cooper* and *Moorer,* which is all that is required of him. Any argument or analysis of whether Mr. Pittman will ultimately be successful in these claims is irrelevant for removal purposes and should not be considered until the Summary Judgment stage of litigation. There is clearly a set of facts which could show that the Defendants ultimately intended harm upon Mr. Pittman when they committed their torts. Any argument to the contrary by Defendants would be nothing more than arguing facts, all of which must be viewed in the plaintiffs' favor. Again, all Plaintiffs must do is show a mere *possible* cause of action and if *any* doubts exist as to whether there is jurisdiction of this Court, then the case must be remanded.

01203156.1

## C.  PLAINTIFFS CAN MAINTAIN CAUSES OF ACTION AGAINST THE INDIVIDUAL GEORGIA DEFENDANTS.

Defendants argue that even if Mr. Pittman has a viable claim there is no viable claim against a non-diverse Georgia defendant.  Defendants argue that the Georgia defendants, Mr. Jansen and Mr. Rector, simply worked for defendant Universal and therefore cannot be sued in their individual capacities.  Defendants' argument on this issue is likewise erroneous.  The Restatement (2d.) of Agency §348 states "An agent who fraudulently makes representations, uses duress, or knowingly assists in the communication of tortious fraud or duress by his principle, or by others, is subject to liability and tort to the injured person, although the fraud or duress occurs in a transaction on behalf of the principle."

The Supreme Court of Alabama has ratified the Second Restatement §348 in *Mazer v. Brown*, 66 So. 2d. 561, (Ala. 1953).  In *Mazer*, the Plaintiff sued an agent of a corporation based on fraudulent representations and suppression made when the agent negotiated a contract while in the course and scope of his agency with the corporation.  *Mazer*, 66 So. 2d. at 562.  The Supreme Court affirmed the judgment against the agent for fraudulently suppressing the fact that the corporation was either insolvent or close to insolvency during the contract negotiations.  *Id.*

The facts in *Mazer* are identical to the facts at hand.  Mr. Jansen and Mr. Rector fraudulently suppressed and intentionally defrauded Plaintiffs as stated in the Plaintiffs' First Amended Complaint.[3]  As stated in *Mazer,* the Supreme Court of Alabama has firmly held that agents are liable for fraudulent and tortious actions taken during the scope and course of their agency while serving their principle.[4]

---

[3] Defendants are also guilty of breach of contract, intentional interference and conspiracy.

[4] Further, Alabama has long recognized the rule that "All participants in wrongful acts, directly or indirectly, whether its principles or agents, or both, are jointly and severally liable in damages for wrongs done, where injury results." *Malone v. Smith*, 272 Ala. 538, 133 So. 2d. 224, (Ala. 1961) (citing *Stapler v. Parker*, 212 Ala. 64, 103 So. 573, 1925).

There can be no doubt that the Georgia defendants, Mr. Jansen and Mr. Rector, are jointly and severally liable for their own tortious actions, along with their principle, Universal. Since Mr. Pittman has stated a viable cause of action against all defendants, including Mr. Jensen and Mr. Rector, and since Mr. Jensen and Mr. Rector are proper defendants under joint and several liability, there is no complete diversity of citizenship in this action.  Based on the above, it is clear that this case must be remanded to the Circuit Court of Tallapoosa County, Alabama, Alexander City Division.

**D.    THERE IS NO COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN ALL PLAINTIFFS AND DEFENDANTS.**

Defendants argue in their removal that, even if Mr. Pittman, Mr. Jansen and Mr. Rector are all proper parties, there is still complete diversity of citizenship because there are no defendants who are non-diverse from the forum and the forum plaintiff.  Plaintiff are attempting to argue that since Mr. Pittman is not a citizen of the forum, then complete diversity exists even though Mr. Pittman and defendants Mr. Jansen and Mr. Rector are all citizens of the state of Georgia.  This argument is nothing more than an attempt to grasp at straws.  The United States Supreme Court has continuously held that the diversity statute, 28 USC §1332, requires complete diversity of citizenship.  *Owen Equipment and Erection Company v. Kroger,* 437 US 365, 373, 1978.  The Court emphatically stated that diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff.  *Owen,* 437 US at 373.  The Court further stated, "Over the years Congress has repeatedly reenacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of <u>complete diversity</u>.  Whatever may have been the original purpose of diversity of citizenship jurisdiction, this subsequent history clearly demonstrates the Congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same state as any defendant."  *Id.*  As directed by the

01203156.1

Supreme Court, the Eleventh Circuit has also stated that diversity jurisdiction, pursuant to 28 USC §1332, requires that every plaintiff be diverse from every defendant. *Tapscott v. MS Dealer Service Corp.,* 77 F. 3d. 1353, 1359, (11th Circuit 1996) (See also *University of South Alabama v. The American Tobacco Company,* 168 F. 3d. 405, 412, (11th Circuit 1999)). Further, this Honorable Court has held that, "There is no diversity jurisdiction when any party on one side of the suit is a citizen of the same state as any party on the other side." *Audi Performance and Racing, LLC v. Nicholas Kasbeger,* 273 F. Supp. 2d. 1220, 1225 (Middle District of Ala. 2003).

The Northern District of Georgia, Atlanta Division, has dealt with a similar issue. In *Hodach v. Caremark, Inc.,* it was not disputed that two plaintiffs and one defendant were each incorporated and therefore citizens of Delaware. 2005 U.S. District Court, Lexus 12529 at *4. Defendants sought removal based on the proposition that the Delaware plaintiffs were fraudulently joined. *Hodach*, 2005 U.S. District Court, Lexus 12529 at *4. Once the Court determined that the Delaware plaintiffs were not fraudulently joined, the Court remanded the case back to Georgia state court. *Id.* at *12.

It is clear that the rule of complete diversity of all plaintiffs and all defendants is alive and well. It makes no difference whether the non-diverse parties are also citizens of the forum state or not. Defendants have failed to show complete diversity before this Court and therefore this action must be remanded to the Circuit Court of Tallapoosa County, Alabama, Alexander City Division.

## CONCLUSION

Mr. Pittman has viable causes of action pursuant to The Restatement Second §374(2) and case law of the Alabama Supreme Court and this Court. The causes of action are based on tort and include fraud, intentional interference, suppression and conspiracy.

9

01203156.1

Further, the individual Georgia resident defendants are jointly and severally liable for their individual torts, even if undertaken during the course and scope of their agency with defendant Universal.  There is no complete diversity since there are viable causes of action between the Georgia residents in this action , and thus, Defendants have failed to meet their strong burden of removal.  Plaintiffs request that this action be remanded to the Circuit Court of Tallapoosa County, Alabama, Alexander City Division.

s/Randall S. Haynes_____
 Randall S. Haynes

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
131 Main Street
Alexander City, AL 35010
(256) 329-2000

s/ W. Percy Badham III_____
W. Percy Badham III
Tres Cleveland

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

Attorneys for Plaintiffs

01203156.1

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been served upon the following:

William Scott, Jr.
Joseph E. Scott
Scott, Sullivan, Strutman & Fox, P.C.
2450 Valleydale Road
P.O. Box 380548
Birmingham, AL 35244

Patrick C. Davidson
Adams, Umbach, Davidson and White, LLP
205 South 9th Street
Opelika, AL 36801

by placing copy of same in the United States Mail, properly addressed and postage prepaid on this the 13th day of July, 2005.

s/ W. Percy Badham III
Of Counsel

11

01203156.1