## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MORRIS FOREST PRODUCTS, LLC;** | ) | |
| **STAN PITTMAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action Number:** |
| **v.** | ) | **3:05-CV-00564-B** |
| | ) | |
| **KEYSTONE EXTERIOR DESIGN,** | ) | |
| **LLC; JERRY TURNER; DON** | ) | |
| **LUDWIG; UNIVERSAL FOREST** | ) | |
| **PRODUCTS; MATTHEW J. MISSAD;** | ) | |
| **DOUGLAS P. HONHOLT; DANA** | ) | |
| **RECTOR; KRAIG JANSEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR LEAVE TO CONDUCT JURISDICTION RELATED DISCOVERY AND MOTION TO EXTEND TIME TO RESPOND TO MOTION TO REMAND

_____COMES NOW Defendant Universal Forest Products Eastern Division, Inc. (designated in Plaintiff's Complaint as "Universal Forest Products") and hereby moves this Court for an Order giving the Defendants leave to conduct discovery on the jurisdictional issues raised in the Plaintiff's Motion to Remand, and for a corresponding extension of time to respond to the Motion to Remand so that necessary discovery can be conducted.  As grounds herefore, the Defendant states as follows:

## FACTUAL BACKGROUND

As this Court is aware, the Defendants removed this action from the Circuit Court

of Tallapoosa County, Alabama on the basis of Diversity Jurisdiction and Fraudulent

Joinder of non-diverse parties, including the joinder of Plaintiff Stan Pittman and

individual defendants who are employees of Universal Forest Products.

Thereafter, the Plaintiffs filed a Motion to Remand this case to state court, arguing

that there may be some set of facts that could possibly result in a viable claim for the non-

diverse individual Plaintiff, Stan Pittman.  This Defendant takes the position that no such

set of facts exists, and Mr. Pittman's joinder was clearly done solely for the purpose of

attempting to defeat Federal jurisdiction.  As such, Defendants wish to conduct limited

discovery aimed only towards the viability of the claims of Mr. Pittman in order to

properly respond to the Plaintiff's Motion to Remand.

## ARGUMENT

As the Plaintiffs correctly point out in their Motion to Remand and Memorandum

of Law, the Defendants in this action can prove Fraudulent Joinder if they can

demonstrate to the Court that Mr. Pittman has no "reasonable basis for predicting that the

State law might impose liability on the facts involved" (See Plaintiff's Memorandum at

Page 3, citing Crow v. Culman, 113 F.3d 1536, 1541 (11th Cir. 1997)).  The Plaintiffs

further point out in their Memorandum that the Defendant's claim for Fraudulent Joinder

should be supported by appropriate evidence, and they conceed that such evidence can be

obtained "only through discovery and pre-trial procedures..." (See Plaintiff's

Memorandum at Page 6).

Discovery as to jurisdictional issues is neither a unique or unusual request.  The Eleventh Circuit has made clear that the party seeking the Court's jurisdiction "should be given the opportunity to discover facts that would support his allegations of jurisdiction." Majd-Pour v. Georgiana Community Hospital, Inc., 724 F.2d 901 (11th Cir. 1984) (citing Canavan v. Beneficial Finance Corp. 553 F.2d 860, 865 (3rd Cir. 1977); Budde v. Ling-Temco-Pought, Inc., 511 F.2d 1033, 1034 (10th Cir. 1975); Miller v. United States, 530 F. Supp. 611, 616 n. 3 (E.D. Pa. 1982); 4 Moore's Federal Practice ¶ 26.56[6] & n. 7 (2nd Edition 1983)).  Further, the United States District Court for the Eastern District of Louisiana has recently pointed out that "the Fifth Circuit has allowed limited discovery to enable essential facts to be determined concerning whether a District Court has jurisdiction."  Scott v. R.J. Reynolds Tobacco Company, 2001 WL 797992 (E.D. La. 2001) (citing Enterprise International, Inc. v. Corporacion Estatal Petrolara Ecuatoriana, 762 F. 2d 464, 475 (5th Cir. 1985)).

