IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MORRIS FOREST PRODUCTS, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 05-CV-00564 ) ) |
| KEYSTONE EXTERIOR DESIGN, LLC, et al. | ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE WHY DEFENDANTS' MOTION FOR LEAVE TO CONDUCT JURISDICTION-RELATED DISCOVERY SHOULD NOT BE GRANTED**

Come now Plaintiffs Morris Forest Products, LLC and Stan Pittman, and hereby move this Court for an Order denying Defendants' Motion for Leave to Conduct Jurisdiction-Related Discovery, and would show unto the Court as follows:

**FACTS**

Plaintiffs filed this action in the Circuit Court of Tallapoosa County, Alabama, Alexander City Division, on or about May 12, 2005. Plaintiffs' First Amended Complaint alleges the following causes of action against all Defendants: Breach of Contract, Intentional Interference with a Business Relationship, Suppression, Fraud, and Conspiracy. Defendants removed this action from State Court on the basis of diversity jurisdiction and the fraudulent joinder of non-diverse parties, including Stan Pittman and the individual defendants who are employees of Universal Forest Products and residents of the state of Georgia. Plaintiffs followed with a Motion to Remand,[1] which led to Defendants' request to conduct jurisdiction-related discovery.

---

[1] *See also* facts in Plaintiffs' Motion to Remand, filed before this Court on July 13, 2005.

1

01211501.1

# LEGAL ARGUMENT

## I. DEFENDANTS' ARGUMENT IS IMPROPER

Defendants' arguments for jurisdiction-related discovery are both misguided and off point. None of the case law cited in the Defendants' motion relates to remand issues, but instead relies upon the standard of review for a motion for summary judgment or a motion to dismiss. For instance, the Defendants cite *Magd/Pour v. Georgiana Community Hospital, Inc.*, for the proposition that parties seeking Federal jurisdiction should be given the opportunity to discover facts that would support jurisdiction. *Magd/Pour v. Georgiana Community Hospital, Inc.*, 724 F. 2d. 901 (11th Cir. 1984) (*See* Plaintiffs' Motion p. 3). *Magd/Pour* has no bearing on the analysis of whether a defendant may conduct jurisdiction-related discovery. It involved a plaintiff who was quickly dismissed from Federal District Court for lack of subject matter jurisdiction in an antitrust suit. *Magd/Pour*, 724 F. 2d. at 903. On appeal the Plaintiff argued that had he been given the opportunity to conduct discovery, he could have determined facts that would have supported his allegations of federal subject matter jurisdiction. *Id.* The Eleventh Circuit held that the Plaintiff should not have been dismissed so quickly without being given the opportunity to conduct some discovery. *Id.* The case never discussed remand or fraudulent joinder.

Defendants' arguments also attempt to twist the ruling in *Lawrence v. Dunbar. Lawrence v. Dunbar*, 919 F. 2d. 1525 (11th Cir. 1992). *Dunbar* had nothing to do with a Motion to Remand but instead a Plaintiff attempting to defend itself from a 12(b)(6) Motion to Dismiss. *Dunbar*, 919 F. 2d. at 1527. The Eleventh Circuit in *Dunbar* held that when a **plaintiff** is facing a Motion to Dismiss based upon subject matter jurisdiction and the attack on jurisdiction is intertwined with an element of the plaintiff's cause of action, then "the District Court should apply a Rule 56 summary judgment standard when ruling on a Motion to Dismiss which asserts a factual attack

2

on subject matter jurisdiction." *Id.* at 1530.  It is apparent that the intentions of the court in *Dunbar* were to give plaintiffs the benefit of a summary judgment standard, and allow plaintiffs to introduce discovery. *Dunbar* should only be applied when a plaintiff is facing a Motion to Dismiss for lack of subject matter jurisdiction, which intertwines with an element of the cause of action.  This allows plaintiffs to introduce evidence and defend their claims when they are being attacked through the jurisdictional back door.  *Dunbar* in no way relates to a motion to remand or fraudulent joinder, or in any way holds that defendants facing a motion to remand may conduct discovery relating to the viability of plaintiffs' claims.

