**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **MORRIS FOREST PRODUCTS, LLC;** | ) | |
| **STAN PITTMAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action Number:** |
| **v.** | ) | **3:05-CV-00564-B** |
| | ) | |
| **KEYSTONE EXTERIOR DESIGN,** | ) | |
| **LLC; JERRY TURNER; DON** | ) | |
| **LUDWIG; UNIVERSAL FOREST** | ) | |
| **PRODUCTS; MATTHEW J. MISSAD;** | ) | |
| **DOUGLAS P. HONHOLT; DANA** | ) | |
| **RECTOR; KRAIG JANSEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**UNIVERSAL FOREST PRODUCTS' REPLY TO PLAINTIFFS'
RESPONSE TO ORDER TO SHOW CAUSE WHY DEFENDANTS'
MOTION TO LEAVE TO CONDUCT JURISDICTION-RELATED
DISCOVERY SHOULD NOT BE GRANTED**

---

COMES NOW Defendant Universal Forest Products Eastern Division, Inc. (designated in

Plaintiff's Complaint as "Universal Forest Products" and hereinafter "Universal") and by and

through its attorney of record, in reply to the Plaintiffs' Response To Order To Show Cause Why

Defendants' Motion To Leave To Conduct Jurisdiction-Related Discovery Should Not Be

Granted, prays that this Honorable Court grant Universal's motion to conduct jurisdiction-related

discovery. In support of this motion and in response to Plaintiffs' referenced motion, the

Defendant states the following:

Page 1 of 13

## STATEMENT OF FACTS

This case is before this Honorable Court on removal from the Circuit Court of Tallapoosa County, Alabama, on the grounds of diversity jurisdiction and the fraudulent joinder of non-diverse parties.[1]  The discovery currently being sought is for the purpose of determining if the fraudulently joined parties do, in fact, have any potential claims in this case.

## ARGUMENT

### I.    Plaintiffs' Argument, If Believed, Would Completely Undermine The Purpose of the Fraudulent Joinder Rule

The Plaintiffs have argued that there is a possibility that State law might impose liability on the Defendants for all the claims set forth and that the Defendants, and this Honorable Court, should take their word for it.  The Plaintiffs attempt to state that since they have plead certain claims, their claims are not fraudulent regardless of what discovery would prove.  For reasons stated below, this cannot be correct.

In Wright v. American General Life and Accident Insurance, Co., 136 F. Supp. 2d 1207 (M.D. Ala. 2001), this Honorable Court articulated the standard for fraudulent joinder:

> "The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either: (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently plead jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant."

---

[1] Please see Defendant's prior statement of facts from Petition for Removal and Motion for Leave to Conduct Jurisdiction-Related Discovery and Motion to Extend Time to Respond to Motion to Remand.

This Court went on to state that "there need only be a reasonable basis for predicting that state law might impose liability on the *facts* involved." Id., at 1214 (emphasis added). In the instant case, the Plaintiffs have fraudulently plead claims as well as fraudulently joined parties, and the Defendant seeks to show that there is no reasonable possibility that the Plaintiffs could establish a cause of action against the resident defendant in state court. Universal is not arguing for this Court to adjudicate the merits of the Plaintiffs' claims, but is simply asking for a determination as to whether or not those claims would have any reasonable possibility of survival in state court. Additionally, this Court has held that the viability of said claims is to be determined by the facts of the case, not the pleadings involved. *See* Wright, *supra.* Under our system, facts are discerned through the discovery process and for this reason, discovery is due in this case. Without discovery, all this Court would have to consider would be the Plaintiffs' fraudulent claims and clearly this cannot be just.

The entire purpose the fraudulent joinder doctrine was created was to prevent plaintiffs from simply making unfounded allegations in order to keep a non-resident defendant in state court. *See* Thomas v. Jim Walter Homes, Inc., 918 F. Supp. 1498 (M.D. Ala. 1996). This is precisely what the Plaintiffs are asking this Court to do. It is their contention that this Court should rely solely on the claims and facts as they are plead, regardless of whether or not they are fraudulent. If this was correct, fraudulent joinder would never be proven. A plaintiff could fraudulently plead claims and the defendant would be left with no method of discovery to establish that those claims were fraudulent. The plaintiff could then dismiss the fraudulent claims when the one year deadline for removal lapses and the defendant would have been denied

his proper, federal forum.

