IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS FOREST PRODUCTS, LLC; | ) | |
| STAN PITTMAN, | ) | |
| | ) | (WO) |
|           Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:05cv564-A |
| | ) | |
| KEYSTONE EXTERIOR DESIGN, LLC; | ) | |
| JERRY TURNER; DON LUDWIG; | ) | |
| UNIVERSAL FOREST PRODUCTS; | ) | |
| MATTHEW J. MISSAD; DOUGLAS P. | ) | |
| HONHOLT; DANA RECTOR; AND KRAIG | ) | |
| JANSEN, | ) | |
|           Defendants. | ) | |

ORDER

This cause is before the court on a Motion for Leave to Conduct Jurisdiction Related Discovery (Doc. #16) filed by Defendant Universal Forest Products Eastern Division, Inc. and a Motion for Leave to Conduct Jurisdiction Related Discovery and Motion to Extend Time to Respond to Motion to Remand (Doc. # 18) filed by Defendants Keystone Exterior Design, LLC; Jerry Turner; and Don Ludwig.

The case has been removed to federal court, even though complete diversity of citizenship does not exist on the face of the Complaint, because the Defendants contend that Plaintiff Stan Pittman has been fraudulently joined, and that the claims by Stan Pittman against defendants who are citizens of the same state as Stan Pittman have been fraudulently joined. The Defendants have requested that this court allow them to take the deposition of Stan Pittman so that they might demonstrate fraudulent joinder.

While this court may consider, and has considered in previous cases,[1] evidence outside of the pleadings in ruling on fraudulent joinder issues, this court may not require the plaintiff to prove the elements of his claim as part of the jurisdictional inquiry. In Crowe v. Coleman, 113 F.3d 1536 (11th Cir.1997), the Eleventh Circuit explained that, under fraudulent joinder analysis, a plaintiff need not show that he could survive in the district court on a motion for summary judgment. The court further cautioned that "district courts must exercise extraordinary care to avoid jumbling up motions for remand and motions for summary judgment that come before them." Id. at 1542. Although district courts may look beyond the face of the complaint, "the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent." Id.

The discovery that the Defendants seek is evidence as to the elements of Stan Pittman's claims. Because the merits of the claims cannot be resolved by this court under the fraudulent joinder standard, the discovery sought is not appropriate.[2] Although the Defendants argue that the jurisdictional question is intertwined with the merits of the claims, given the standard to be applied under a fraudulent joinder analysis, this court must be satisfied that the requested discovery is not an impermissible merits inquiry. The Defendants, however, have not adequately specified what it is they seek to discover during Stan Pittman's deposition for the court to make

---

[1] The court will consider evidence the parties may choose to present in connection with the present Motion to Remand, but has determined, for the reasons discussed below, that the discovery requested is not appropriate.

[2] The conclusion that the requested discovery is merits discovery is bolstered by the Defendants' argument that judicial economy would be served by taking the Plaintiff's deposition because if the case were remanded, "the depositions sought would have to be taken," in state court. Reply Brief (Doc. # 20) at page 10.

that determination.  For instance, in Universal Forest Products' Reply, it refers to information in the possession of Stan Pittman that would demonstrate that elements of the claims are missing, but does not specify which elements.

Universal Forest Products has alluded to three facts in the context of a discussion of the Plaintiffs' sufficiency of pleading.  The first fact mentioned is that the Plaintiffs have yet to identify the individuals who made alleged fraudulent statements.  In the Complaint, however, the Plaintiffs allege the following: "Defendants Universal, Missad, Honholt, Rector and Jansen[3] in a face-to-face meeting held at MFP on February 7, 2005 made . . . material misrepresentations to the Plaintiffs . . . ."  Complaint at ¶ 38.  Universal Forest Products has not demonstrated, therefore, that discovery is required as to the Defendants' identity.  Universal Forest Products also states that intent on the part of the Defendants is an element of Stan Pittman's claims.  The intent of the Defendants would not be information in the possession of Stan Pittman, however.  <u>Wright v. American General Life and Acc. Ins. Co.</u>,136 F. Supp. 2d 1207, 1215 (M.D. Ala. 2001) (denying jurisdictional discovery where information was not in the possession of the plaintiff, but allegedly in the possession of the individual agents).   Finally, Universal Forest Products states that Stan Pittman alleged that he would have received commissions, but states in his Motion to Remand that he expected to receive commissions.  It does not appear to the court at this stage that the minimal difference between the allegation and statement warrant discovery.  The court finds, therefore, that even assuming that the facts discussed above are the facts about

---

[3] It is apparently undisputed that Plaintiff Stan Pittman and Defendants Dana Rector and Kraig Jansen are citizens of the State of Georgia.

which the Defendants seek discovery, the discovery requested is not appropriate.[4]

Accordingly, it is hereby ORDERED as follows:

1. The Motions for Jurisdiction Related Discovery (Doc. #16, 18) are DENIED.

2. The Motion for Extension of Time (Doc. #18)[5] is DENIED as moot.

3. The Defendants are given until **September 2, 2005**, to file a response to the Motion to Remand. The Plaintiffs are given until **September 9, 2005**, to file a reply, and the Motion to Remand will be taken under submission without oral argument on that date.

Done this 19th day of August, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] This court's ruling that the discovery requested is inappropriate is in no way intended to be a ruling on the merits of the Motion to Remand.

[5] The Motion for Extension of Time included in Doc. #16 was granted by this court's Order on July 26, 2005 (Doc. #17).