IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
EASTERN DIVISION

| | | |
|---|---|---|
| **MORRIS FOREST PRODUCTS, LLC;** | ) | |
| **STAN PITTMAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No: 05-CV-00564** |
| v. | ) | |
| | ) | |
| **KEYSTONE EXTERIOR DESIGN,** | ) | |
| **LLC; JERRY TURNER; DON** | ) | |
| **LUDWIG; UNIVERSAL FOREST** | ) | |
| **PRODUCTS; MATTHEW J. MISSAD;** | ) | |
| **DOUGLAS P. HONHOLT; DANA** | ) | |
| **RECTOR; KRAIG JANSEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION TO DISMISS DEFENDANT KRAIG JANSEN AND/OR MOTION TO DISMISS FRAUD CLAIMS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT ON FRAUD CLAIMS**

COMES NOW Defendant Kraig Jansen and hereby files a Motion to Dismiss for lack of personal jurisdiction and a Motion to Dismiss, or in the Alternative, Motion for More Definite Statement for failure to plead fraud with particularity. In support of these Motions, Defendant states as follows:

**I. Motion to Dismiss**

1. Defendant Jansen is an employee of Defendant Universal Forest Products. The Plaintiff requested that Defendant Jansen come to Alabama for a meeting that took place on

1

February 7, 2005. One month later, the Plaintiff filed this lawsuit against Defendant Keystone Exterior Designs, LLC and Defendant Universal Forest Products in addition to Defendant Jansen. In its Complaint, the Plaintiff has claimed that Defendant Jansen committed fraud during the February 7, 2005 meeting. However, this lawsuit had been brewing well before the Plaintiff's February 7, 2005 meeting with Defendant Jansen as the Plaintiff's February 3, 2005 settlement demand letter to Defendant Keystone evidences.[1]

2.   This Court should grant Defendant Jansen's Motion to Dismiss because this Court does not have personal jurisdiction over Defendant Jansen. Alternatively, this Court should grant Defendant Jansen's Motion to Dismiss Fraud Claims, or in the Alternative, Motion for a More Definite Statement on Fraud Claims because the Plaintiff did not plead fraud with particularity.

## Personal Jurisdiction

3.   It appears that the Plaintiff will claim that personal jurisdiction exists over Defendant Jansen because he allegedly committed a tortious act in Alabama by making fraudulent statements; however, this claim is without merit and this Court does not have personal jurisdiction over Defendant Jansen for two important reasons. First, the requisite minimum contacts with Alabama necessary for personal jurisdiction do not exist because the allegedly fraudulent statements are so benign that, even if Defendant Jansen did make them, they cannot possibly constitute a minimum contact with Alabama. Second, holding personal jurisdiction over Defendant Jansen would offend "traditional

---

[1] See Exhibit 1, February 3, 2005 Letter.

notions of fair play and substantial justice" because the Plaintiff intentionally invited Defendant Jansen to Alabama for purposes of destroying diversity. Additionally, although it is unlikely that the Plaintiff will argue any other avenues as to why personal jurisdiction applies to Defendant Jansen, should the Plaintiff make such additional claims, out of an overabundance of caution Defendant Jansen addresses these claims as well and illustrates that they are also without merit for two reasons. First, Defendant Jansen is an employee of Defendant Universal Forest Products, and personal jurisdiction over an employee of a company does not exist merely because a court has personal jurisdiction over the corporation for which the employee works. Second, the Alabama Supreme Court has asserted that the Alabama Long Arm Statute does not extend to individual employees of a corporation who are non-resident defendants and who were merely working within the scope of their employment.

    4.    Personal jurisdiction does not exist over Defendant Jansen because he has insufficient minimum contacts with Alabama and extending personal jurisdiction to him offends "traditional notions of fair play and substantial justice." The Supreme Court and the Eleventh Circuit have held that determining whether personal jurisdiction exists and comports with due process requires a two step analysis. See <u>Williams Electric Co. v. Honeywell, Inc.</u>, 854 F.2d 389 (11th Cir. 1988) (citing <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)). The first inquiry is whether the defendant has "purposefully established 'minimum contacts' with the forum state." <u>Id.</u> Then if the requisite minimum contacts are found to exist the second inquiry is whether "the forum's

exercise of personal jurisdiction over the non-resident defendants would offend 'traditional notions of fair play and substantial justice.'" Id. According to the Eleventh Circuit, quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985), "[d]ue process requires that a defendant have sufficient minimum contacts with the forum state to provide 'fair warning that a particular activity may subject him to the jurisdiction of a foreign sovereign.'" Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.2d 775, 784 (11th Cir. 2004).

