IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MORRIS FOREST PRODUCTS, LLC, et. al. | ) CASE NO. 3:05CV564-A |
| | ) |
| | ) JUDGE ALBRITTON |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) DEFENDANT KEYSTONE EXTERIOR |
| KEYSTONE EXTERIOR DESIGN LLC, et al. | ) DESIGN, LLC, JERRY TURNER, AND |
| | ) DON LUDWIG'S BRIEF OPPOSING |
| | ) PLAINTIFFS' MOTION TO REMAND |
| Defendants. | ) |

Defendants Keystone Exterior Design, LLC ("Keystone"), Jerry Turner, and Don Ludwig oppose plaintiffs' motion to remand for the reasons set forth below.

I.   Facts

This case arises out of a licensing agreement, whereby Keystone granted Morris Forest Products the right to manufacture and market specified products. The term of the agreement was from November 1, 2003 to October 31, 2004. The licensing agreement further provided for annual renewal if terms were mutually accepted by the parties. After October 31, 2004, Keystone advised Morris Products that the licensing agreement had terminated and they entered into negotiations to extend the agreement, but were unable to agree to terms. Subsequently, in late November 2004, Keystone met with Universal Forrest Products to discuss the sale of its business to Universal. On February 3, 2005, having been advised of negotiations between Keystone and Universal, Morris Forrest Products offered options to Universal regarding how to handle the business Morris Forrest Products was doing on behalf of Keystone. A meeting was

1

held between Morris Forrest Products personnel and Universal personnel on February 7, 2005 to discuss this matter.

Stan Pittman is an employee of Morris Forrest Products, whose duties included sales of Keystone products on behalf of Morris Forrest Products. None of the defendants had any knowledge of the compensation arrangements between Morris Forrest Products and Pittman.

Defendants Missad, Honholt, Rector and Jansen are Universal Forrest Products employees who met with Morris Forrest Products' employees Rod Morris and Stan Pittman on February 7, 2005. Missad and Honholt are citizens of the State of Michigan. Jansen is a citizen of the State of North Carolina, and was incorrectly alleged to be a citizen of the State of Georgia. Rector is a director of manufacturing for Universal and is a citizen of the State of Georgia.

Rector did not know of Stan Pittman until just before the February 7, 2005 meeting and had no knowledge of his compensation arrangements with Morris Forrest Products.

II.     Law and Argument.

The present case should not be remanded to state court because plaintiffs have fraudulently joined plaintiff Stan Pittman and defendants Dana Rector and Kraig Jansen to preclude diversity between the parties. Without such fraudulent joinder, diversity of citizenship between all the parties in this case would exist, and remand would be improper. The test for establishing fraudulent joinder has been set forth in *Crowe v. Coleman*, 113 F.3d 1536, 1538:

> "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulent pled jurisdictional facts to bring the resident defendant into state court. (Citation omitted.)

Fraudulent joinder exists in this case regarding plaintiff Pittman and defendants Jansen and Rector because (1) plaintiffs have fraudulently pled that Jansen is a citizen of Georgia, when

2

in fact he is a citizen of North Carolina, and (2) there is no possibility that plaintiff Pittman can establish a cause of action against defendant Rector for the reasons discussed below.

Defendant Jansen has established by his affidavit that he is a citizen of North Carolina and not a citizen as Georgia as alleged by plaintiffs. Accordingly, the central issue in determining whether this case should be remanded involves whether plaintiff Pittman can establish a cause of action against defendant Rector. The standard for making such a determination was also set forth in *Crowe v. Coleman* as follows:

> "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. (Citation omitted.) The federal court makes these determinations based on the plaintiff's pleadings at the time of removal, but the court may consider affidavits in deposition transcripts submitted by the parties. (Citation omitted.)
>
> …
>
> …'if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' (Citation omitted.)

In applying the standard, the *Crowe* court framed the issue as follows:

> 'we must now decide whether the facts alleged in Plaintiff's complaint state even an arguable cause of action under Georgia law.' *Id*. at 1539.

Plaintiffs have not submitted affidavits or deposition transcripts to this court for consideration. Accordingly, the only basis for this court's determination is plaintiffs' complaint and the affidavit submitted by defendants.

The allegations relating to plaintiff Pittman are set forth in the complaint at paragraphs 21 and counts three and four relating to fraud and suppression. Plaintiffs argue in their brief that Pittman has claims for business interference and conspiracy as well as fraud and suppression. Plaintiffs' memorandum, p. 6. However, count two relating to the interference claim specifies

3

that the interference alleged relates to the contractual and business relationship between Morris Forrest Products and Keystone, and not to any relationship of Pittman's. Moreover, there is no allegation relating to conspiracy in the complaint.

