IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS FOREST PRODUCTS, LLC; | ) | |
| STAN PITTMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Civil Action Number:** |
| v. | ) | **3:05-CV-00564-B** |
| | ) | |
| KEYSTONE EXTERIOR DESIGN, | ) | |
| LLC; JERRY TURNER; DON | ) | |
| LUDWIG; UNIVERSAL FOREST | ) | |
| PRODUCTS; MATTHEW J. MISSAD; | ) | |
| DOUGLAS P. HONHOLT; DANA | ) | |
| RECTOR; KRAIG JANSEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO STRIKE**

COMES NOW Defendants Universal Forest Products Eastern Division, Inc. (in correctly designated in Plaintiffs' Complaint as "Universal Forest Products" and hereinafter referred to as "Universal") and Defendants Dana Rector, Matthew J. Missad, Douglas P. Honholt and Kraig Jansen and hereby move this Court for an Order striking the Affidavit of Stan Pittman and portions of the Plaintiffs' Reply Brief filed in support of its Motion to Remand. As grounds therefore, the Defendants state as follows:

**I.    The Affidavit of Stan Pittman Must Be Stricken Due to the Plaintiff's Refusal to Participate in Discovery.**

The first basis for the Motion to Strike the Affidavit of Stan Pittman has do with pleadings filed by the Plaintiff on previous occasions. As the Court is well aware, the Defendants previously requested the opportunity to depose Stan Pittman to determine what

information Mr. Pittman held with regard to the allegation that these Defendants somehow intentionally attempted to injure him.  In response, the Plaintiff stated to this Court:

> ". . . nothing is to be gained from allowing Defendants to take the deposition of Stan Pittman.  Mr. Pittman does not possess the information of Defendants' intent or conditions of the mind regarding the wrongful actions against Plaintiffs.  Only the Defendants can speak of why they committed the wrongful acts against the Plaintiffs."[1]

Based at least in part on that statement, the Court agreed stating that "the intent of the Defendants would not be information in the possession of the Stan Pittman, however."[2]

Despite attesting to this Court that information concerning intent was not something held by Stan Pittman, the Plaintiffs submitted an Affidavit of Stan Pittman which specifically expresses the basis of his beliefs that Defendant Jerry Turner intentionally injured him.

On numerous occasions, the Plaintiffs have argued to this Court that the determination of whether this case was properly removed to Federal Court should be based solely on a reading of the Plaintiffs' Complaint.  In so doing, they avoided discovery on jurisdictional issues.  Put simply, the Plaintiffs should not be allowed to avoid the prospect of defense counsel deposing Stan Pittman on the basis that he has no information which speaks to this issue, then submit his Affidavit, claiming suddenly that he does in fact possess the information which he previously denied possessing.  This is unfair to the Defendants and it should not be allowed.  As such, the

---

[1]  See Plaintiff's Response to Order to Show Cause why Defendants Motion for Leave to Conduct Jurisdiction-Related Discovery Should not be Granted at page 8.

[2]  See Court's Order denying Motion for Leave to Conduct Jurisdiction-Related Discovery, at page 3.

Affidavit of Stan Pittman must be stricken in its entirety.  Further, any reference to or reliance

on the Affidavit of Stan Pittman in the Plaintiff's Brief must be stricken as well.

**II.    The Affidavit of Stan Pittman Must be Stricken Because it Directly Contradicts the Plaintiff's Complaint.**

As shown above, the Plaintiffs have represented to this Court on numerous occasions that

it must look strictly at the Complaint to determine whether Stan Pittman is a proper Plaintiff,

or whether he was fraudulently joined.  Further, there is no question that in deciding whether

a case was properly removed, the Court must base its decision on the Plaintiffs' Complaint at

the time the case was removed. Pullman v. Jenkins, 305 U.S. 534, 537 (1939); Cabalceta v.

Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).  However, in his Affidavit, Stan

Pittman wishes for the Court to completely ignore the law and allow him to completely change

his allegations in this case.

In paragraph 1 of the Plaintiff's Complaint, Stan Pittman states "Plaintiff Stan Pittman

is an employee of MFP . . . ."  However in his Affidavit, at paragraph 3, Stan Pittman states

"first, I was not an employee of Morris Forest Products . . . ."  Not only is this a direct

contradiction, but the contradiction is relied upon heavily by the Plaintiffs in their Brief in

Support of their Motion to Remand.

