IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MORRIS FOREST PRODUCTS, LLC, et. al. ) | CASE NO. 3:05CV564-A |
| ) | |
| ) | JUDGE ALBRITTON |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **DEFENDANT KEYSTONE EXTERIOR** |
| KEYSTONE EXTERIOR DESIGN ) | **DESIGN, LLC, JERRY TURNER AND** |
| LLC, et al. ) | **DON LUDWIG'S MOTION TO STRIKE,** |
| ) | **ALTERNATIVE MOTION FOR LEAVE** |
| Defendants. ) | **TO FILE SUPPLEMENTAL BRIEF** |
| ) | **OPPOSING PLAINTIFFS' MOTION TO** |
| ) | **REMAND** |

Defendants Keystone Exterior Design, LLC ("Keystone"), Jerry Turner, and Don Ludwig move the court to strike those portions of plaintiffs' reply brief which raise issues not previously addressed in plaintiffs' motion to remand or defendants' response to same.  In the alternative, defendants move the court for leave to file a supplement to its response to plaintiffs' motion to remand, to address issues first raised in plaintiffs' reply.

Plaintiffs' reply raises for the first time, issues regarding whether Keystone and Turner had an intent to harm plaintiff Stan Pittman by means of business interference against plaintiff Morris Forest Products, LLC.  This issue was not raised in plaintiffs' motion to remand, nor are there any allegations in the complaint relating to any involvement of Keystone and Turner in business interference.  Accordingly, those portions of plaintiffs' reply relating to that subject should be stricken.

In the alternative, since plaintiffs have raised an issue in its reply brief, which was not raised in its motion to remand, defendants should have the opportunity to respond to the new issue by filing a supplement to its response brief.

Fraudulent joinder determinations must be based on plaintiffs' pleadings at the time of removal. *Crowe v. Coleman*, 113 F.3d 1536, 1539 (1997). While the court may consider affidavits or depositions in making this determination, the determination still must be whether the pleading has stated a possible cause of action, which would require remand.

Plaintiff Stan Pittman's affidavit states facts regarding a conversation with Jerry Turner, a representative of Keystone, that is argued provides a motive on the part of Turner and Keystone to intend to harm plaintiff Pittman. These allegations of fact, however, are not relevant to this court's determination, because plaintiffs' complaint contains no claims that Keystone or Turner engaged in business interference. Count Two alleges that defendants Universal and its employees interfered with the licensing agreement between Keystone and Morris Forest Products. There is no claim that Keystone and Turner interfered with the licensing agreement between Keystone and Morris Forest Products. In fact, there could be no such claim, because a party cannot interfere with its own contract.

Similar problems exist with the fraud and suppression claims. In Count Four, the only specific allegations of misrepresentations relate to defendant Universal and its employees and not to Keystone or Turner. Regarding Count Three, suppression, there is no allegation of any relationship between Keystone and Turner, and plaintiff Pittman, which would give rise to any duty to disclose by Keystone and/or Turner to plaintiff.

Plaintiffs are correct that the court is not to weigh disputed facts in determining fraudulent joinder issues. However, the court must make a determination as to whether plaintiffs' complaint states a possible cause of action. In determining whether a possible cause of action is stated, the court must consider whether certain key operative facts are alleged. The case of *Moorer v. Harts Seed Company*, 120 F. Supp.2d 1283 (2000) is relevant and applicable because it defines when a cause of action may be brought by an agent for harm to the agent's principal. The fact that *Moorer* involved a summary judgment ruling, does not mean that it is not applicable in this case. *Moorer* defined the legal elements of a claim by an agent for harm to the agent's principal, and then determined whether there were sufficient facts presented to preclude summary judgment. *Moorer*, is relevant to this case, to the extent that it establishes the legal elements of a claim by an agent for harm to the agent's principal.

The affidavit by plaintiff Pittman regarding defendants Keystone and Turner, does not change the salient fact that there are no allegations in the complaint that defendants Universal and its employees had any intent to harm plaintiff Pittman in connection with any alleged torts against Morris Forest Products. The absence of such allegations, means that the complaint does not state a cause of action on this issue. Such a determination does not involve a weighing of disputed facts, it involves an analysis of the complaint.

Moreover, plaintiffs' allegations that Keystone and Turner had a motive to harm Pittman, is not only irrelevant because Pittman has stated no claims against Keystone and Turner, but also because it does not present evidence of intent upon the part of Universal and its employees to harm Pittman.

For the above reasons, plaintiffs' motion for remand should be denied on the grounds that

Case 3:05-cv-00564-WHA-DRB    Document 33    Filed 09/20/2005    Page 4 of 5

plaintiff Stan Pittman does not have a cognizable claim and is therefore fraudulently joined.

                        Respectfully submitted,

                        /s/ Patrick C. Davidson
                        Patrick C. Davidson, Esq.
                        Adams, Unbach, Davidson and White, LLP
                        205 South 9th Street
                        Opelika, AL  36801

                        Attorney for Defendants
                        Keystone Exterior Design, LLC,
                        Jerry Turner and Don Ludwig

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing answer and counterclaim was mailed by regular U.S. Mail to the following, this 20th day of September 2005:

Randall S. Haynes, Esq.  
Morris, Haynes & Hornsby  
131 Main Street  
Alexander City, AL 35010

W. Percy Badham, III  
Maynard, Cooper & Gale, P.C.  
1901 Sixth Avenue North  
Suite 2400 AmSouth/Harbert Plaza  
Birmingham, AL 35203

Attorneys for Plaintiffs

William Scott, Esq.  
Scott, Sullivan, Strutman & Fox, P.C.  
2450 Valleydale Road  
PO Box 380548  
Birmingham, AL  35244

Attorney for Defendants  
Universal Forest Products,  
Matthew S. Missad,  
Douglas P. Honholt,  
Dana Rector, and  
Kraig Jansen

    /s/ Patrick C. Davidson  
    Attorney for Defendants, Keystone Exterior Designs, LLC,  
    Jerry Turner and Don Ludwig

U:\Keystone\Motion to Strike.wpd\09/15/05\skm