IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MORRIS FOREST PRODUCTS, LLC,** et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | 
| **KEYSTONE EXTERIOR DESIGN, LLC, et al.** | ) ) ) |
| Defendants. | ) |

CASE NO. 05-CV-00564

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE WHY DEFENDANTS' MOTION TO STRIKE SHOULD NOT BE GRANTED OR ALTERNATIVELY, WHY THE DEFENDANTS OUGHT NOT BE ALLOWED TO TAKE THE DEPOSITION OF STAN PITTMAN AND TO FILE SUPPLEMENTAL RESPONSE TO THE MOTION TO REMAND**

COME NOW Plaintiffs Morris Forest Products, LLC and Stan Pittman, and hereby move this Court for an Order denying Defendants' Motion to Strike, and alternatively, denying Defendants the right to take the take the deposition of Stan Pittman and/or file a supplemental response to Plaintiffs' Motion to Remand.[1]  As grounds therefore, Plaintiffs would show unto the Court as follows:

I.  **STAN PITTMAN'S AFFIDAVIT SHOULD NOT BE STRICKEN**

This Court need not lose sight of the posture of this suit.  The parties are not filing dueling summary judgment motions and responses and have conducted no discovery. Defendants have a very tough burden to convince this Court that the Plaintiffs have fraudulently joined any of the parties.  The burden rests with the Defendants and all Plaintiffs must show is a

---

[1] This is a consolidated response to the Court's Order that the Plaintiffs Show Cause, Defendant Universal Forest Product's (along with Defendants Dana Rector, Matthew J. Missad, Douglas P. Honholt and Kraig Jansen) Motion to Strike and Defendant Keystone Exterior Design, LLC's (along with Jerry Turner and Don Ludwig) Motion to Strike.

1

mere "**possibility** that a state court would find that the Complaint states a cause of action against any one of the resident Defendants" and, if so,"the Federal court **must** find the joinder is proper and remand the case to state court." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). Further, "[A]ny doubts about the propriety of the removal must be resolved against the exercise of Federal jurisdiction in favor of remand." *Fowler v. Provident Accident and Insurance Company,* 256 F.Supp.2d 1243, 1247 (N.D. Ala. 2003) (citing *Crowe v. Cullman,* 113 F.3d 1536, 1541 (11th Cir. 1997).

With that said, it is a common occurrence in litigation that as a case develops additional facts become known and circumstances evolve. Plaintiffs obviously do not dispute that their Complaint states that Stan Pittman was an employee. Plaintiffs also understand that the Affidavit of Stan Pittman clarifies this relationship. When Plaintiffs' complaint was drafted, the significance of the exact nature of Stan Pittman's employment was not a direct issue. It was only when Mr. Pittman's employment status and compensation structure were later discussed in greater detail did the Plaintiffs realize the significance of the specific nature of Mr. Pittman's employment with Morris Forest Products.

Further, Defendants' claims of contradictions regarding Plaintiffs' fraud allegations are unfounded. Statements contained in paragraph 38 of Plaintiffs' Complaint were made to the Plaintiffs, while statements made in Mr. Pittman's Affidavit were also made to the Plaintiffs. The fact that Defendants made various fraudulent representations has never changed. When reviewing the statements contained in paragraph 38 of the Complaint and those in Mr. Pittman's Affidavit, it is clear that the underlying theme of Universal's representations was that there was no **official** relationship between Universal and Keystone and that the current relationship and agreements between Keystone and Morris Forest Products would continue in the future,

regardless if an official relationship between Universal and Keystone ever developed. Obviously there was a relationship between Keystone and Universal or Universal would not have requested and sent representatives to a meeting at Morris Forest Products to discuss the licensing agreements and relationship between Keystone and Morris Forest Products. *See* Affidavit of Stan Pittman. Plaintiffs have not had the benefit of discovery, as it is not proper at this point in litigation, and have not had access to internal documents (memos, e-mails, letters, etc.) of the Defendants to determine when the relationship between Universal and Keystone began.

