IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MORRIS FOREST PRODUCTS, LLC; )
STAN PITTMAN, )
                                            )
           Plaintiffs, )
                                            )
vs. ) CIVIL ACTION NO. 3:05cv564-A
                                            )
KEYSTONE EXTERIOR DESIGN, LLC; )
JERRY TURNER; DON LUDWIG; )
UNIVERSAL FOREST PRODUCTS; )
MATTHEW J. MISSAD; DOUGLAS P. )
HONHOLT; DANA RECTOR; AND KRAIG )
JANSEN, )
           Defendants. )

## ORDER

This cause is before the court on the Plaintiffs' Motion to Remand.

It appears to the court that it will be helpful in resolving the Motion to Remand to have additional briefing on the possibility of Morris Forest Products, LLC's ("Morris") establishing a claim in state court against Dana Rector.

The Plaintiffs have set forth a theory that the intent to harm Stan Pittman ("Pittman") was formed when Pittman rejected employment offers which were made after a February 7 meeting. The Plaintiffs also have alleged that representations of fact were made to Morris during the February 7 meeting. Based on the timing of the events, it may be that if there is a possibility that Morris can establish a claim against Dana Rector in state court, that claim is an alternative theory of recovery to a separate claim by Pittman. Therefore, the court is interested in the parties' positions as to Morris' ability to establish claims in state court against Dana Rector, and their positions on the application of the fraudulent joinder standard assuming, for purposes of

argument only, that there are alternative theories of recovery by a non-diverse plaintiff and against a non-diverse defendant which are mutually exclusive.

Accordingly, it is hereby ORDERED as follows:

1. The Defendants have until **November 28, 2005** to file a supplemental brief which addresses the possibility of Morris establishing a claim against Dana Rector in state court, and which addresses the applicability of the fraudulent joinder standard to a situation in which there is a theory of recovery by a non-diverse plaintiff which is an alternative theory to a claim against a non-diverse defendant.

2. The Plaintiffs have until **December 5, 2005** to file a response to the Defendants' supplemental briefs.

Done this 16th day of November, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE