## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MORRIS FOREST PRODUCTS, LLC;** | ) | |
| **STAN PITTMAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action Number:** |
| **v.** | ) | **3:05-CV-00564-B** |
| | ) | |
| **KEYSTONE EXTERIOR DESIGN,** | ) | |
| **LLC; JERRY TURNER; DON** | ) | |
| **LUDWIG; UNIVERSAL FOREST** | ) | |
| **PRODUCTS; MATTHEW J. MISSAD;** | ) | |
| **DOUGLAS P. HONHOLT; DANA** | ) | |
| **RECTOR; KRAIG JANSEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S
## ORDER OF NOVEMBER 16, 2005

COME NOW Defendants Universal Forest Products Eastern Division, Inc. (designated in the Plaintiffs' Complaint as "Universal Forest Products" and herein after referred to as "Universal") and Defendants Dana Rector, Matthew Missad, Douglas Honholt and Kraig Jansen and pursuant to this Court's Order of November 16, 2005 hereby file this Supplemental Brief in opposition to the Plaintiffs' Motion to Remand.

## ARGUMENT

This Court has requested that the Defendants file a Supplemental Brief addressing two separate and distinct issues. The Court has requested that the Defendants address the issue of whether diversity jurisdiction exists in a situation in which there is a theory of recovery by a non-diverse Plaintiff which is an alternative and mutually exclusive theory to a claim against

a non-diverse Defendant. The Court has also asked that the Defendants addressed whether or not Morris Forest Products has a possibility of establishing a claim against Dana Rector as an individual Defendant.[1]

At the outset, the Defendants need to make clear their understanding of the Court's Order and the implications of that Order. It is the understanding of the undersigned counsel of record for the Defendants that the Court's request is based on the following issues. It has been previously argued by the Defendants that either Stan Pittman or Dana Rector have been fraudulently joined in this action. It goes without saying if the Defendants can establish that either one of those parties was joined fraudulently, diversity jurisdiction exists because those two parties are the only non-diverse parties named in this case. The Defendant has extensively briefed the issue of the fact that Stan Pittman does not have any viable claims against any Defendant, and the Court wishes for further explanation as to the Defendant's position on the fraudulent joinder of Dana Rector. Specifically, the Court has asked for additional briefing on

---

[1] The issue of the viability of Stan Pittman's claims against Dana Rector has been addressed by both parties on at least two previous occasions. With regard to this Brief, the Court has asked the parties to assume that the claims of the allegedly non-diverse Plaintiff and allegedly non-diverse Defendant are mutually exclusive. As such, the Court's Order clearly indicates that for the purposes of this Brief we are to assume that the Court has already determined that Pittman has no valid claims against Rector. As such, the Defendants do not intend to brief that issue. The Court's Order does not ask for briefing on that issue and in fact specifically asks the parties to assume, for the purpose of this Brief, that issue has been resolved. Based on the history of the Plaintiffs' Briefs in this case, the Defendants suspect that the Plaintiffs will attempt to resurrect those claims which they appear to have abandoned, as the Plaintiffs' claims seem to change each time a new Brief is filed. As such, the Defendant asks the Court to hold the Plaintiff to filing a Brief which responds only to the Court's Order and does not attempt to revive or create some new or different claim by Pittman against Rector and to strike any attempt that the Plaintiff may make in that regard.

the issue of whether Morris Forest Products can make out a claim against Dana Rector for fraudulent joinder purposes.

The second part of the Court's Order becomes slightly more complicated. It is the understanding of the undersigned counsel that the Court recognizes the fact (which has basically been conceded by the Plaintiffs) that Stan Pittman cannot under any circumstances make out a claim directly against Dana Rector. However, the Court wishes to know how it should treat the jurisdictional issues raised in the Motion to Remand in the event that Stan Pittman has some possibility of making out a claim against some Defendant other than Dana Rector, and Morris Forest Products has some possibility of making out a claim against Dana Rector. However, the two theories upon which the two claims are based are alternative theories which are mutually exclusive. In other words, the Court wishes to know whether it can retain jurisdiction in a situation where it is possible that Stan Pittman can be successful in one or more of his claims, but his success would be fatal to the claims of Morris Forest Products against Dana Rector. Conversely, Morris Forest Products may be able to make out a claim against Dana Rector. However, Morris' success would be dependent upon a set of facts which would be fatal to the claims of Stan Pittman. It is upon this understanding that this brief is based.

## I.    No Claims Between Non-Diverse Parties

The Defendant must first note that the hypothetical presented by the Court correctly assumes that Stan Pittman cannot make out a claim against Dana Rector. Under such a

hypothetical, it is not necessary for the Court to go any further to decide to retain jurisdiction over this matter.

