IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WARREN WILLIAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. CV-99-0118-BH-C |
| ) | |
| CONSECO, INC., et al., ) | |
| ) | |
| Defendants. ) | |

RESPONSE TO MOTION FOR
CERTIFICATION OF INTERLOCUTORY ORDER
[Defendants Petrinovich and Cobb]

The Defendants RON PETRINOVICH and CURTIS COBB, JR., by and through undersigned counsel, respond to the Plaintiffs' Motion for Certification of Interlocutory Order, served in this cause on or about June 11, 1999, by stating that said Motion is due to be DENIED for the following reasons:

1. On June 7, 1999, this Court entered its Memorandum Opinion and Order rejecting the Report and Recommendation of the Magistrate Judge and denying the Plaintiffs' motion to remand this case to the Circuit Court of Monroe County, Alabama. Plaintiffs now seek to have this Court enter a certification

-1-



REFERRED TO JUDGE Hand
For Ruling or Appropriate Action
DATE 6/28/99 cmj

under 28 U.S.C. § 1292(b) so that Plaintiffs can petition the Eleventh Circuit for permission to appeal under the procedure of Fed.R.App.P. 5. A § 1292(b) certification must reflect this Court's opinion that its June 7 order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an appeal may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b). Of course, § 1292(b) certification is discretionary. *E.g.*, 19 *Moore's Federal Practice* § 203.32[1], p. 203-95 (3d Ed. 1998).

2. Plaintiffs' Motion merely states that the criteria of § 1292(b) exist without explaining why that is so. Putting aside whether this Court's prior order involves a "controlling question of law," it is doubtful that an immediate appeal will materially advance ultimate termination of this litigation. This case was originally removed on a theory that this Court had subject matter jurisdiction, premised on diversity of citizenship (28 U.S.C. § 1332), since the facially non-diverse citizenship of Defendants Petrinovich and Cobb was to be disregarded due to their fraudulent joinder. That issue, in turn, involved whether Petrinovich and Cobb were subject to personal jurisdiction. The Magistrate Judge recommended that the issue of the personal jurisdiction had to be deferred until after consideration of the issue of subject matter jurisdiction. This Court's June

7 order finds that subject matter jurisdiction exists without regard to whether the Court has acquired personal jurisdiction over Petrinovich and Cobb or whether those parties have been fraudulently joined. Even if the Eleventh Circuit should agree with Plaintiffs upon an interlocutory review of this Court's June 7 order, that would not necessarily end the inquiry into whether subject matter jurisdiction nevertheless exists due to fraudulent joinder of Petrinovich and Cobb.

   3. Section 1292(b), moreover, requires that the controlling question of law involve a substantial ground for difference of opinion. If there is no substantial ground for difference of opinion, § 1292(b) certification should be withheld or, if granted and the appeal is later accepted by the Eleventh Circuit, the appeal should be dismissed. *E.g., Howard v. Parisian, Inc.*, 807 F.2d 1560, 1566-1567 (11th Cir.1986); *Burrell v. Board of Trustees of Georgia Military College*, 970 F.2d 785, 789 (11th Cir.1992). Here, the Court's opinion itself shows that there really can be no substantial ground for difference of opinion about the existence of diversity of citizenship or of the required amount in controversy. As to diversity, this Court's opinion correctly recognizes that, while there is not compete diversity between all named Plaintiffs and all named Defendants, diversity nevertheless exists between those parties identified in the

context of each claim joined in the Complaint. The fact that this may be an issue of "first impression"[1] does not, in itself, demonstrate a substantial ground for difference of opinion; instead, this Court should analyze the strength of the arguments opposing the June 7 order to decide whether the issue for appeal is truly one on which there is substantial ground for dispute. *In re Flor*, 79 F.3d 281, 284 (2d Cir.1996). Since this Court has already observed that its holding "is neither an expansion of diversity jurisdiction, nor a particularly novel holding" [June 7 Order, p. 12], the Court need not conclude that the holding involves a substantial ground for difference of opinion.