In this case, the discovery requested by the Defendant is clearly warranted.  The Plaintiff admits in its remand brief that the claims of Stan Pittman require a very specific showing and very specific evidence, which are not supported by the facts of this case, and which have not even been pled in the Complaint.  Despite the fact that they have not even pled the existence of the facts that they claim that they might be able to show, the Plaintiffs attempt to hide behind the pleadings, and limit this Court to considering jurisdiction based solely on unsupported allegations contained in the remand brief which

again are not even contained in the Plaintiff's Complaint.

Though the Eleventh Circuit has not created a large body of case law on this issue, the Eleventh Circuit Court of Appeals has recognized that in a situation such as this, where the attack on jurisdiction is intertwined with an element of the Plaintiff's cause of action, the attack on jurisdiction basically becomes an attack on the merits.  In those situations, the Eleventh Circuit has stated as follows: "When the jurisdictional basis of a claim is intertwined with the merits, the District Court should apply a Rule 56 Summary Judgment standard when ruling on a Motion to Dismiss which asserts a factual attack on subject matter jurisdiction.  Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990) (citing Williamson v. Tucker, 645 F.2d. at 404, 415-416 (5th Cir. 1981)).[1]  Though this is not a Motion to Dismiss, the Plaintiffs have filed a Motion for Remand which asserts a jurisdictional basis which is clearly intertwined with the merits of the claims of Stan Pittman.  There is no doubt that the claims of Stan Pittman must be determined to be either "reasonable" or invalid in order to decide the Plaintiff's Motion to Remand.  Thus, the Defendants should be afforded an opportunity to prove that the claims of Pittman are not valid.

The neighboring 5th Circuit Court of Appeals has had numerous opportunities to discuss this issue, and in so doing has stated as follows: "When considering whether a

---

[1]The 11th Circuit has adopted all decisions from the former 5th Circuit of Appeals issued prior to October 1, 1981 as valid precedent.  Bonner v. City of Prichard, 661F.2d 1206 (11th Cir. 1981).

non-diverse Defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should 'pierce the pleadings' and consider 'summary judgment-type evidence such as affidavits and deposition testimony.'" Cavallini v. State Farm Mutual Auto Insurance Company, 44 F.3d 256, 264 (5th Cir. 1995). Further, the 5th Circuit has pointed out that in consideration of the claim of fraudulent joinder, the Plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." Beck v. Texas State Board of Dental Examiners, 204 F.3d 629, 633 (5th Cir. 2000).

In this case, the Plaintiff's Motion to Remand clearly shows that the claims of Stan Pittman are at best tenuous and at worst fraudulent. The Plaintiffs claim that somewhere in the universe there is a set of facts which allow the courts to consider Mr. Pittman's claims to be tenuous rather than fraudulent. The Defendants should be given an opportunity to prove that those set of facts simply do not exist. As such, the Defendant respectfully requests that this Court enter an Order allowing sufficient time to complete the deposition of Stan Pittman prior to responding to the Plaintiff's Motion to Remand. The Defendant further requests that this Court order that the Plaintiffs make Stan Pittman available for deposition in a timely fashion so as to be completed in sufficient time prior to the deadline set by the Court.[2]

---

[2]Plaintiff's counsel Tres Cleveland has orally indicated that he does not intend to voluntarily consent to jurisdictional discovery without a Court Order. As such, a Court Order requiring Pittman to submit to deposition will likewise be required.

WHEREFORE, the Defendant respectfully requests that this Court enter and Order allowing the Defendants sufficient time to complete the deposition of Stan Pittman, said discovery being limited only to information necessary to determine the alleged validity of his claims for jurisdictional purposes, as well as an Order compelling Pittman to submit to said deposition in a reasonable time so as to allow an appropriate inquiry into the jurisdictional issues raised by the Plaintiff.  The Defendant further requests the Court to enter an Order extending the deadline to respond to the Plaintiff's Motion to Remand to a date which will allow for said discovery to take place.

Respectfully submitted,

*s/Joseph E. Stott*

ASB-4163-T71J
Attorneys for Defendant Universal Forest
Products Eastern Division, Inc.
**SCOTT, SULLIVAN, STREETMAN &
FOX, P.C.**
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail: jstott@sssandf.com Email Joseph Stott