The remaining cases from Defendants' Motion are from the Fifth Circuit and the U.S. District Court for the Eastern District of Louisiana and are not binding. Further, Defendants clearly misinterpret the holding of a Fifth Circuit case.  Defendants state in their brief, "Further, the Fifth Circuit has pointed out that in consideration of the claim of fraudulent joinder, the Plaintiffs 'may not rest upon the mere allegations or denials of [their] pleadings.'"  *See* Plaintiff's Motion , p. 5, (citing *Beck v. Texas State Board of Dental Examiners*, 204 F. 3d. 629, 633, (5th Cir. 2000)).  In truth, *Beck* has nothing to do with fraudulent joinder or remand, but instead discusses a motion for summary judgment.  The correct quote from *Beck* is "Once the moving party has carried its summary judgment burden, the opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings." *Beck*, 204 F. 3d. at 633.

Based on the above, Defendants' arguments should have little bearing in this Court's analysis.  Defendants have failed to cite one case in which the Eleventh Circuit or its U.S. District Courts have allowed a defendant to conduct jurisdiction-related discovery under the circumstances present in this case.

## II. APPROPRIATE STANDARD FOR FRAUDULENT JOINDER

In alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is <u>no possibility</u> plaintiff can establish a cause of action against a resident defendant, or (2) plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into State court. *Pacheco de Perez v. AT&T Company,* 139 F. 3d. 1368, (11th Cir. 1998). Further, the Eleventh Circuit has stated:

> For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to Federal Court to be remanded to state court, **the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that:** after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved."

*Crow v. Cullman,* 113 F. 3d. 1536, 1541 (11th Cir. 1997) (quoting *Bobby Jones Apt. Inc. v. Suleski* 391 F. 2d. 172-173 (5th Cir. 1968)

As stated by *Crow*, Plaintiffs do not have to meet the summary judgment standard of showing the existence of a disputed fact since all questions of fact and law should be viewed in their favor. *Wright v. American General Life & Accident Insurance Company*, 136 F. Supp. 2d. 1207, 1211 (M.D. Ala. 2001) (*citing Crow* 113 F. 3d. at 1541). Keeping in mind this lighter burden on Plaintiffs, courts are allowed to conduct some proceedings when deciding a Motion to Remand. *Fowler v. Provident Life & Accident Insurance Company*, 256 F. Supp. 2d. 1243 (N.D. Ala. 2003). In ruling on a Motion to Remand, courts can allow affidavits and deposition transcripts to be submitted. *Phelan v. Life Insurance Company of Georgia*, 1995 U.S. Dist. Lexus 4515,*10-11; *Owens v. Life Insurance Company of Georgia*, 289 F. Supp. 2d. 1319, 1324 (M.D. Ala. 2003). However, the Court in *Fowler* strongly cautioned that when "(c)onsidering a

Motion for Remand, [the Court is] not to weigh the merits of a Plaintiff's claim beyond determining whether it is an arguable one under State law." *Fowler*, 256 F. Supp. 2d. at 1247 (*citing Crow*, 113 F. 3d. at 1538). Further, "(a)ny doubts about the proprietary of the removal must be resolved against the exercise of Federal jurisdiction and in favor of remand." *Id*. (*citing Burns v. Windsor Insurance Company*, 31 F. 3d. 1092, 1095 (11th Cir. 1994)).

The Southern District of Alabama has also spoken on this issue:

> When considering a Motion for Remand, Federal Courts are not to weigh the merits of the Plaintiff's claim beyond determining whether it is an arguable one under State law, and, <u>if there is even a possibility</u> that the State Court would find that the Complaint states a cause of action against any one of the resident defendants, the Federal Court must find that the joinder was proper and remand the case to State Court.

*Frank v. American General Finance*, 23 F. Supp. 2d. 1346 (S.D. Ala. 1998).

Based on the above, courts may conduct a proceeding, including consideration of affidavits and deposition transcripts, but may not "weigh the merits of the Plaintiff's claims." *Fowler*, 256 F. Supp. 2d. at 1247; *Frank*, 23 F. Supp. 2d. 1348.

### III. PLAINTIFFS' PLEADINGS ARE PROPER

Defendants' motion claims that that Plaintiffs' Complaint has not properly pled facts which show Mr. Pittman is entitled to relief. *See* Plaintiffs' Motion pp. 3-4. Defendants' Motion states that "[t]he Plaintiff admits in its remand brief that the claims of Stan Pittman require a very specific showing and very specific evidence, which are not supported by the facts of this case, and which have not been pled in the Complaint." *See* Defendants' Motion p. 3. Defendants are again attempting to place the wrong standard before this Court. As previously stated, the cases of *Crow*, *Fowler* and *Frank* make it clear that at this point in litigation, Plaintiffs are not required

5

to prove that they would be ultimately successful in their claims, but only show a "possibility." *Frank*, 23 F. Supp. at 1348 (*citing Crow* 113 F. 3d. at 1538).