The more plausible argument is that a defendant should be allowed to conduct jurisdictional-related discovery in order to establish that there is no possibility that the fraudulently-joined plaintiff could recover under state law. This allows the defendant an opportunity to prove that the claims are indeed fraudulent and were plead solely for the purpose of defeating diversity. This supports the primary purposes of fraudulent joinder and is followed in the both the Eleventh and the Fifth Circuits.[2]

The Eleventh Circuit has held that the party seeking the Court's jurisdiction should be given the opportunity to discover facts that would support his allegations of jurisdiction. Majd-Pour v. Georgiana Community Hospital, Inc., 724 F.2d 901 (11th Cir. 1984), citing Canavan v. Beneficial Finance Corp., 553 F.2d 860, 865 (3rd Cir. 1977); Budde v. Ling-Temco-Pought, Inc., 511 F.2d 1033, 1034 (10th Cir. 1975); Miller v. United States, 530 F. Supp. 611, 616 n.3 (E.D. Pa. 1982). While the Plaintiffs are correct in noting that Majd-Pour did not discuss remand or fraudulent joinder, they are missing the fact that it does deal with discovery to assist in proving federal jurisdiction. In the case, the Court held that discovery should have been allowed as far as it would have assisted the party asserting federal jurisdiction, the plaintiff. Majd-Pour, supra. The plaintiff filed an action in federal court basing subject matter jurisdiction on diversity of

---

[2] Due to the fact that there is not a large body of case law in the Eleventh Circuit on these issues, the Defendant cites cases from other circuits who have had more opportunities to consider the issue of granting discovery with fraudulent joinder. The Defendant cites to cases in the Fifth Circuit because Eleventh Circuit was once part of the Fifth Circuit and has adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(en banc). For this reason, the Defendant feels that it is logical that decisions occurring after October 1, 1981, of the current Fifth Circuit should be persuasive and strongly considered by this Court.

citizenship, and the Court stated that, "the district court should permit the plaintiff, if he elects to do so, to pursue reasonable discovery to determine if he can show subject matter jurisdiction under any of the theories in the complaint." Id. at 904.

It is Universal's position that this case is precisely on point with the instant case. Universal is seeking discovery to determine if federal subject matter jurisdiction is appropriate. Instead of asserting the grounds for said jurisdiction in the form of a complaint, as in Majd-Pour, Universal asserted its grounds for jurisdiction in the form a Petition for Removal. Clearly, it would be unjust to allow discovery for a plaintiff to prove subject matter jurisdiction and disallow the same discovery for a defendant.

The Eleventh Circuit has also held that "in addressing fraudulent joinder, the court may consider both affidavits and deposition excerpts." Judson v. Nissan Motor Co., 52 F. Supp. 2d 1352 (M.D. Ala. 1999); see Bromberg v. Metropolitan Life Insurance Co., 50 F. Supp. 2d 1208 (M.D. Ala. 1999); see also Coker v. Amoco Oil, Co., 709 F.2d 1433 (11th Cir. 1983) (holding that both parties may submit affidavits and deposition transcripts.). Without discovery, there would be no deposition transcripts to consider. This clearly indicates that the 11th Circuit is both willing and able to order discovery with regards to fraudulent joinder issues and should do so in this case.

Additionally, the Fifth Circuit has had numerous opportunities to address this exact issue and has concluded that "when considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should pierce the pleadings and consider summary-judgment-type evidence such as affidavits and deposition testimony." Cavallini v. State Farm Mutual Auto Insurance Company, 44 F.3d 256, 264 (5th Cir. 1995). The

Page 5 of 13

Fifth Circuit goes on to state that in consideration of the claim of fraudulent joinder, "'the district court is not to apply a summary judgment standard, but rather a standard closer to a Rule 12(b)(6) standard. <u>McKee v. Kansas City S. Ry. Co.</u>, 2004 WL 103439 at 4 (5th Cir. 2004). Even under this standard, the plaintiffs may no rest upon the mere allegations or denials of [their] pleadings.' <u>Beck v. Texas State Board of Dental Examiners</u>, 204 F.3d 629, 633 (5th Cir. 2000)".[3] This is exactly what the Plaintiffs in this case are trying to do. The Plaintiffs are attempting to hide behind fraudulently plead allegations in order to avoid federal jurisdiction and this should not be tolerated. Allowing such conduct, for reasons previously stated, essentially eliminates the fraudulent joinder doctrine and rob defendants of their just day in federal court.