The Supreme Court has established that there are two types of personal jurisdiction: specific jurisdiction and general jurisdiction. Williams Electric Co. v. Honeywell, Inc., 854 F.2d 389 (11th Cir. 1988) (citing HelicopterosNacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-5 n. 8-9 (1984)). General jurisdiction requires that the defendant's contacts with the forum state are "continuous and systematic." Id. Conversely, specific jurisdiction "derives from a party's contacts with the forum that are related to the cause of action . . . [and] the question becomes whether this single incident is of such a nature that [the defendants] 'should reasonably [have] anticipate[d] being haled into court [in the forum state].'" Id. (quoting World-Wide Volkswagen Corp., 444 U.S. at 297).

5. Personal jurisdiction does not exist over Defendant Jansen because he did not "purposefully" establish "minimum contacts" with the State of Alabama. To rise to the appropriate level warranting personal jurisdiction, a defendant's minimum contacts with the forum state must be purposefully directed to the residents of the forum state and

4

the defendant must have intentionally availed himself of the benefits and protections of that state's laws. In <u>Williams Electric Co.</u>, the Eleventh Circuit held that a "forum may exercise personal jurisdiction over a foreign defendant if that defendant purposefully directs its activities at the residents of the forum state." <u>Williams Electric Co.</u>, 854 F.2d at 392 (citing <u>Burger King Corp.</u>, 471 U.S. at 472). Moreover, the Eleventh Circuit, in the context of a contract case, gave a glimpse into what it meant by a "defendant purposefully direct[ing] its activities at the residents of the forum state" when it asserted that "such a purpose occurs when '[a] meeting in the forum state . . . involves **'significant negotiations of important terms' of a contract.**" <u>Id.</u> (quoting <u>Sea Lift, Inc. v. Refinadora Costarricense Petroleo, S.A.</u>, 792 F.2d 989 (11th Cir. 1986)) (emphasis added). Underscoring the necessity under the minimum contacts inquiry that a defendant have purposefully directed his actions to the forum state and purposefully availed himself of that state's laws, the Alabama Supreme Court wrote:

> [T]he nexus between the defendant and the forum state must arise out of "an action of the defendant [that was] purposefully directed toward the forum State." <u>Elliott [v. Van Kleef]</u>, 830 So. 2d [726] at 731 [(Ala. 2002)] (quoting <u>Asahi Metal Indus. Co. v. Superior Court of California</u>, 480 U.S. 102, 112 (1987)). 'This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of **'the unilateral activity of another person or a third person.'**" <u>Elliott</u>, 830 So. 2d at 731 (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985))."

<u>Ex Parte Troncalli Chrysler Plymouth Dodge</u>, 876 So. 2d 459 (Ala. 2003) (emphasis added).

      6.    In the case at bar, Defendant Jansen has not purposefully established

5

minimum contacts with Alabama for three reasons: (1) Defendant Jansen is not an Alabama resident, and he has not had enough contact with Alabama to satisfy the minimum contacts inquiry; (2) attending one meeting in Alabama with the Plaintiff, which was arranged by the Plaintiff, does not constitute Defendant Jansen "purposefully" directing contact with the residents of Alabama and purposefully availing himself of the laws of Alabama; and (3) Defendant Jansen was haled into Alabama through the "unilateral activity" of the Plaintiff, which the courts have asserted cannot be held as a ground for personal jurisdiction.

7. Defendant Jansen has not purposefully established minimum contacts with Alabama because, as is evidenced in his affidavit, he is not a resident of Alabama and he has not had enough contact with Alabama to satisfy the minimum contacts inquiry.[2] Defendant Jansen has been to Alabama only a hand-full of times in his life.[3] Defendant Jansen has never been to Alabama for a business related activity, outside of the one meeting called by the Plaintiff.[4] Moreover, Defendant Jansen has never met with the Plaintiff for business related matters in Alabama aside from on this one occasion.[5] Consequently, "general jurisdiction" which demands that a defendant have "continuous and systematic" contacts with the forum state, certainly does not apply here. Therefore, it

---

[2] See Exhibit 3, Aff. Kraig Jansen.

[3] Id.

[4] Id.

[5] Id.

is likely that the Plaintiff will argue that "specific jurisdiction," which derives from a party's contacts with the forum that are related to the cause of action, applies to Defendant Jansen because he allegedly committed a tortious act by making fraudulent statements during the February 7, 2005 meeting in Alabama. However, as detailed below, even if Jansen made such statements, they were so benign that they cannot be held to constitute him purposefully establishing contacts with Alabama.