Plaintiffs argue that Pittman has a fraud and suppression claim against defendants pursuant to Restatement (Second) of Agency § 374(2) (1957) which states:

> "A servant or other agent has no action of tort because another has tortiously harmed the principal or destroyed its business, unless the other acted for the purpose of harming the agent's interest."

Comment b to Section 374(2) limits the right of an agent to bring an action as follows:

> "In conformity with the normal tort rule, a servant who loses his job or otherwise suffers economic loss as a result of the principal's misfortune, tortiously caused by another, has not thereby an action against the other. If, however, the other destroys the master's business in order to cause loss to the servant, the latter has a cause of action.

Plaintiffs argue that Pittman has a cause of action against Rector, under Section 374(2) pursuant to *Joe Cooper & Associates, Inc. v. Central Life Assurance Company*, 614 So. 2d 982, 991 (1992), which cited another case to the effect that:

> "[A]n agent can maintain a fraud action against a third party to recover for injuries suffered while transacting business for his principal if the third party intended that the agent act on a fraudulent representations 'in a manner affecting' the agent."

This court in *Moorer v. Harts Seed Company*, 120 F. Supp.2d 1283, 1289 (2000) rejected this formulation as an overbroad application of § 374(2) on the following grounds:

> "The difficulty with this approach is that it would allow virtually any employee 'affected' by an adverse action taken against his employer to sue the adverse actor. This standard would, of course, lead to absurd results.

In *Moorer*, this court distinguished the *Cooper* case by noting that there was evidence in the record suggesting that a third party had intended to harm the agent personally. However, in *Moorer*, this court noted that:

4

"… There is no evidence in the record suggesting that the Defendants intended to harm Moorer, Jr. in his individual capacity. Moorer, Jr. acted solely as an agent of MSC, and it appears clearly from the record that the cause of action should belong only to MSC. Any harm done Moorer, Jr. was a consequence of his employment with MSC and is not cognizable. …" *Id*. at 1290.

The *Moorer* case involved a summary judgment motion. However, the *Moorer* holding is applicable to the remand motion in this case because it establishes that plaintiffs have fraudulently joined plaintiff Pittman and defendant Rector. There is no allegation in the complaint that defendant Rector intended to harm plaintiff Pittman. The only allegation in the complaint directly relating to Pittman, at paragraph 21, asserts that he is an employee of Morris Forrest Products and that he was going to be paid an extra commission in addition to his salary based on sales to a customer account of Morris' which was lost by defendants' actions. There is no allegation in the complaint suggesting that defendant Rector intended to harm Pittman in his individual capacity. In accordance with the *Moorer* holding, any harm done to Pittman was a consequence of his employment with Morris Forrest Products and is not cognizable.

III.    Conclusion.

For the reasons set forth above, plaintiff Stan Pittman and defendants Jansen and Rector have been fraudulent joined. Jansen is not a citizen of the State of Georgia, as has been fraudulently pled by plaintiffs. Moreover, plaintiff Pittman does not have a cognizable cause of action against defendant Rector because there is no allegation that Rector intended to harm Pittman in his individual capacity. Accordingly, plaintiffs' motion to remand should be denied.

Respectfully submitted,

 /s/ Patrick C. Davidson
Patrick C. (Rick) Davidson, Esq.
Adams, Umbach, Davidson and White, LLP
205 South 9th Street
Opelika, AL  36801

Attorney for Defendants
Keystone Exterior Design, LLC,
Jerry Turner and Don Ludwig

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing answer and counterclaim was served on the following either electronically or by regular U.S. Mail on this 2nd day of September 2005:

| | |
|---|---|
| Randall S. Haynes, Esq.<br>Morris, Haynes & Hornsby<br>131 Main Street<br>Alexander City, AL 35010 | W. Percy Badham, III<br>Maynard, Cooper & Gale, P.C.<br>1901 Sixth Avenue North<br>Suite 2400 AmSouth/Harbert Plaza<br>Birmingham, AL 35203<br><br>Attorneys for Plaintiffs |

William Scott, Esq.
Scott, Sullivan, Strutman & Fox, P.C.
2450 Valleydale Road
PO Box 380548
Birmingham, AL  35244

Attorney for Defendants
Universal Forest Products,
Matthew S. Missad,
Douglas P. Honholt,
Dana Rector, and
Kraig Jansen

                                                /s/ Patrick C. Davidson
                                      Attorney for Defendants, Keystone Exterior
                                      Designs, LLC,
                                      Jerry Turner and Don Ludwig