On page 4 of the Plaintiffs' Reply Brief, the Plaintiffs state that "contrary to ***Defendants'***

assertions, Stan Pittman was not an employee of Morris Forest Products . . . ."  (Emphasis

added).  Obviously, it was not the Defendants' assertion, but Mr. Pittman's own assertion in his

Complaint that he was an employee of Morris Forest Products.  Further, this is not the only time

in this litigation that the Plaintiffs have asserted that Stan Pittman was an employee of Morris

Forest Products.  In their Motion to Remand, at page 2, the Plaintiffs state "further, Stan

Pittman, *an employee of Morris Forest Products*, was in charge of the manufacturing and

distribution of products under the Licensing Agreement with Keystone."  (Emphasis added).

To demonstrate how important the Plaintiffs' attempt to stray from their own Complaint

may be, the Plaintiffs continue to rely on their own contradictions to convince this Court that

Stan Pittman has a valid claim.  On page 16 of the Plaintiffs' Remand Brief, the Plaintiffs state

that Stan Pittman's position as an independent contractor rather than salary employee, is a

"major factual difference" between this action and the case of Moorer v. Hartz Seed Company,

120 F.Supp.2d 1283 (M.D. Ala. 2000).  Thus, it is clear that the Plaintiffs' wish for this Court

to rely on Mr. Pittman's Affidavit testimony rather than the assertions contained in his

Complaint and in the original Motion to Remand.  The Plaintiffs further compound their own

contradictions by trying to blame the Defendants, who merely relied on the allegations of the

Complaint and on the prior filed Motion to Remand.

Obviously, the law on this issue is clear.  The Plaintiffs cannot change the allegations of

the Complaint by submitting an Affidavit of Stan Pittman which directly contradicts the

information in the Complaint and the prior pleadings of the Plaintiffs.

Mr. Pittman again contradicts his own Complaint in his Affidavit, at paragraph 3.  There,

Stan Pittman states "I *was not paid a salary* by Morris Forest Products but instead was

compensated by commission." (Emphasis added).  However, at paragraph 21 of his Complaint,

Stan Pittman states "Mr. Pittman was going to be paid an extra commission *in addition to his*

*salary* based upon the volume of sales to Menards." (Emphasis added). Again, Mr. Pittman's

Affidavit directly contradicts his own Complaint and therefore must be stricken.

Mr. Pittman again contradicts the Complaint at paragraph 7 of his Affidavit. In

paragraph 38 of the Plaintiffs' Complaint, under the "Fraud" heading, Stan Pittman lists three

specific representations which he claims were made by Universal and/or Universal employees.

Those three representations are as follows: "(a) that Universal had nothing to do with the

relationship between Keystone and MFP; (b) that no deal or agreement had been reached

between Keystone and Universal; and (c) that Universal is not trying to replace MFP or cut MFP

out of the business."

However, Mr. Pittman makes the exact opposite allegation in his Affidavit. As can be

seen from the Complaint, throughout this case, Mr. Pittman has alleged that the only

"misrepresentations" made by any employee of Universal was the fact that there was actually

no formal relationship between Universal and Keystone. However, he directly contradicts that

allegation in his Affidavit by changing his allegations to state that there was a representation

that there *was* a relationship between Universal and Keystone. Further, his Affidavit references

a prospective relationship between Morris and either Keystone and Universal, rather than

concentrating on the alleged relationship between Keystone and Universal as set out in the

Complaint. Finally, his Affidavit references only future relationships between Morris and

Keystone or Universal. No where in his Affidavit does Stan Pittman mention the current

relationship between Keystone and Universal as pled in the Complaint, and no where in the

Complaint do the Plaintiffs reference any representations regarding some future relationship

between Morris and Keystone and/or Universal. Further, the Plaintiffs' Brief is based solely on the Affidavit of Stan Pittman and does not mention the allegations contained in the Complaint. As such, the Brief itself must be stricken as well.