**What cannot be lost during this analysis is that even if this Court, for remand purposes, strikes Mr. Pittman's statements that he is an independent contractor and that he was compensated solely through commission, Defendants have still failed to meet their burden of showing fraudulent joinder.** While Plaintiffs still contend that the fact that Mr. Pittman was an independent contractor does factually distinguish the court's ruling in *Moorer*, that does not in any way mean that this action should not be remanded even if this Court considers Mr. Pittman an employee for the purposes of this motion. Nowhere in *Moorer* does it state that independent contractor status would have been a distinguishing fact in litigation, this is simply Plaintiffs' argument. *Moorer v. Hartz Seed Company,* 120 F.Supp.2d 1283 (M.D. Ala 2000). All Plaintiffs' other arguments still provide this Court with overwhelming legal authority that this action should be remanded to state court.[2]

## II.    LEGAL STANDARD

Universal and Keystone both argue that this Court must reach its finding regarding remand based solely on the facts and allegations contained in the Plaintiffs' Complaint. Case law clearly

---

[2] *See* Defendants' argument in Defendants' Motion for Remand and Reply to Defendants' Response Opposing Remand.

3

indicates the contrary:

> The court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal, **supplemented** by any affidavits or deposition transcripts filed by the parties." (*De Perez v. AT&T Company,* 139 F.3d 1368, 1380 (11th Cir. 1998). While the proceeding appropriate for resolving "a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment…the jurisdictional inquiry must not subsume substansive determination"…when considering a motion for remand, Federal courts are not to weigh the merits of plaintiff's claims beyond determining whether it is arguable under state law. (*Crowe,* 113 F.3d at 1538). The court should "resolve all questions of fact and controlling law in favor of the plaintiff (*Cabalceta v. Standard Fruit Company,* 833 F.2d 1538, 1561 (11th Cir. 1989), and any doubts about the proprietary of the removal must be resolved against the exercise of Federal jurisdiction in favor of remand." (*Burns v. Windsor Insurance Company,* 31 F.3d 10092, 10095 (11th Cir. 1995)

*Fowler v. Provident Life and Accident Insurance Company,* 256 F.Supp.2d 1243, 1246-1247 (N.D. Ala. 2003). [3]

In addition to the above standard, which is directly on point, the court in *Fowler* discussed the exact issue of whether a plaintiff's affidavit should be considered in addition to plaintiff's Complaint when ruling on a motion to remand. *Id.* at 1247. The court stated:

> Defendant contends that the court should not consider the allegations included in plaintiff's affidavit which was attached to the Motion to Remand. However the court finds that certain parts of the affidavit serve to clarify or amplify the claims asserted in the Complaint and will consider those parts of plaintiff's affidavits in support of plaintiff's motion. *Id.*

Mr. Pittman's affidavit simply was a response to Defendants' own affidavits, which contained many inconsistencies. Defendants opened the door regarding affidavit testimony, and it would be unfair if Plaintiffs were not allowed the opportunity to submit their own testimony regarding facts. Based on the holdings in *Fowler*, this Court should consider the clarification of

---

[3] While Folwer and cases cited within clearly allow affidavits and other evidence they in no way hold that the parties are entitled to full blown discovery. This was explained in this Court's ruling in Wright v. American General, 136 F.Supp2D 1206 (M.D. Ala 2001).

facts contained in Mr. Pittman's affidavit, and therefore, the affidavit should not be stricken.[4]

## III.   MR. PITTMAN'S AFFIDAVIT IS RELEVANT

Defendant Universal argues that the Affidavit of Mr. Pittman is irrelevant and that it should be stricken.[5] This argument is, in general, flat wrong as Mr. Pittman's affidavit contains a substantial amount of facts regarding Plaintiffs' causes of actions as stated in the Complaint.