The Defendants have consistently taken the position that in order to create "complete diversity" the Defendants could merely show that there were no legitimate claims made by Stan Pittman (the allegedly non-diverse Plaintiff) against Dana Rector, (the only allegedly non-diverse Defendant). The Plaintiffs originally agreed with this contention, admitting in their Motion to Remand that "all that is required by the Plaintiffs is to show that there is some possible cause of action that Mr. Pittman may maintain against the Georgia Defendants." (See Plaintiffs' Motion to Remand, pages 3-4). However, when the Plaintiffs realized that Mr. Pittman in fact could not make out a claim against Dana Rector as an individual, the Plaintiffs revised their legal position, and now maintain that it is not necessary for Stan Pittman to have claims against Dana Rector, the only Georgia Defendant. In fact, in their most recent Brief, the Plaintiffs do not even attempt to argue that Stan Pittman has a direct cause of action against Dana Rector. (See Plaintiff's Supplemental Brief, Document number 38, at page 6). Unfortunately, the Plaintiffs' legal position is completely incorrect.

Though the Plaintiffs continuously cite numerous cases for the proposition that the presence of a single Georgia Plaintiff and a single Georgia Defendant defeats diversity jurisdiction, that is simply not the case because the cases relied upon by the Plaintiffs are factually different in all material respects from the case before this Court. Specifically, in each and every case relied upon by the Plaintiffs, the non-diverse Plaintiff does in fact have a viable

cause of action pending against the non-diverse Defendant. In a situation such as the one at hand, where there is no viable cause of action by the only Georgia Plaintiff against the only Georgia Defendant, the "complete diversity" rule is still met, as diversity jurisdiction exists with respect to every claim pending in the case. The Plaintiffs have failed to point to a single case where our factual scenario exists.[2] That is likely true due to the fact that, to this author's knowledge, there is only one single case that has been reported where our factual scenario has been addressed. By coincidence, that case was decided in the United States District Court for the Southern District of Alabama.

In the case of Williams v. Conseco, Inc., 57 F.Supp.2d 1311 (S.D. Ala. 1999), Judge W. Bevard Hand addressed the question of the existence of diversity jurisdiction where non-diverse parties are named, but have no claims pending against each other. In examining this situation, the United States District Court for the Southern District of Alabama stated as follows:

> One likely could find literally hundreds of reported decisions which repeat the mantra, "Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants." *See, e.g.,* Halleran v. Hoffman, 966 F.2d 45 (1st Cir. 1992). Setting aside the

---

[2] Though the Plaintiffs rely on Exxon Mobil Corp. v. Allapattah Services, Inc., ___ U.S. ___ (2005), like the other cases cited by the Plaintiffs for the proposition that "complete diversity" must exist, Exxon Mobile Corp. has absolutely nothing to do with the issues before this Court. Instead, Exxon Mobile Corp. answered only the question of whether a Defendant can remove an entire class action based on diversity jurisdiction when some of the individual class members were bringing claims that did not meet the "amount in controversy" requirements for diversity jurisdiction, and other class members did meet that requirement. The Court discussed the "complete diversity" rule in *dicta* only, noting that the presence of a single non-diverse Defendant destroyed diversity jurisdiction for all Defendants. The case in no way addresses the situation where the non-diverse Plaintiff had no legitimate claims against that non-diverse Defendant.

question of fraudulent joinder, mechanistic application of this rule to the case at bar, as the plaintiffs propose, would result in the summary remand of this case. The court would simply observe that Warren Williams is a plaintiff from California, and Ron Petrinovich, Curtis Cobb, and David Gin are also from California and are named as defendants in the complaint. But this overly simplistic approach would ignore the legal realities of this case.

That reality is that the California plaintiff does not sue the California defendants. The court finds no reported decision in which a court has considered the presence *vel non* of complete diversity in this specific, unusual circumstance. **Upon careful consideration of this issue, the court concludes that the presence or absence of such a controversy, or "clash of interests," between diverse or nondiverse parties, is the factor that makes or breaks diversity jurisdiction, respectively. Because there is no concrete controversy between nondiverse parties in this case, the court finds that complete diversity exists in this case.**

As the Court of Appeals for the Third Circuit has stated,

> In order to sustain jurisdiction based on diversity of the parties, *there must exist an actual, substantial controversy between citizens of different states,* all of whom on one side of the controversy are citizens of different states from all parties on the other side.

Employers Insurance of Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 45-46 (3d Cir. 1990) (emphasis supplied); *also see* Walls v. Ahmed 832 F. Supp. 940, 941 (E.D.Pa. 1993).