4. The Court's amount in controversy holding presents no substantial ground for a difference of opinion. The Court has applied the correct legal principles to its own analysis of the claims. Indeed, the Plaintiffs have not tried to assert that the amount in controversy requirement is absent in this case. It is apparent from Plaintiffs' Motion that any attempted interlocutory appeal will focus on whether diversity of citizenship exists, not on whether the amount nin controversy is present.

---

[1] This Court did not locate any reported decision "in which a court has considered the presence <u>vel non</u> of complete diversity in this specific, unusual circumstance" [June 7 Order, p. 7]. Nor did Petrinovich and Cobb.

In summary, Defendants Petrinovich and Cobb do not believe that this case meets the requirements of § 1292(b) for an interlocutory appeal certification. This Court should, accordingly, exercise its discretion to decline certification.

This the 22nd day of the June, 1999.

_____
J. Fairley McDonald, III (MCDOJ0384)

MAYNARD, COOPER & GALE, P.C.
201 Monroe Street, Suite 1940
Montgomery, Alabama 36104-3720
(334) 262-2001
(334) 262-2043 [facsimile]

Counsel for Defendants RON PETRINOVICH and CURTIS COBB, JR.

### Certificate of Service

I HEREBY CERTIFY that, on this the 22nd day of June, 1999, I served a copy of the foregoing Response on the following counsel of record by first class United State mail, postage prepaid and properly addressed:

    Robert C. King, Esq.
    WEAVER & KING, P.C.
    36 West Claiborne Street
    Monroeville, AL 36460

    George K. Elbrecht, Esq.
    86 North Alabama Avenue
    Monroeville, AL 36460

Christian E. Roberson, Esq.
ROBERSON & ROBERSON
Suite 300
808 29th Street South
Birmingham, AL 35205

J. Hunter Phillips, Esq.
Paul P. Bolus, Esq.
Gary L. Howard, Esq.
Alycia K. Jastrebski, Esq.
BURR & FORMAN LLP
Post Office Box 830719
Birmingham, AL 35283-0719

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

U.S. DISTRICT COURT
SO. DIST. AL.
MOBILE, AL 36602

1999 JUL 12 P 1:41

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| WARREN WILLIAMS, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 99-0118-BH-C |
| CONSECO, INC., et al., | ) ) ) | |
| Defendants. | ) | |

ORDER

Before the court is plaintiffs' motion to amend the court's order of June 7, 1999 to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 39).

Upon review of this court's opinion and order, the motion in question, and the defendants' responses in opposition thereto, it is **CONSIDERED** and **ORDERED** that the motion for interlocutory appeal (Doc. 39) is **DENIED.**

**SO ORDERED** this 12th day of July, 1999.

_____
SENIOR DISTRICT JUDGE

The following attorney(s) were notified:

    Robert C. King, Esq.
    Weaver & King, PC
    36 West Claiborne Street
    Monroeville, AL  36460

    Christian E. Roberson, Esq.
    808 29th Street S.
    Birmingham, AL  35205

    George K. Elbrecht, Esq.
    86 North Alabama Avenue
    Monroeville, AL  36460

    J. Hunter Phillips, Esq.
    Burr & Forman LLP
    P. O. Box 830719
    Birmingham, AL  35283-0719

    Paul P. Bolus, Esq.
    Burr & Forman LLP
    P. O. Box 830719
    Birmingham, AL  35283-0719

    Gary L. Howard, Esq.
    Burr & Forman LLP
    P. O. Box 830719
    Birmingham, AL  35283-0719

    Alycia K. Jastrebski, Esq.
    Burr & Forman LLP
    P. O. Box 830719
    Birmingham, AL  35283-0719

    J. Fairley McDonald III, Esq.
    Maynard, Cooper & Gale
    201 Monroe St., Ste. 1940
    Montgomery, AL  36104