Further, Defendants' claims that Plaintiffs' pleadings are insufficient are unfounded.

> Under Rule 8, Alabama Rules of Civil Procedure, a Complaint is sufficient if it puts a defendant on notice of the claims against him. (Citing *Phillips College of Alabama, Inc. v. Lester*, 622 So. 2d. 308, 311 (Alabama 1993).… However the rule of generalized notice pleading is qualified by Rule 9(b), where the Plaintiff pleads fraud. This special requirement as to fraud does not require every element in such actions to be stated with particularity. It simply commands the pleader to use more than generalized or conclusionary statements to set out the fraud complaint of. The pleading must show time, place, the contents or substance of the false representations, the fact misrepresented, and identification of what has been obtained. But knowledge by the defendant of the falsity of the representation and reliance on the representation by the plaintiff can still be generally alleged…. Rule 9(b) also provides that conditions of the mind, such as malice, intent or knowledge, may be averred generally since further specification in such cases is possible only by pleading the evidence.

*Bethel v. Thorn*, 757 So. 2d. 1154, 1158 (Ala. 1999).

Plaintiffs' First Amended Complaint clearly puts Defendants on notice of Mr. Pittman's potential claims.[2] *See* paragraph 21 of Plaintiffs' First Amended Complaint attached hereto as Exhibit A. Further, it cannot be denied that Plainitffs pled with particularity[3] their Fraudulent Misrepresentation and Fraudulent Suppression claims. See Plaintiffs' Amended Complaint, Count 3, paragraph 33-35 and Count 4, paragraph 36-40, attached hereto as Exhibit A. Plaintiffs are not required to specifically plead conditions of the mind, which in this case would be the Defendants' intent and reasons for wrongful actions. As the Court in *Bethel* stated, since "conditions of the mind may be pled generally," therefore, Plaintiffs have properly pled the causes of action asserted by Mr. Pittman. *Bethel*, 757 So. 2d. at 1158.

---

[2] Plaintiffs state Defendants' wrongful acts led to Mr. Pittman's loss of commission.

[3] By satisfying the time, place, substance requirements of Rule 9(b) and *Bethel*, Plaintiffs' causes of actions have by plead with particularity and specifically.

01211501.1

### IV. WRIGHT V. AMERICAN GENERAL

Although not found in Defendants' motion, case law from this Court exists that is directly on point. In *Wright v. American General*, this Court reviewed whether a plaintiff's fraudulent suppression claims showed a possibility of recovery against defendant American General's resident insurance agents. *Wright v. American General*, 136 F. Supp. 2d. 1206, 1213 (M.D. Ala. 2001). The Plaintiffs' fraudulent suppression claims centered around the purported disparity between insurance rates for white and black customers. *Wright*, 136 F. Supp. 2d. at 1210. The Court stated

> [i]n the context of fraudulent joinder analysis, this Court is not called upon to predict how the Alabama Supreme Court would rule on this issue, but it is instead only to determine 'whether there is arguably a reasonable basis for predicting that the State law might impose a liability on the facts involved.'" (*Crow*, 113 F. 3d. at 1540.) On the facts presented in this case, the Court must conclude that since the Alabama Supreme Court did not completely foreclose the possibility that circumstances may exist whereby a duty to disclose an aspect of ratemaking may exist, and the Plaintiffs have alleged that the purported disparity between rates for white and black policyholders was not disclosed in any policy documents, there is at least a possibility that State law might impose liability on the facts involved.

*Wright*, 136 F. Supp. 2d. at 1214.

Plaintiffs have met the above burden. In the Motion to Remand, the Plaintiffs have shown the court in great detail "a possibility that State law might impose liability." *Id.* [4]

This Court in *Wright*, while citing *Crow*, further held, "that a District Court has to stop short of adjudicating in merits of cases." *Id.* (*citing Crow,* 113 F. 3d. at 1538). Wright further stated that in *Crow*, the Eleventh Circuit found that a conflict in facts between the Defendants'

---

[4] *See* Plaintiffs' Motion to Remand and Memorandum of Law, Section B, pages 4, 5, and 6. *See also* the Restatement (Second) of Agency, §374 (2); *Joe Cooper and Associates, Inc. v. Central Life Assurance Company*, 614 So. 2d. 982 (Ala. 1992); and *Moorer v. Hartz Seed Company*, 120 F. Supp. 2d. 1283 (M.D. Ala. 2000).

affidavit and the Plaintiffs' sworn Complaint and Statement of Facts was sufficient to establish that there was no fraudulent joinder. *Id*. at 1214.[5]

Defendant American General also asked this Court for leave to conduct jurisdictional discovery. *Id*. at 1215. In response to this request, this Court stated,

> The Court cannot discern how discovery conducted by American General, presumably of the Plaintiff, will aid American General, or this Court, in evaluating a claim of fraudulent suppression, where the information was not in the possession of the Plaintiff, but allegedly in the possession of the individual agents. Accordingly this request is due to be denied.