The Plaintiffs have argued that <u>Wright</u>, *supra*., dictates that jurisdictional-related discovery should not be allowed when the party from whom discovery is sought does not possess the information related to jurisdictional issues. The Plaintiffs further allege that they do not possess any information relating to the jurisdictional issues and that as such, discovery should not be commenced. This argument is flawed for a couple of reasons. First, this Honorable Court, in <u>Wright</u>, specifically found that the plaintiff in that case did not possess any information relating to the claim at issue and regardless of what would have been learned from discovery, the plaintiff still would have had a possible claim. This is dramatically different from the case at bar because here the Plaintiffs do possess information that is very relevant to the claims at issue and

---

[3] Plaintiffs attack Universal's use of <u>Beck</u>, noting that it is a summary judgment case. The Defendant had simply combined the two premises of law used in the Fifth Circuit and inadvertently omitted the citation to <u>McKee</u>. The footnoted quote is a direct quote from <u>Luckett v. Choctaw Main Farms, Inc.</u>, 307 F. Supp. 2d 826 (S.D. Miss. 2004) and <u>Pittman v. Purdue Pharma Company</u>, Civil Action No. 3:03cv152BN (S.D. Miss. 2004), both attached hereto as Exhibit "A".

corresponding jurisdictional issues. The deposition of the fraudulently-joined Plaintiff would yield facts that will show that essential elements of their claims are missing. While the Plaintiffs argue that this is an adjudication on the merits, it is more properly termed a lack of an reasonably possible recovery in state court. Universal is not arguing that the discovery will show the Plaintiffs' claim are not recoverable. Its position is much stronger than that. Universal's position is that the Plaintiffs claims are not possible, much less recoverable. Discovery will prove this and that is why the Plaintiffs have objected to Universal's Motion.

For these reasons, this Honorable Court should continue the precedent of the Eleventh Circuit and that of the Fifth Circuit and grant Universal's Motion for Discovery.


## II.    The Plaintiffs' Improper Pleading And Inconsistent Contentions Warrant Discovery

This Honorable Court should grant Universal's Motion for Discovery because the Plaintiffs have not only failed to properly plead their claims, but have also taken inconsistent positions, thereby "muddying" the waters of truth. The Plaintiffs content that discovery is not warranted because they have sufficiently plead their claims, however this is not the case. To the contrary the Plaintiffs have yet to identify the individuals who made the alleged fraudulent statements, which is essential to the determination of these issues. Additionally, the Plaintiffs are fully aware that intent is a required element of Mr. Pittman's claims, hence their addressing it in their motions, yet no where in the Complaint or Amended Complaint has intent been plead. The Plaintiffs argue that they need not plead intent with specificity, however their own citation indicates that intent should be at least plead generally. *See* Bethel v. Thorn, 757 So. 2d 1154, 1158 (Ala. 1999), *cited in* Plaintiffs' Response To Order To Show Cause Why Defendants'

Motion For Leave To Conduct Jurisdiction-Related Discovery Should Not Be Granted, p.6.

Furthermore, discovery is warranted because the Plaintiffs have taken inconsistent positions with the Court and discovery will bring out the truth. In the Complaint, it is alleged that Mr. Pittman would have received commissions from the contract at issue, however in the Motion to Remand, it is stated that Mr. Pittman merely *expected* to receive commissions. These two positions are inconsistent and whichever one, if either, is true has a significant impact on this litigation. The Plaintiffs have also attempted to reap the benefits of pleading with particularity, which they have not done, while hiding behind the protections of notice pleading. The case law cited by the Plaintiffs involve cases where the claims of fraud were plead with the necessary particularity as required by Rule 9 and the courts found that those statements were sufficient to show a possibility of relief in state court. In the instant case, the Plaintiffs have argued that the "Plaintiffs' First Amended Complaint clearly puts Defendants on notice of Mr. Pittman's potential claims." *See* Plaintiffs' Response, p.6. The Plaintiff here admit limiting their complaint to notice pleading. These positions are inconsistent and discovery is necessary to bring out the true facts and correct claims in this litigation.