8.      Defendant Jansen has not purposefully established minimum contacts with Alabama because this one meeting with the Plaintiff in Alabama does not constitute Defendant Jansen "purposefully" directing contact with the residents of Alabama and purposefully availing himself of the laws of Alabama. The Plaintiff contacted Defendant Jansen and requested that he attend a meeting, and Defendant Jansen merely showed up for that meeting. This surely cannot constitute Defendant Jansen purposefully establishing minimum contacts with Alabama.

9.      Furthermore, any representations or statements made by Defendant Jansen cannot constitute him purposefully establishing minimum contacts with Alabama. The Plaintiff contends in its Complaint that Defendant Jansen represented to it in the February 7, 2005 meeting that Defendant Universal had nothing to do with the relationship between Defendant Keystone and the Plaintiff, that no deal or agreement had been reached between Defendant Keystone and Defendant Universal, and that Defendant Universal was not trying to replace the Plaintiff or cut the Plaintiff out of the business.[6]

---

[6] Exhibit 2, Pl. Compl., p. 6.

However, even if Defendant Jansen made any statement to that effect, it still cannot constitute contact with Alabama of the sort necessary to establish personal jurisdiction because those statement, if even made, would have been entirely benign. Any statements made along the lines of what the Plaintiff alleges in the Complaint would not have mattered or made any difference to the Plaintiff. By the time of the February 7, 2005 meeting when these statements would have been allegedly made, the Plaintiff and Defendant Keystone had been in an ongoing battle over the status of their business agreement. In fact, the settlement discussion between the Plaintiff and Defendant Keystone had already broken down by at least February 3, four days before the meeting with Defendant Jansen, as is evidenced by the Plaintiff's settlement demand letter. What was discussed between the Plaintiff and Defendant Jansen was so benign and cursory that it was of little significance, if any. No type of negotiations took place; in fact, no agreement between the Plaintiff and Defendant Universal Forest Products was even discussed at the February 7, 2005 meeting. This type of meeting surely does not comport with the standards imposed by the Eleventh Circuit in such cases as Williams Electric Co. As discussed, supra, in Williams Electric Co., the Eleventh Circuit gave a glimpse into what it meant by a "defendant purposefully direct[ing] its activities at the residents of the forum state" when it asserted that "such a purpose occurs when '[a] meeting in the forum state . . . involves 'significant negotiations of important terms' of a contract." Id. (quoting Sea Lift, Inc. v. Refinadora Costarricense Petroleo, S.A., 792 F.2d 989 (11th Cir. 1986)). In the instant case, no agreement was created and no terms of an agreement were

even discussed. Therefore, nothing substantive was discussed at this meeting, any discussions that took place were completely benign, and consequently, Defendant Jansen did not purposefully direct contact with residents of Alabama.

Moreover, the Alabama Supreme Court has also addressed what types of contacts fulfill the minimum contacts requirement by echoing the Supreme Court's mandate set forth in <u>Burger King Corp. v. Rudzewicz</u>. The Alabama Supreme Court asserted:

> **[S]omething more than an isolated contact initiated by an in-state plaintiff is required to satisfy the "purposeful-availment" prong of the due process analysis.** "Something more" might involve "prior negotiations and contemplated future consequences, along with . . . the parties' actual course of dealing." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 463 (1985) (emphasis added). "Something more" might be found "where the defendant 'deliberately' has engaged in significant activities within [Alabama] . . . or has created 'continuing obligations' between himself and residents of [Alabama]." 471 U.S. at 475-76 (emphasis added).

<u>Id.</u> at 465 (emphasis added). In this case, that "something more" described by the Alabama Supreme Court in citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 463 (1985) does not exist. All that exists in the form of a contact with Alabama and its residents is this "isolated contact initiated by an in-state plaintiff"– this one meeting called by the Plaintiffs. As Defendant Jansen's affidavit shows, this one meeting was his only contact with the Plaintiff. The "something more" demanded by the Supreme Court and the Alabama Supreme Court does not exist. Defendant Jansen, as evidenced in his affidavit, had never had any prior negotiations or even contact with the Plaintiff– he

never had a "course of dealing" with the Plaintiff.[7] Defendant Jansen did not engage in any "significant activities within Alabama." Rather, he merely attended a meeting called by the Plaintiff. Furthermore, out of this meeting no "continuing obligations" between Defendant Jansen or his employer, Defendant Universal Forest Products, and "residents of Alabama" was created. As Defendant Jansen asserts in his affidavit, he has not even met with the Plaintiffs since this one occasion.[8] Therefore, Defendant Jansen's one meeting with the Plaintiff does not rise to the level of constituting a minimum contact of the type necessary to establish personal jurisdiction over him.