Obviously, the Plaintiffs cannot be allowed to contradict their own Complaint in attempting to avoid federal jurisdiction. As such, any attempts to do so must be stricken and should not be relied upon by this Court in deciding the issue of federal jurisdiction.

**III.    The Affidavit of Stan Pittman Must be Stricken Because it is Irrelevant.**

In addition to the contradictions shown above, the Affidavit of Stan Pittman is not relevant to the issues before this Court. The Affidavit of Stan Pittman does not properly address the issues before this Court, and any statements of the alleged intention of Jerry Turner are at best speculative.[3]

First, Mr. Pittman's statement as to the reasons that Jerry Turner wanted to harm him are at best speculative. The Plaintiffs have admitted in prior filings that Mr. Pittman cannot speak to the Defendant's intent. Any attempt to do so is pure speculation. Speculation cannot be the grounds for the grant of a Motion to Remand.

Further, the Affidavit of Stan Pittman is completely irrelevant to the issues before this Court. The sole "evidence" that Mr. Pittman presents as to Jerry Turner's intent to harm him was the result of a February 7, 2005 dinner which, according to Mr. Pittman's Affidavit, took

---

[3] It must also be noted that Jerry Turner is not an employee of Universal Forest Products, and he is unquestionably a diverse Defendant. The Plaintiffs have failed to even address in their Brief or in the Affidavit of Stan Pittman the fact that there are no valid claims against the only non-diverse Defendant, Dana Rector.

place solely between himself and Jerry Turner *after* the meeting which included the Universal

employees and Dana Rector had concluded.   It is important to note that each and every

representation which was allegedly made by any Universal employee, including the only non-

diverse Defendant, Dana Rector, occurred prior to Mr. Pittman's dinner with Jerry Turner.

Thus, at the time that the Universal employees allegedly made false representations to Stan

Pittman, Mr. Pittman had not yet had dinner with Mr. Turner and before Mr. Pittman had not

yet turned down any job offers from Jerry Turner.   As such, to the extent that the

communications between Mr. Pittman and Mr. Turner on the night of February 7, 2005 provide

the basis for Mr. Pittman's assumption that Mr. Turner was angry with him or upset with him,

those conversations could not have had any bearing on any alleged statements made by Dana

Rector or any other employee of Universal.   Thus, the conversation between Jerry Turner and

Stan Pittman on the night of February 7, 2005 is completely irrelevant to the question of

whether the Defendants' statements were intended to harm Stan Pittman and therefore are

completely irrelevant to the question of whether Stan Pittman is a proper party in this case.

Obviously, the Affidavit of Stan Pittman is an attempt to change the theory of the fraud

claims presented in the Complaint.  For the reasons stated above, this attempt cannot be allowed

in ruling on a Motion to Remand.  However, to the extent that this Court allows Mr. Pittman to

change his theories at this juncture, the "evidence" of intent that he demonstrates in his

Affidavit in actuality, completely undermines his entire case and actually supports federal

jurisdiction in this matter.  All of the allegations in Stan Pittman's Affidavit center around

promises to take some action in the future.  Specifically, in his Affidavit, Mr. Pittman claims

that the Defendants promised that there would be a future relationship between Morris Forest Products and either Keystone or Universal.  Obviously, Mr. Pittman has no choice but to attempt to change the basis of his claims to attempt to avoid federal jurisdiction, because he cannot rely on a dinner conversation which took place *after* the representations as evidence of intent if the alleged representations referred only to a present condition rather than to a future promise.  However, even if Mr. Pittman were allowed to change his theory of fraud at this late date he still could not present a claim against any of the Defendants for fraud and therefore his Affidavit must be stricken.  Under Alabama law, to be actionable as fraud, any promise to perform some act in the future must be made with the intent to deceive at the time the statement was made. *See* Birmingham Broadcasting Co. v. Bell, 68 So. 2d 314 (Ala. 1953) ("In order for promises or opinions to constitute fraudulent misrepresentations, there must have been at the time the misrepresentations were made an intention not to do the act promised, and such promise or opinion must have been given with intent to deceive."); *see also* Clanton v. Bains Oil Co., Inc., 417 So. 2d 149 (Ala. 1982).  The Alabama Supreme Court has stated that in order to recover for promissory fraud, a promise to perform a future act, "[a plaintiff] would need to demonstrate substantial evidence that when [the defendant] made the promise it had the intent not to perform it." *See* Auto-Owners Insurance Co. v. Abston, 822 So. 2d 1187, fn. 10 (Ala. 2001); *see also* Walker v. Woodall, 262 So. 2d 756, 759 (Ala. 1972) ("In promissory fraud, the material existing fact that is misrepresented is the defendant's state of mind, when the defendant represents that he intends to perform some act although he does not in fact intend to perform it.").  Mr. Pittman's Affidavit proves that was not the case.  Based on his only theory of intent, Mr.