To be more specific about Defendants' flawed relevancy arguments, in one of Defendant's arguments, it is stated that, "The Plaintiffs have failed to even address in their brief or in the Affidavit of Stan Pittman the fact there are no valid claims against the only non-diverse Defendant Dana Rector." *See* Defendant Universal's Motion to Strike, page 6, footnote 3. This is simply incorrect. Throughout the Plaintiffs' Reply and in Mr. Pittman's Affidavit, Plaintiffs went out of their way to specifically state the facts regarding Plaintiffs' causes of action specifically against Mr. Rector.[6]

Defendant Universal further argues "[T]o the extent that the communications between Mr. Pittman and Mr. Turner on the night of February 7, 2005 provide the basis for Mr. Pittman's assumption that Mr. Turner was angry or upset with him, those conversations could not have had any bearing on any alleged statements made by Dana Rector or any other employee of Universal." *See* Defendant Universal's Motion to Strike, page 7. Again, this argument is unfounded. As stated in Plaintiffs' Reply and supported by the Complaint and Mr. Pittman's Affidavit, it is Plaintiffs' theory that Keystone and Universal were operating in concert when

---

[4] As stated throughout this brief, while Plaintiffs do not believe that the portions of Mr. Pittman's affidavit stating that he was an independent contractor and compensated solely through commission should be stricken, if this Court chooses to do such there is no effect on Plaintiffs' legal arguments. As stated continuously in Plaintiffs' Motion to Remand and Reply to Defendants' Response, Plaintiff has certainly exhibited a mere possibility of an action in state court. *Triggs,* 154 F.3d at 128.

[5] If Defendant truly believed the affidavit was irrelevant, then why argue at length to strike it based on relevancy. The Court would surely ignore any irrelevant portions of the affidavit.

[6] *See* Affidavit of Stan Pittman, paragraphs 5 and 7.

01234544.1

they committed their tortious actions.[7]   This argument is evidence of Defendants' desire to argue the factual allegations made by Plaintiffs.  At this point in the litigation Plaintiffs have not had the benefit of discovery and therefore are left to form allegations and theories, based on the facts known at the present regarding Defendants' intent.[8]

Therefore, even though Defendants argue, "those conversations could not have had any bearing on any alleged statements made by Dana Rector or any other employee of Universal," this cannot be known until this litigation reaches discovery.  At that time Plaintiffs will gather evidence to determine whether Universal and Keystone were working in concert. Therefore the conversations between Mr. Turner and Mr. Pittman could certainly have bearing on the fraudulent representations of Universal and Dana Rector.  Further, Defendants' relevancy argument is generally misplaced.

Based on the above arguments, Mr. Pittman's Affidavit should not be stricken based on relevancy.

---

[7] *See* Plaintiffs' Reply to Defendants' Opposition to Remand, pages 20-21.  *See* also Affidavit of Stan Pittman, paragraph 10.

[8] In *Bethel v. Thorn,* the Alabama Supreme Court held the following regarding pleading intent:

> However the rule of generalized notice pleading is qualified by Rule 9(b), where the Plaintiff pleads fraud.  This special requirement as to fraud does not require every element in such actions to be stated with particularity.  It simply commands the pleader to use more than generalized or conclusionary statements to set out the fraud complaint of. The pleading must show time, place, the contents or substance of the false representations, the fact misrepresented, and identification of what has been obtained. But knowledge by the defendant of the falsity of the representation and reliance on the representation by the plaintiff can still be generally alleged…. Rule 9(b) also provides that conditions of the mind, such as malice, intent or knowledge, may be averred generally since further specification in such cases is possible only by pleading the evidence.

*Bethel v. Thorn*, 757 So. 2d. 1154, 1158 (Ala. 1999).