Other courts have also discussed complete diversity in terms of the diversity of each *claim* in the case:

> And 28 U.S.C. § 1332(a) speaks in terms of the diversity of "civil actions"

-6-

> *— it is not enough that . . . total diversity may exist as to fewer than all of a plaintiff's claims, if they are joined with at least one nondiverse claim.*

Controlled Environment Systems v. Sun Process Co. 936 F. Supp. 520, 521 (N.D.Ill. 1996) (emphasis supplied).

In this case, each individual count of the complaint constitutes an "actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *Employers Insurance, supra.* Also, as to each plaintiff in this case, complete diversity exists. Neither Warren Williams, nor Dan Haygood, nor Robert Needham states *"at least one nondiverse claim"* because there are no nondiverse claims in the complaint. *Controlled Environment Systems, supra.*

Williams v. Conseco,Inc., 57 F. Supp.2d 1311 at 1315 (S.D. Ala. 1999)(some emphasis added).

As the United States District Court for the Southern District of Alabama pointed out, it is easy to find a litany of reported decisions which repeat the general "complete diversity" description. However, none of those hundreds of cases address the situation like ours, where Stan Pittman has no viable claims against the only allegedly non-diverse Defendant, Dana Rector. To quote Judge Hand, that is the factor that makes or breaks diversity jurisdiction in this case. Because there is no controversy between Pittman and Rector there is complete diversity in this case.[3] Due to the fact that the Court's briefing Order necessarily requires

---

[3] Defense counsel finds it curious that Plaintiffs' counsel chooses to ignore the existence of this case. While the United States District Court for the Southern District of Alabama admits that an exhaustive search revealed no prior precedent directly addressing the issue, Plaintiffs' counsel is surely aware of the existence of this case, given that it was the Plaintiffs' firm who successfully argued in support of federal jurisdiction under these facts. In other words, it was the

that there are no viable claims between Pittman and Rector, and because the Plaintiffs appear to have abandoned any argument that there is an actionable controversy directly between Pittman and Rector, it is clear that the Court need not go further to determine the existence of diversity jurisdiction.  On the authority of Williams v. Conseco, Inc., *supra*, the Plaintiffs' Motion to Remand is due to be denied.

## II.    Claims Against Dana Rector By Morris Forest Products

As stated above, it is unnecessary to go any further to determine the jurisdictional issues in this case.  As long as Stan Pittman has no direct claims against Dana Rector, it is irrelevant whether Morris Forest Products can make out any claims against Dana Rector.  However, in the abundance of caution, and at the request of the Court, the viability of the claims of Morris against Dana Rector, individually, will be addressed as well.  In the Complaint, the Plaintiffs' collectively allege four potential causes of action: breach of contract, tortious interference with a contractual relationship, suppression, and fraud.  Under the facts before this Honorable Court, Morris Forest Products cannot recover from Dana Rector on any of the claims.

---

Plaintiffs' law firm of Maynard, Cooper & Gale that was responsible for creating the precedent that the firm now chooses to ignore.  A complete copy of the Williams v. Conseco, Inc. case is attached hereto as Exhibit "A" and the Brief filed in that case by Plaintiffs' counsel's firm is attached hereto as Exhibit "B."  The Defendants further note that the case has been cited with approval (though on different issues) on numerous occasions by the Middle District of Alabama, the Northern District of Alabama, the Southern District of Florida, the Western District of Louisiana, and the Sixth Circuit Court of Appeals.

### A.     **Breach of Contract and Suppression**

MFP's claims for breach of contract and suppression suffer from the same fatal error, that Dana Rector does not occupy the requisite position to allow the Plaintiff to recover under either claim.  According to Alabama law, a requisite for a breach of contract claim is the existence of a contractual relationship between the plaintiff and the defendant. *See*, Reynolds Metal Co. v. Hill, 825 So. 2d 100 (Ala. 2002).  In the instant case, MFP never had any contractual relationship with Mr. Rector.  Furthermore, MFP has not even plead that it has contractual relationship with Mr. Rector.

Similarly, to recover for suppression, the plaintiff must show that the defendant owed some duty, typically via a confidential relationship to the plaintiff. *See,* Johnson v. Sorensen, 2005 WL 1253829 (Ala. 2005). This is missing in this case.  MFP and Mr. Rector were never in a confidential relationship and Mr. Rector never owed an duties to MFP.  MFP has generally alleged that all the defendants owed some duties to it, however Mr. Rector did not owe any of those duties.  The evidence clearly shows that Mr. Rector had minimal involvement with MFP and that involvement was limited to his attendance at the meeting on February 7, 2005.  Mr. Rector was present at the meeting for the sole purpose of evaluating MFP's manufacturing facilities for Universal.  Clearly, there was never a confidential relationship even contemplated between Mr. Rector and MFP.  Therefore, since Mr. Rector was not in a contractual relationship or confidential relationship with MFP, its claims for breach of contract and suppression fail.