*Id.* This short analysis speaks volumes to the issue at hand. As in *Wright*, nothing is to be gained from allowing Defendants to take the deposition of Stan Pittman. Mr. Pittman does not possess the information of Defendants' intent or conditions of the mind regarding the wrongful actions against Plaintiffs. Only the Defendants can speak of why they committed the wrongful acts against the Plaintiffs. At this point in the litigation, all Plaintiffs must do is present a mere possibility of recovery and Mr. Pittman has done such. Defendants of course could present affidavits to the Court, but this would do them no good since all conflicts of facts must be viewed in favor of Plaintiffs. *Id.* Instead, Defendants have been attempting to do what this Court and the Eleventh Circuit have prohibited: "adjudicating the merits of cases." *Id.* (*citing Crow*, 113 at 1542).[6]

In two separate statements in Defendants' motion, their true intention is revealed. First, Defendants state, "Defendants wish to conduct limited discovery aimed only towards the

---

[5] In *Wright*, the resident defendants, who were agents of American General, submitted affidavits stating that they were not aware of any premiums being charged based on race. *Id.* While Defendants in this action have submitted no affidavits, if any such affidavits are submitted, then any conflicts in facts must be viewed in light most favorable to the Plaintiff. *Id.*

[6] The holding in *Wright* has been followed, even outside of this Court and the Eleventh Circuit. In *Wells' Dairy v. American Industrial Refrigeration,* the U.S. District Court, Northern District of Iowa, followed *Wright's* rule that jurisdictional discovery should not be allowed to be taken from a party who is not in possession of the evidence which relates to jurisdiction. 157 F. Supp. 2d. 1018, 1033-361 (N. Dist. Iowa 2001).

8

01211501.1

viability of claims of Mr. Pittman in order to properly respond to Plaintiffs' Motion to remand." *See* Defendants' Motion p. 2. Defendants further state "[t]hus, the Defendant should be afforded an opportunity to prove that the claims of Pittman are not valid." *See* Defendants' Motion p. 4. As argued thoroughly in this motion and in Plaintiff's Motion to Remand, it is irrelevant at this point in the litigation whether the Plaintiffs' claims are ultimately viable or valid. All that is required of Plaintiffs is to show a "possibility" of recovery or that the State Court "might impose liability". *Frank*, 23 F. Supp. 2d. at 1348 (*citing Crow* 113 F. 2d. at 1540). No matter how Defendants attempt to hide their motives, it is clear they are attempting to pre-try the issues of Plaintiffs' causes of action.

## CONCLUSION

Defendants have failed to cite any case law from this Court or from the Eleventh Circuit which supports their position of allowing jurisdiction-related discovery. Defendants have also misinterpreted case law and the appropriate fraudulent joinder standard. Further, contrary to Defendants' arguments, the pleading of Mr. Pittman's causes of actions have satisfied the Alabama Rules of Civil Procedure.

This Court in *Wright* has held that courts should not pre-try plaintiff's claims when determining fraudulent joinder and that jurisdiction-related discovery should not be allowed when the party from whom discovery is sought does not possess the information related to jurisdictional issues. For these reasons, and those stated in Plaintiffs' Motion to Remand, Plaintiffs request an order from this Court denying Defendants' Motion to Conduct jurisdictional related discovery.

01211501.1

                s/Randall S. Haynes_____
                 Randall S. Haynes

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
131 Main Street
Alexander City, AL 35010
(256) 329-2000

                s/ W. Percy Badham III_____
                W. Percy Badham III
                Tres Cleveland

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

                Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing has been served upon the following:

William Scott, Jr.
Joseph E. Stott
Scott, Sullivan, Strutman & Fox, P.C.
2450 Valleydale Road
P.O. Box 380548
Birmingham, AL 35244

Patrick C. Davidson
Adams, Umbach, Davidson and White, LLP
205 South 9th Street
Opelika, AL 36801

by placing copy of same in the United States Mail, properly addressed and postage prepaid on this the 4th day of August, 2005.

                                                      s/ W. Percy Badham III
                                                      Of Counsel