## III. Discovery Will Not Prejudice The Plaintiffs and Will Encourage Judicial Economy

Granting Universal's Motion for Discovery will not only encourage judicial economy, it will also not prejudice Plaintiffs. The Plaintiffs' depositions will have to be taken at some point in this litigation, therefore allowing Universal to depose the Plaintiffs now will not harm them in any way. Additionally, this Court's ruling on the fraudulent joinder issues should be based on actual facts and not solely the fraudulent pleadings. Universal, the Court and the Plaintiffs

should want these issues justly resolved and that cannot be done without discovery. Without discovery, no defendant, in any removed case, would ever be able to overcome a skillfully plead, yet still fraudulent, complaint. No Court would be able to reach the truth of the matter because a plaintiff could simply hide behind fraudulent statements alleged in his pleadings. This is clearly not just and that is where the true prejudice would occur. Finally, granting discovery now will also promote judicial economy because should the case be remanded, the same depositions would get taken and the case could be subject to removal again and this entire process would be duplicated. For these reasons, this Honorable Court should grant Universal's Motion for Discovery.

## CONCLUSION

This Honorable Court should grant Universal's Motion to Conduct Discovery because it would support the purposes underlying the fraudulent joinder doctrine, shed light on the true facts of this case and resolve the inconsistency created by the Plaintiffs, and it would promote fairness, judicial economy and not prejudice the Plaintiffs. Denying Universal an opportunity to conduct discovery would essentially eliminate the fraudulent joinder doctrine and allow the Plaintiffs to rob Universal of the federal forum it is due through fraudulent pleading. This Honorable Court has already indicated that it should consider affidavits and depositions when deciding a fraudulent joinder issue and denying discovery would go against this precedent. This Court has held that such a decision should be based on factual evidence, which is what this discovery would yield. From these facts, the Court could rightfully decide if the Plaintiffs have stated any claims that have a potential of surviving in state court. To do otherwise, would simply

be unjust.

Additionally, discovery is necessary to ascertain exactly what the Plaintiffs' claims are for and to resolve the inconsistencies created by the Plaintiffs. The Plaintiffs have failed to identify exactly who made the alleged fraudulent statements and exactly what Mr. Pittman's role in this transaction was. They have attempted to hide behind the liberal rules of notice pleading, all the while seeking the benefits of pleading with particularity. Clearly the Plaintiffs are trying to "muddy" the waters before the Court, however discovery would serve its purpose and bring out the truth.

Finally, discovery would promote the judicial system in that the Court's rulings would be based on actual facts. Without discovery, the Court would be forced to rely on pleadings that are fraudulent and such a ruling flies in the face of judiciary. The Court and the Defendants would be at the mercy of the Plaintiffs' artful pleading skills with no real defenses. In order to protect this Court, as well as the Defendants, discovery should be granted. Discovery would also not prejudice any of the parties because the depositions sought would have to taken at some point in the litigation anyway. Resolving these issues now would also promote judicial economy because should the case be remanded and depositions taken, the removal process could possibly be repeated. This would be a waste of time for the Court as well as the parties. Discovery now would resolve these issues promptly and justly and therefore should be granted.

Respectfully submitted,

*s/Joseph E. Stott*

ASB-4163-T71J
Attorney for Defendant, Universal Forest
Products Eastern Division, Inc.
**SCOTT, SULLIVAN, STREETMAN &
FOX, P.C.**

2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675 Facsimile: 205-967-7563
E-mail: jstott@sssandf.com Email Joseph Stott

## CERTIFICATE OF SERVICE

I hereby certify that on <u>August 12, 2005</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants.

Respectfully submitted,

*s/Joseph E. Stott*

ASB-4163-T71J
Attorney for Defendant, Universal Forest
Products Eastern Division, Inc.
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail: <u>jstott@sssandf.com</u> Email Joseph Stott