    10.    Defendant Jansen has not purposefully established minimum contacts with Alabama because he was haled into Alabama through the "unilateral activity" of the Plaintiff, which the courts have asserted cannot be held as a ground for personal jurisdiction. As mentioned, supra, the Alabama Supreme Court asserted that "'[t]his purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of **'the unilateral activity of another person or a third person.'"** Elliott, 830 So. 2d at 731 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985))." Ex Parte Troncalli Chrysler Plymouth Dodge, 876 So. 2d 459 (Ala. 2003) (emphasis added). In the case at bar, that is precisely what is occurring. The Plaintiffs haled Defendant Jansen into Alabama. The Plaintiffs called the meeting and had Defendant Jansen come to Alabama to attend it. This meeting was entirely the Plaintiffs

---

[7] See Exhibit 3, Aff. Kraig Jansen.

[8] Id.

idea. To hold that Defendant Jansen should be subject to a foreign jurisdiction, would open the gates to allowing any plaintiff to attain personal jurisdiction in their home state over a foreign defendant, simply by inviting the defendant to a meeting in that state. Thus, this Court should follow the wisdom of the Supreme Court and the Alabama Supreme Court and disallow the Plaintiff from haling Defendant Jansen into Alabama through the Plaintiff's "unilateral activity."

11. Personal jurisdiction does not exist over Defendant Jansen because holding personal jurisdiction over him would offend "traditional notions of fair play and substantial justice" since he was lured into Alabama through artifice in a thinly veiled attempt to destroy diversity and keep the lawsuit in state court. Following the Supreme Court's lead, the Eleventh Circuit has held that if the requisite minimum contacts are found to exist the second inquiry is whether "the forum's exercise of personal jurisdiction over the non-resident defendants would offend 'traditional notions of fair play and substantial justice.'" Williams Electric Co. v. Honeywell, Inc., 854 F.2d 389 (11th Cir. 1988) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

12. Although Defendant Jansen vehemently contends that he does not have contact with Alabama sufficient to satisfy the minimum contacts standard, if this Court determines otherwise, then holding personal jurisdiction over Defendant Jansen would offend traditional notions of fair play and substantial justice. The entire reason that the Plaintiff arranged the February 7, 2005 meeting and requested that Defendant Jansen, along with other employees of Defendant Universal Forest Products, attend a meeting in

Alabama was to destroy diversity because the Plaintiff wanted to sue in state court. The Plaintiff knew that it was going to bring this lawsuit well in advance of the February 7, 2005 meeting with Defendant Jansen. In fact, on February 3, 2005, the Plaintiff sent a letter to Defendant Keystone Exterior Design, LLC giving it three options to settle its differences.[9] When Defendant Keystone did not agree to the settlement terms, the Plaintiff filed suit. Clearly, this practice violates the second prong of the personal jurisdiction test by offending traditional notions of fair play and substantial justice. If this Court allows personal jurisdiction to apply to Defendant Jansen, then every future plaintiff who is contemplating bringing a lawsuit but wants to do so in state court, will be able to destroy diversity by luring an employee of the defendant corporation who is not diverse from one of the other parties into that state for a "meeting."

Courts have strongly condemned this type of trickery in the area of service of process. In Commercial Mutual Accident Co. v. Davis, 213 U.S. 245 (1909), the Supreme Court asserted that "[i]t is undoubtedly true that if a person is induced by artifice or fraud to come within the jurisdiction of the court for the purpose of procuring service of process, such fraudulent abuse of the writ will be set aside upon proper showing." Commercial Mutual Accident Co. v. Davis, 213 U.S. 245, 256 (1909) (citing Fitzgerald Const. Co. v. Fitzgerald, 137 U.S. 98). Similarly, a plaintiff should not be allowed to create personal jurisdiction by inducing defendants to attend a "meeting" through false pretenses. The Plaintiff, on the verge of filing this lawsuit, set up a meeting

---

[9] See Exhibit 1, February 3, 2005 Letter.

with Defendant Jansen and other employees of Defendant Universal as a way to draw them into this lawsuit by alleging that Defendant Jansen and others at the meeting made false representations, which were merely responses to questions posed by the Plaintiffs. Then the Plaintiff added Defendant Jansen and the other individuals present at that meeting to this lawsuit in an attempt to destroy diversity by having some parties that were from the same state. This is precisely the type of chicanery that the Supreme Court has condemned in the service of process realm, and certainly the type of action that "offends traditional notions of fair play and substantial justice." Therefore, this Court should snuff out this deceptive trick and hold that personal jurisdiction over Defendant Jansen does not exist, especially when it is manufactured through fraud and artifice.