-8-

Pittman admits that no one, including Jerry Turner, had the intent to harm him or had the intent to deceive anyone, for that matter, at the time the statements were made at the meeting of February 7, 2005.  It was not until after the meeting, when Mr. Pittman and Mr. Turner had dinner that the alleged "intent" was born.  Thus, by his own admission, Stan Pittman cannot show that any statement that was made during the meeting of February 7, 2005 was made for the intent to harm Stan Pittman or with the present intent to deceive Pittman or MFP.  Thus, the Affidavit of Stan Pittman must be stricken in its entirety.

**IV.    The Affidavit of Stan Pittman Must be Stricken to the Extent That it is Based on Speculation and Conjecture.**

Paragraph 5 of the Affidavit of Stan Pittman must be stricken, because it is purely speculative.  According to that paragraph of Stan Pittman's Affidavit, based on a conversation that he had with Jerry Turner of Keystone, he apparently made some assumption as to the substance of a conversation that Mr. Turner and Mr. Rector may have had which he was neither present for nor has any firsthand knowledge of.  Paragraph 5 of the Affidavit of Stan Pittman basically states that he had a conversation with Jerry Turner on February 1, 2004 (which the Defendant must assume is intended to reflect 2005 rather than 2004) in which Jerry Turner, a Keystone employee, indicated that he was going to try to set up a meeting with someone who Mr. Pittman assumed to be Dana Rector.  Of course, Mr. Pittman has no idea if that meeting actually took place, and has no idea of the substance of the meeting if it did in fact take place. Therefore, to the extent that Stan Pittman utilizes paragraph 5 of his Affidavit to try to create a question of fact as to the accuracy of Dana Rector's Affidavit, such an attempt is not

supported and thus must be stricken.

WHEREFORE, for the reasons presented, the Affidavit of Stan Pittman, either partially or in its entirety must be stricken.  Further, all portions of the Plaintiffs' Reply Brief filed in support of its Motion to Remand which relies in any way on the Affidavit of Stan Pittman or which contradicts in any way prior pleadings, including the Plaintiffs' Complaint, must be stricken.

Respectfully submitted,

*s/Joseph E. Stott*
Attorney for Defendant Universal Forest Products, Matthew Missad, Douglas Honholt, Dana Rector, and Kraig Jansen
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
jstott@sssandf.com Email for Joseph Stott

**OF COUNSEL:**

**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, AL 35244
(205) 967-9675

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| MORRIS FOREST PRODUCTS, LLC;<br>STAN PITTMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>KEYSTONE EXTERIOR DESIGN,<br>LLC; JERRY TURNER; DON<br>LUDWIG; UNIVERSAL FOREST<br>PRODUCTS; MATTHEW J. MISSAD;<br>DOUGLAS P. HONHOLT; DANA<br>RECTOR; KRAIG JANSEN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Civil Action Number:<br>3:05-CV-00564-B** |

**CERTIFICATE OF SERVICE**

This is to certify that on <u>September 15, 2005</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record: Ollie A. "Tres" Cleveland, III, Esq., Randall S. Haynes, Esq., Patrick C. Davidson, Esq. and I hereby certify that I have mailed by U.S. Mail the document to the non-CM/ECF participant:

        Respectfully submitted,

        *s/Joseph E. Stott*
        **ASB-4163-T71J**
        Attorney for Defendant Universal Forest Products, Matthew Missad, Douglas Honholt, Dana Rector, and Kraig Jansen
        2450 Valleydale Road
        Birmingham, Alabama 35244
        Phone: 205-967-9675
        Facsimile: 205-967-7563
        jstott@sssandf.com Email for Joseph Stott