6

01234544.1

**IV.    DEFENDANTS SHOULD NOT BE ALLOWED TO CONDUCT REMAND-RELATED DISCOVERY OR RESPOND TO PLAINTIFFS' REPLY**

Plaintiffs argument for not allowing Defendants to take the deposition of Stan Pittman is essentially the same, as stated throughout Plaintiffs' previous brief in response to Defendants' Motion for Leave to Conduct Jurisdiction-Related Discovery.[9] As previously argued, pursuant to this Court's ruling in *Wright v. American General*, 136 F.Supp.2d 1206, 1213 (M.D. Ala. 2001), nothing is to be gained from allowing the Defendants to take the deposition of Stan Pittman.  Mr. Pittman does not possess, nor can he testify, regarding Defendants' intention or other conditions of the mind at the time the tortious actions were committed.  In *Wright,* the defendants requested jurisdictional related discovery and in response to this request, this Court stated,

> The Court cannot discern how discovery conducted by American General, presumably of the Plaintiff, will aid American General, or this Court, in evaluating a claim of fraudulent suppression, where the information was not in the possession of the Plaintiff, but allegedly in the possession of the individual agents.  Accordingly this request is due to be denied.

*Wright,* 136 F.Supp.2d at 143.

 Defendants have conceded this point by stating in their Motion to Strike, "The Plaintiffs have admitted in prior filings that Mr. Pittman cannot speak to the Defendant's intent.  Any attempt to do so is pure speculation."  *See*  Defendant Universal's Motion to Strike, page 6.  Therefore, if Plaintiffs and Defendants are both in agreement that Mr. Pittman can offer no direct evidence regarding Defendants' intent, there is no point to conduct his deposition at this time.

Also, this Court in *Wright* stated that conflict of facts between defendant's affidavit and plaintiff's Complaint were sufficient to establish that there was no fraudulent joinder.  *Id.* at

---

[9] *See* Plaintiffs' Response to Order to Show Cause Why Defendants' Motion for Leave to Conduct Jurisdiction-Related Discovery Should Not Be Granted.

1214. It is reasonable to conclude that a conflict of facts between Defendants' and Plaintiffs' affidavits would be sufficient to establish that there is no fraudulent joinder.[10]

Based on the above analysis, and since all surrounding questions of fact and law must be viewed in the Plaintiffs favor, this Court should not allow Defendants to depose Stan Pittman or respond the Plaintiffs' reply.[11]

## V. CONCLUSION

Based on the above arguments Defendants' Motions to Strike and Request to Respond to Plaintiffs' Rely should not be granted. In addition this Court should not allow Defendants to take the deposition of Stan Pittman.

s/Randall S. Haynes_____
Randall S. Haynes

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
131 Main Street
Alexander City, AL 35010
(256) 329-2000

s/ Ollie A. (Tres) Cleveland, III _____
W. Percy Badham III
Ollie A. (Tres) Cleveland, III

---

[10] Even if the Court does not agree with Plaintiffs' argument, it cannot be denied that there are still factual differences between Defendants' affidavits and Plaintiffs' Complaint. In all four of the individual Universal Defendants' affidavits they implied they made no fraudulent representations. *See* Affidavits of Dana Rector, Matthew J. Missad, Douglas P. Honholt and Kraig Jansen. This is in stark contrast to Plaintiffs' Complaint.

[11] If this Court does choose to allow the deposition of Mr. Pittman, Plaintiffs request an order from the court specifically limiting the Defendants' questioning to only areas concerning jurisdictional issues. If that is the case, the testimony should be limited to only the independent contractor issue.. Also, Plaintiffs can submit evidence to the Court and Defendants substantiating Mr. Pittman's employment status. (i.e. 1099's and pay stubs), therefore no deposition would be required. It should also be noted that the entire argument of independent contractor versus employee is moot since Plaintiffs' arguments in favor of removal are not affected even if Mr. Pittman is determined to be an employee.

8

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

                                                  Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing has been served upon the following:

William Scott, Jr.
Joseph E. Stott
Scott, Sullivan, Strutman & Fox, P.C.
2450 Valleydale Road
P.O. Box 380548
Birmingham, AL 35244

Patrick C. Davidson
Adams, Umbach, Davidson and White, LLP
205 South 9th Street
Opelika, AL 36801

via CM/ECF Electronic Noticing on this the 22ndth day of September, 2005.

                                               s/ Ollie A. (Tres) Cleveland, III_____
                                               Of Counsel