## B.    Tortious Interference

MFP's claim for tortious interference against Dana Rector fails because Keystone had already stated that its contractual relationship with MFP was over and even if it was not, Mr. Rector did nothing to interfere with that relationship.  To establish a claim for tortious interference with contractual or business relations under Alabama law, MFP must prove: (1) the existence of a contract or business relation; (2) Dana Rector's knowledge of the contract or business relation; (3) intentional interference by Mr. Rector with the contract or business relation; (4) the absence of justification for Mr. Rector's interference; and (5) damage to MFP as a result of the interference. *See*, <u>McFarlin v. Conseco Services, LLC</u>, 381 F.3d 1251 (11th Cir. 2004).  The Plaintiffs' Complaint states that the relationship that the Defendants interfered with was its licensing agreement with Keystone.  However this relationship was over before Dana Rector ever became involved with MFP.  Keystone has stated, via affidavit, that it considered its relationship with MFP terminated upon the expiration of the original licensing agreement. (*See*, Affidavit of Donald Ludwig attached to Universal Forest Products' Response to Plaintiffs' Motion to Remand as Exhibit "B").  This is the position that was told to Universal and Dana Rector.  This fact alone precludes a claim of tortious interference because it shows that the very relationship that MFP is suing over was terminated, in the eyes of Keystone, long before Mr. Rector ever arrived on the scene.

Additionally, the second and third criteria fail because this shows that as far as Dana Rector knew, the relationship between Keystone and MFP was over.  He did not have the

requisite knowledge or intent to intentionally interfere with a contract that he believed to be

ended. Even if Keystone was incorrect in its interpretation of the contract, as long as that

interpretation was voiced to Rector, Rector did not have knowledge of an on-going

relationship between Keystone and Morris Forest Products. The fact that this information

was in fact given to Universal by Keystone is undisputed.

Thirdly, Mr. Rector's belief, via Keystone's statements, that the licensing agreement

was over offers a valid justification for any alleged interference on his part. Finally, MFP

could not have been damaged in anyway by Mr. Rector's alleged interference because

Keystone had already viewed its relationship with MFP as being terminated. Nothing Dana

Rector did, as an individual or otherwise, contributed to that belief and nothing he did

caused harm to MFP. Keystone's mind was already made up long before Mr. Rector arrived

and therefore, MFP's tortious interference claim has no possibility of success.

### C.    Fraud

MFP's fraud claim fails against Mr. Rector because it has not been properly plead

and his statements are not actionable as fraud. Rule 9(b) of the Federal Rules of Civil

Procedure clearly states that allegations of fraud carry heightened pleading requirements.

Specifically, that Rule requires that "in all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity." F.R.C.P. Rule 9(b) (2005).

The Plaintiff, in the Complaint generally attributed fraud to all four individual Defendants,

Missad, Honholt, Jansen, and Rector, as well as to Defendant Universal Forest Products.

The Plaintiff did not state which Defendant made which statement or which misrepresentation.[4] Specifically, the Plaintiff did not state what misrepresentation or false statement, if any, Mr. Rector made. The Eleventh Circuit has asserted, in no uncertain terms, that this type of pleading– lumping together all of the defendants in the plaintiff's allegations for fraud– falls short of pleading fraud with particularity as mandated in Rule 9(b). Brooks v. Blue Cross & Blue Shield of Florida, 116 F.3d 1364, 1381 (11th Cir. 1997). According to the court:

> As the Seventh Circuit noted in Vicom: Because fair notice is "[p]erhaps the most basic consideration" underlying Rule 9(b), Wright & Miller, Section(s) 1298, at 648, the plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." Midwest Grinding [Co. v. Spitz], 976 F. 2d [1016, 1020 (7th Cir. 1992)]. Therefore, in a case involving multiple defendants . . . "the complaint should inform each defendant of the nature of his alleged participation in the fraud." DiVittorio [v. Equidyne Extractive Indus., Inc. 822 F.2d 1242, 1247 (2d Cir. 1987)]; see also . . . Balbabanos v. North A. Inv. Group, Ltd., 708 F. Supp. 1488, 1493 (N.D. Ill. 1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant").

Id. As the Eleventh Circuit stated above, the purpose of the special pleading requirement of Rule 9(b) is to give fair notice of the alleged fraud to the Defendants. By not stating what misrepresentations or fraudulent statements were made by which defendants, the Plaintiff has undermined the purpose of Rule 9(b). Mr. Rector does not know what misrepresentation he is alleged to have made and therefore MFP's fraud claim is fails.