13. Although the Plaintiff will likely make its argument for personal jurisdiction on "specific jurisdiction" grounds, out of an overabundance of caution, Defendant Jansen asserts that for two other reasons, personal jurisdiction does not apply: (1) Personal jurisdiction does not exist over Defendant Jansen merely because it exists over his employer, Defendant Universal Forest Products; and (2) Personal jurisdiction does not exist over Defendant Jansen because the Alabama Long Arm Statute does not extend to individual employees who are non-resident defendants and who were working within the scope of their employment.

14. Personal jurisdiction does not exist over Defendant Jansen merely because it exists over his employer, Defendant Universal Forest Products. The Supreme Court and courts in the Eleventh Circuit and in the former Fifth Circuit have consistently held

that "personal jurisdiction over corporate officers and employees in their individual capacity may not be predicated merely upon personal jurisdiction over the corporation itself; rather, a court must look to the individual and personal contacts, if any, of the officers and employees with the forum state." Candy H. v. Redemption Ranch, Inc., 563 F. Supp. 505, 513 (M.D. Ala. 1983) (citing Dudley v. Smith, 504 F.2d 979, 982 (5th Cir. 1974); Costin v. Olen, 449 F.2d 129, 131 (5th Cir.)). See Williams Electric Co. v. Honeywell, Inc., 854 F.2d 389 (11th Cir. 1988) ("a court cannot exercise personal jurisdiction over a defendant solely on the basis of his employer's contacts with the forum state") (citing Calder v. Jones, 465 U.S. 783, 790 (1984)).

15. In the instant case, the Plaintiff has sued an individual employee, Defendant Jansen, in addition to his corporate employer, Universal Forest Products. As the above case law establishes, personal jurisdiction must exist over Defendant Jansen, and not merely over his corporation; otherwise, Defendant Jansen's due process rights under the Due Process Clause of the Fourteenth Amendment are imperiled. In this case, as is detailed, infra, personal jurisdiction does not exist over Defendant Jansen and thus, this Court should dismiss him from this action.

16. Personal jurisdiction does not exist over Defendant Jansen because the Alabama Long Arm Statute does not extend to individual employees who are non-resident defendants and who were working within the scope of their employment. In Thames v. Gunter-Dunn, Inc., 373 So. 2d 640 (Ala. 1979), the Alabama Supreme Court, quoting Idaho Potato Com'n v. Washington Potato Com'n, 410 F. Supp. 171, 181 (D. Idaho

1975), posited that "unless there is evidence that the act by the corporate officer was other than as an agent for the corporation, then personal jurisdiction over the corporate officer will not lie." Thames v. Gunter-Dunn, Inc., 373 So. 2d 640, 642 (Ala. 1979) (citing Fashion Two Twenty, Inc. v. Steinberg, 339 F. Supp. 836, 842 (E.D.N.T. 1971)). In Thames, the plaintiff sued, in addition to other entities, a bank for its role in an alleged breach of lease case. Later, in an amended complaint, the plaintiff named several individual officers of the bank for their actions on behalf of the defendant bank. The individual officers, who had no contacts with Alabama, moved the court on personal jurisdiction grounds to be dismissed from the suit. The trial court granted this motion, and the plaintiff appealed that decision. In response to that appeal, the Alabama Supreme Court upheld the dismissal of the individual officers on personal jurisdiction grounds. In rendering this decision, the court asserted that "these bank officers performed all acts within the scope of their bank employment . . . [t]o allow personal jurisdiction over them when they acted solely in the furtherance of their official positions would be to extend the long-arm statute too far." Id.

17.   In the instant case, personal jurisdiction does not exist over Defendant Jansen under the Alabama Long Arm Statute because Defendant Jansen is not a resident of Alabama, and he was working entirely within the scope of his employment. As evidenced in Defendant Jansen's affidavit, he is not an Alabama resident.[10] Further, he

---

[10] See Exhibit 3, Aff. Kraig Jansen.

has only visited Alabama on two occassions in his life.[11] His first visit to Alabama was for the February 7, 2005 meeting with the Plaintiff, which was suggested and arranged solely by the Plaintiff.[12] During that meeting, Defendant Jansen was acting entirely in the scope of his employment for Defendant Universal Forest Products.[13] Therefore, pursuant to the Alabama Supreme Court's interpretation of the Alabama Long Arm Statute, personal jurisdiction does not exist over Defendant Jansen.