---

[4] See Plaintiff's Complaint at p. 6.

However, assuming arguendo, that the fraud claim is properly plead, MFP still has no possibility of recovery because Mr. Rector's statements are not actionable as fraud. According to MFP's Complaint, the alleged fraudulent statements took place at the February 7, 2005, meeting.  Plaintiff Stan Pittman has already testified that he was present at that meeting the entire time Mr. Rector was and remembers him only saying that "everything would be wonderful if it stayed at Morris Forest Products" or "everything would be wonderful if it stayed manufactured at Morris Forest Products."[5]  None of those statements constitute a misrepresentation of an existing material fact, but rather are opinions held by Mr. Rector and are not actionable as fraud. *See* Shuttershop, Inc. v. Amersham Corp., 114 F.Supp. 2d 1218 (M.D. Ala. 2000) ("[O]ne cannot commit fraud by expressing opinions . . . ."); *see also* Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala. 1994)(holding that statements of opinion are not statements of material fact and therefore will not support claims of fraud).

Additionally, according to Mr. Pittman, these statements were true. (See Deposition of Stan Pittman at page 207).  True statements are not actionable as fraud. S*ee*, Desouza v. Lauderdale, Ct. Civ. App. Ala. Case No. 2031051 (June 30, 2005)(citing Prestwood v. City of Andalusia, 709 So.2d 1173, 1175, 1177 (Ala. 1997)(finding that "a false statement is an essential element of fraud" and hold that "[a] fact finder could not reasonably find that [a

---

[5] Mr. Rector has stated via his affidavit that he only introduced himself at the meeting, however, for purposes of this brief, the Defendants will assume for the purposes of this Brief that Mr. Pittman is correct.

-13-

Defendant] made a misrepresentation [ ] when not one witness could say under oath that the statement was untrue")).  For these reasons, the fraud claim fails.  Therefore, MFP has no possibility of recovering against Dana Rector under any of the claims alleged in the Complaint.

## III.    Existence of Inconsistent Claims By Separate Non-Diverse Parties

The final issue that the Court has asked the Defendants to address is the proper handling of a situation where Morris Forest Products had some possibility of recovery against Dana Rector, individually and Stan Pittman has some possibility of recovery against a separate diverse Defendant, but the success of those two claims are mutually exclusive.  In other words, either Morris can be successful against Rector, or Pittman can be successful in his claim, but the success of one claim necessarily requires the defeat of the other.

As stated above and in previous briefs, the Defendants do not believe that Morris can make out a claim against Rector, and the Defendants do not believe that Pittman can make out of a claim against any Defendant.  However, the Court has asked the Defendants to assume these facts for the purposes of this Motion only.  Under the Court's hypothetical scenario, there are three possible outcomes, all of which require the exercise of diversity jurisdiction by the Court.

### A.    No Finding of Complete Diversity

The first option available to the Court is to simply ignore the residency of Pittman and Rector due to the fact that there are no viable claims by Pittman against Rector.  On the

authority of <u>Williams v. Conseco, Inc.</u>, *supra*, because there are no claims directly between

Pittman and Rector, complete diversity still exists, and the Court can simply retain

jurisdiction for the reasons presented in part I above.

**B.     Sever the Claims**

The Second Option Available to the Court is to Sever the Claims of Morris Forest

Products from the Claims of Stan Pittman. Under the scenario presented by the Court, a

severance would be proper, and may potentially be required.  In addition to the fraudulent

joinder rule which has been discussed at length by counsel for both the Plaintiffs and

Defendants, in making a decision whether to sever claims, the Court must look at Rule 20,

which governs the permissive joinder of Morris' claims with the claims of Stan Pittman.

Rule 20 of the *Federal Rules of Civil Procedure* states, in pertinent part, that the claims of

Pittman and Morris can be joined if their claims are found to be "arising out of the same

transaction, occurrence, or series of transactions or occurrences and if any question of law or

fact, common to all of these persons will arise in the action." F.R.C.P. Rule 20 (2005).  In

this case, under the assumption required by the Court's briefing Order, the Plaintiffs cannot

meet that requirement, and the claims of Pittman must be severed from the claims of Morris

Forest Products.

As described in the Court's hypothetical scenario, the theories of recovery presented

by Pittman and the theories of recovery presented by Morris Forest Products are inconsistent

and mutually exclusive.  As such, by definition, they do not arise out of the same operative

facts or out of the same transaction or occurrence. In fact, the opposite is true Morris and

Pittman must necessarily argue distinct and mutually exclusive facts in order to recover. As

such, their claims should not be joined. Further, under Rule 21 of the *Federal Rules of Civil*

*Procedure*, parties who are mis-joined should be severed from one another for their claims

to proceed separately.