WHEREFORE, the Defendant requests that this Court dismiss this action against the Defendant because personal jurisdiction does not exist over the Defendant.

## II.  Motion to Dismiss, or in the Alternative, Motion for More Definite Statement

18. In the event that this Court finds that personal jurisdiction does exist, the fraud claims must still be dismissed, or alternatively, made more definite under Rule 9(b) of the Federal Rules of Civil Procedure.

19. The Plaintiff alleges that Defendant Jansen committed fraud; however, the Plaintiff did not properly plead fraud. According to Federal Rules of Civil Procedure Rule 9(b), allegations of fraud carry heightened pleading requirements. Specifically, that Rule requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Plaintiff, in the Complaint generally attributed fraud to all four individual Defendants, Missad, Honholt, Jansen, and

---

[11] Id.

[12] Id.

[13] Id.

Rector, as well as to Defendant Universal Forest Products. The Plaintiff did not state which Defendant made which statement or which misrepresentation.[14] Specifically, the Plaintiff did not state what misrepresentation or false statement, if any, Defendant Jansen made. The Eleventh Circuit has asserted, in no uncertain terms, that this type of pleading– lumping together all of the defendants in the plaintiff's allegations for fraud– falls short of pleading fraud with particularity as mandated in Rule 9(b). <u>Brooks v. Blue Cross & Blue Shield of Florida</u>, 116 F.3d 1364, 1381 (11th Cir. 1997). According to the court:

> As the Seventh Circuit noted in <u>Vicom</u>: Because fair notice is "[p]erhaps the most basic consideration" underlying Rule 9(b), <u>Wright & Miller</u>, Section(s) 1298, at 648, the plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." <u>Midwest Grinding [Co. v. Spitz]</u>, 976 F. 2d [1016, 1020 (7th Cir. 1992)]. Therefore, in a case involving multiple defendants . . . "the complaint should inform each defendant of the nature of his alleged participation in the fraud." <u>DiVittorio [v. Equidyne Extractive Indus., Inc.</u> 822 F.2d 1242, 1247 (2d Cir. 1987)]; see also . . . <u>Balbabanos v. North A. Inv. Group, Ltd.</u>, 708 F. Supp. 1488, 1493 (N.D. Ill. 1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant.").

<u>Id.</u> As the Eleventh Circuit stated above, the purpose of the special pleading requirement of Rule 9(b) is to give fair notice of the alleged fraud to the Defendants. By not stating what misrepresentations or fraudulent statements were made by which defendants, the Plaintiff has undermined the purpose of Rule 9(b) because Defendant Jansen does not

---

[14] See Exhibit 2, Pl. Compl. at p. 6.

17

know what misrepresentation he is alleged to have made.

WHEREFORE, the Defendant requests that this Court dismiss the Plaintiff's claim for fraud against the Defendant, or in the alternative, order the Plaintiff to render a more definite statement of fraud.

Respectfully submitted,

*s/Joseph E. Stott*

ASB-4163-T71J
Attorneys for Defendant Lowe's Home Centers, Inc.
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail: jstott@sssandf.com Email Joseph Stott

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
EASTERN DIVISION

| | |
|---|---|
| MORRIS FOREST PRODUCTS, LLC; STAN PITTMAN, <br><br>    Plaintiffs, <br><br>v. <br><br>KEYSTONE EXTERIOR DESIGN, LLC; JERRY TURNER; DON LUDWIG; UNIVERSAL FOREST PRODUCTS; MATTHEW J. MISSAD; DOUGLAS P. HONHOLT; DANA RECTOR; KRAIG JANSEN, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>Civil Action No: 05-CV-00564 |

## CERTIFICATE OF SERVICE

    I hereby certify that on <u>August 24, 2005</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants.

    Respectfully submitted,

    *s/Joseph E. Stott*
    ASB-4163-T71J
    Attorneys for Defendant Lowe's Home Centers, Inc.
    **SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
    2450 Valleydale Road
    Birmingham, Alabama 35244
    Phone: 205-967-9675
    Facsimile: 205-967-7563
    E-mail: jstott@sssandf.com Email Joseph Stott