In construing the fraudulent joinder statute, both requirements contained in the rule,

which includes transactional relatedness and commonality, are required. *See, e.g.*, James v.

Gilmore, 389 U.S. 572 (1968), Michaels Building Company v. AmeriTrust, 848 F.2d 674

(6th Cir. 1988). One of the issues taken into account when determining whether to sever

claims is fundamental fairness. Insolia v. Phillip Morris, Inc., 186 F.R.D. 547, 549 (W.D.

Wis. 1999). It is clear that if the Court determines that there is no complete diversity, the

District Court has the discretion to drop a non-diverse party if that party is not a necessary

party. *See*, Newman-Green, Inc. v. Alfonzo-Lorrain, 490 U.S. 826, 832-838 (1989). In this

case, Morris is not a necessary party to determine Pittman's claims, and Pittman is not a

necessary party to determine Morris' claims. As such, it appears that a severance would be

an appropriate remedy.

The Fourth Circuit Court of Appeals was recently faced with a situation which is

somewhat similar to the one before this Court and to the one described in the Court's

briefing Order. In the case of C.L. Ritter Lumber Company v. Consolidation Coal, 283 F.3d

226 (4th Cir. 2002), multiple coal bed owners sued multiple energy companies and federal

jurisdiction was based on diversity. However, three of the 12 Plaintiffs were Texas residents, and there were two Defendants who were also Texas residents. None of the Texas Plaintiffs had claims pending against either of the Texas Defendants. As such, the Court made the determination to split the suit into two separate cases "with one embracing the claims asserted by the Texas Plaintiffs and the other embracing the claims against the Texas Defendants." Id. at 229.

In reviewing the District Court's decision, the Fourth Circuit Court of Appeals stated that "we do not hesitate to uphold the exercise of discretion here." Id. at 230. As such, the decision of the District Court to sever the two sets of claims rather than dismissing the suit for lack of diversity was upheld.[6] For the reasons presented above, it is clear that this Court will be well within proper discretion in severing Pittman's claims from Morris' claims, and retaining jurisdiction over both sets of claims. Further, the cases could still be tried together, as was the case in C.L. Ritter v. Consolidation Coal, *supra*.

Moreover, under the scenario presented in the Court's briefing Order, a severance or a complete withdrawal by Plaintiffs' counsel would likely be required as a matter of ethical considerations. It would be, as a practical matter, impossible for Plaintiffs' counsel to continue to represent both Stan Pittman and Morris Forest Products in the event that the success of one of those Plaintiffs' must come at the detriment of the other. It would be

---

[6] Of course, under Williams v. Conseco, *supra*, and the cases cited therein, even without the severance, dismissal for lack of jurisdiction would not have been necessary as none of the Texas Plaintiffs had claims against the Texas Defendants.

impossible for Plaintiffs' counsel to argue alternative, mutually exclusive theories when their clients' positions are dependent upon the success of those mutually exclusive arguments.

This is not a situation where a single entity brings forward alternative theories of recovery. Instead, this is a situation where Plaintiffs' counsel would have no choice but to choose one client over the other if these claims were not severed or if Plaintiffs' counsel did not withdraw from representation of at least one of the Plaintiffs. Continued representation of both clients who present mutually exclusive theories of recovery is simply an irreconcilable conflict and the cases cannot be prosecuted by the same counsel for both parties. Thus, as a practical matter, a severance may ultimately be required in any event.

Regardless of the reasons, it is clear that severance will alleviate any jurisdictional barrier due to the Federal Court retaining jurisdiction over this matter, and based on the precedent cited above, a severance would be an appropriate decision if the Court finds that complete diversity does not exist without a severance.

**C.    Jurisdictional Concerns Cured at Time of Judgment**

A third option available to the Court, under the scenario presented, would be to simply retain jurisdiction over the case until judgment is entered. Assuming that the theory of recovery presented by Stan Pittman is mutually exclusive of the theory of recovery presented by Morris Forest Products, it is necessarily true that only one of those two entities can be successful if and when the case proceeds to trial. Under the Court's hypothetical,

there are only three possible outcomes.  The first outcome is that the Defendants are successful on all claims either by way of summary judgment or jury verdict.  The second possibility is that Stan Pittman is successful in his claims against a diverse entity, but Morris is unsuccessful in its claims against Rector and any other Defendants.  Finally, the only other possible outcome based on the Court's hypothetical is that Morris is successful against Rector and/or some other Defendants, but Stan Pittman is unsuccessful in his claims.

Under any such scenario, there is no possible outcome which has a Georgia Plaintiff making a successful claim at the same time that a successful claim is made against a Georgia Defendant.  In other words, at the time of judgment, diversity jurisdiction will exist, because the claims made by Stan Pittman or the claims made against Dana Rector will be unsuccessful and will be dismissed.

In such a scenario, the Court may retain jurisdiction over the entire case until such time as the jurisdictional defects are cured at the time of judgment. In the recent case of Caterpillar, Inc. v. Lewis, 519 U.S. 61 (1996), Plaintiff James David Lewis, a citizen of Kentucky, sued Caterpillar, a diverse Defendant, along with Whayne Supply, who was also a Kentucky resident.  Liberty Mutual Insurance Company also intervened in that case as a Plaintiff, asserting a subrogation interest in any recovery made by Lewis.

When Lewis settled his claims with the Kentucky Defendant Whayne Supply, Caterpillar removed the case to Federal Court.  Lewis filed a Motion to Remand, arguing

correctly that the subrogation claims of Liberty Mutual against Whayne Supply effectively kept Whayne Supply in the case and defectively destroyed diversity jurisdiction.

In that case, the District Court denied the Motion to Remand, but by the time the case was tried (which resulted in a verdict in favor of Defendant Caterpillar) the claims of Liberty Mutual against Whayne Supply had been resolved. Thus, at the time that judgment was entered, all of the parties where in fact diverse.

The Sixth Circuit Court of Appeals initially reversed the judgment in favor of Caterpillar, indicating that the case should have been remanded to State Court and that the verdict should be vacated. However, the United States Supreme Court reversed the Sixth Circuit and upheld the decision of the Trial Court. The United States Supreme Court explained that a "District Court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdiction requirements are met at the time judgment is entered." Id. at page 64.

As the Court has asked that the parties assume for the purposes of this Brief that the claims made by Pittman and the claims made against Rector are alternative theories and are mutually exclusive, it is impossible for Stan Pittman and Dana Rector to continue to be proper parties at the time the judgment is entered. As such, any and all jurisdictional defects which are alleged by the Plaintiff will necessarily be cured by the failure of one or the other of these mutually exclusive claims. As such, under Lewis v. Caterpillar, *supra*, there will be

no jurisdictional concerns at the time of resolution of this case. As such, the Court should

retain jurisdiction over all of the claims presented herein.

Further, recognizing that the claims of Pittman and the claims against Rector cannot

both stand, even if both claims were still presented to the same jury and resulted in

judgments entered at the same time, the Court could still cure any perceived jurisdictional

defects. Because they are based on completely separate sets of facts, and because the

Plaintiffs have taken the position that Pittman has a cause of action which is independent of

the claims of Morris Forest Products, the Plaintiffs' claims (Pittman's claims and Morris

Forest Products' claims) could have been brought separately. Because the claims could have

been brought separately, and for the reasons described in part II above, claims of Pittman

and Morris Forest Products can be severed in two separate actions. The identity of parties in

separate actions is not considered in determining whether diversity jurisdiction exists, even

where the cases are later consolidated and tried together. Cella v. Togum, 173 F3d 909, 913

(3rd Cir. 1999), Intown Props. Mgt. Inc. v. V. Wheaton Van Lines, Inc., 271 F.3d 164, 166-

67 (4th Cir 2001). Furthermore, the Court can elect to wait until after a judgment is entered

and determine whether a severance is necessary given the identity of the remaining parties,

and sever the claims even the judgment is entered. Such a decision is well within the

discretion of the Trial Court, and is proper given the fundamental fairness concerns

described herein and in prior Briefs. Such a decision would result in a proper exercise of

federal jurisdiction, and would not be disturbed on appeal. *See*, C.L. Ritter Lumber

Company v. Consolidation Coal, 283 F.3d 226 (4th Cir. 2002).

## CONCLUSION

As recognized by Judge Hand in delivering the opinion Williams v. Conseco, *supra*,

this Court has a "virtually unflagging obligation" to exercise jurisdiction over this case when

diversity jurisdiction exists.  In a well reasoned, well supported opinion, the United States

District Court for the Southern District of Alabama recognized that in this situation, where

there is no controversy between the allegedly non-diverse parties, the Court must go beyond

the "complete diversity" decisions which simply compare the citizenship of all Plaintiffs to

the citizenship of all Defendants.  Instead, as Judge Hand appreciated, an absence of a true

controversy between Pittman and Rector is "the factor that makes or breaks diversity

jurisdiction." Williams v. Conseco, *supra* at 1315.

The United States District Court for the Southern District of Alabama did not simply

invent this rule.  Instead, the Court recognized that this issue has never been directly

addressed by our Supreme Court.  As such, Judge Hand relied on numerous opinions from

various sources including numerous Circuit Courts, District Courts, The United States

Supreme Court, and other authorities.[7]  Further, the opinion in Williams v. Conseco

comports with the spirit of the removal statute.  The entire basis of removal is to guarantee

---

[7] In fact, Plaintiffs' counsel's firm agreed that Judge Hand's ruling was neither a novel ruling, nor one over which there could even be a substantial difference of opinion.  See, Defendants' Response to Motion for Certification of Interlocutory Order filed in Williams v. Concseco, *supra* at page 4 (attached as Exhibit "C").

out of state Defendants a level playing field and protection from the fear of being "home cooked." The absence of diversity, theoretically, should provide protection to those out of state Defendants due to the fact that having non-diverse parties on both sides of the controversy should "even the odds." However, in the case of Williams v. Conseco, and in the case before this case, the odds are not evened because there is no controversy between the allegedly non-diverse parties. As such, it stands to reason that remand to State Court cannot be a proper outcome.

The undersigned counsel of record for the Defendants is not aware of any precedent which addresses this situation other than the Williams v. Conseco, case, which is certainly persuasive. However, the Plaintiffs' failure to acknowledge the existence of this case and to insist that its ruling is incorrect is troubling given the fact that Plaintiffs' counsel's law firm successfully created the precedent and provided the United States District Court for the Southern District the arguments that it relied upon in reaching its decision.

Because complete diversity still exists under this fact pattern, there is no need to go further to determine the jurisdictional outcome of this case. As such, the Defendants request that this Court enter an Order dismissing all non-viable claims, including any and all purported claims made by Stan Pittman against Dana Rector, and an Order denying the Plaintiffs' Motion to Remand. The Defendants also request specifically an Order dismissing each every claim made by Stan Pittman against the party designated in the Plaintiffs' Complaint as Universal Forest Products, Dana Rector, Kraig Jansen, Douglas Honholt, and

Matthew Missad for the reasons set out in the prior Briefs filed in this case.  Moreover, all

claims made by Morris Forest Products against these Defendants are due to be dismissed as

well for the reasons presented above and in previous Briefs, it is clear that Morris Forest

Products has no claims against Dana Rector as an individual, or against any of the other

individual employees of Universal Forest Products Eastern Division, Inc.  Further, Morris

Forest Products has no viable claims against the entity designated as Universal Forest

Products.  Universal adopts all of the arguments previously made above and made in

previous Briefs in requesting an Order of Dismissal.

In the event that the Court sees fit to allow any claims of Stan Pittman to go forward

and to allow any claims against Dana Rector to go forward, the Defendants request that this

Court maintain jurisdiction over those claims under the opinion as set out in Williams v.

Conseco, Inc., *supra*.  If the Court feels that there are still jurisdictional questions, the

Defendants request that those jurisdictional questions be cured by severance, or by retaining

jurisdiction until the time of judgment, as one or both of the inconsistent, mutually exclusive

theories must fail.

WHEREFORE, for the reasons presented above, the Defendants request that this

Court enter an Order dismissing all non-viable claims in denying the Plaintiffs' Motion to

Remand.  Alternatively, the Defendants request that this Court enter an Order severing any

viable claims by Stan Pittman from any viable claims against Dana Rector and denying the

Plaintiffs' Motion to Remand.

Respectfully submitted,


*s/Joseph E. Stott*
Attorney for Defendant Universal Forest
Products, Matthew Missad, Douglas
Honholt, Dana Rector, and Kraig Jansen
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
jstott@sssandf.com Email for Joseph Stott

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MORRIS FOREST PRODUCTS, LLC;** | ) | |
| **STAN PITTMAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action Number:** |
| **v.** | ) | **3:05-CV-00564-B** |
| | ) | |
| **KEYSTONE EXTERIOR DESIGN,** | ) | |
| **LLC; JERRY TURNER; DON** | ) | |
| **LUDWIG; UNIVERSAL FOREST** | ) | |
| **PRODUCTS; MATTHEW J. MISSAD;** | ) | |
| **DOUGLAS P. HONHOLT; DANA** | ) | |
| **RECTOR; KRAIG JANSEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on <u>November 28, 2005,</u> I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record: Ollie A. "Tres" Cleveland, III, Esq., Randall S. Haynes, Esq., Patrick C. Davidson, Esq. and I hereby certify that I have mailed by U.S. Mail the document to the non-CM/ECF participant:

Respectfully submitted,

<u>s/Joseph E. Stott</u>
**ASB-4163-T71J**
Attorney for Defendant Universal Forest
Products, Matthew Missad, Douglas
Honholt, Dana Rector, and Kraig Jansen
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
<u>jstott@sssandf.com</u> Email for Joseph Stott