# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MORRIS FOREST PRODUCTS, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) CASE NO. 05-CV-00564 |
| v. | ) ) ) |
| KEYSTONE EXTERIOR DESIGN, LLC, et al. | ) ) ) |
| Defendants. | ) |

### AFFIDAVIT OF STAN PITTMAN

STATE OF Georgia        )
COUNTY OF Colquitt    )

Before me, the undersigned notary public in and for said County in said State, personally appeared Stan Pittman, who, upon being duly sworn, did depose and say as follows:

1. My name is Stan Pittman. I am over the age of 19 years old and have personal knowledge of the facts asserted herein.

2. I have reviewed Universal's Response to Plaintiffs' Motion to Remand and Affidavits attached thereto submitted by the individual Defendants employed through Universal. I strongly disagree with several of their statements.

3. First, I was not an employee of Morris Forest Products. I was an independent contractor and did not receive a W-2 but instead a 1099 form. I was not paid a salary by Morris Forest Products but instead was compensated by commission.

01228178.1

4. Second, I was the lead person and point man for Morris Forest Products regarding the production and sales of the Morris Forest Products/Keystone residential deck system. I spent approximately twenty-four (24) months committed to the Keystone project.

5. Third, I disagree with Dana Rector's affidavit were he states, "As of February 7, 2005, I had no knowledge of the business relationship, if any, between Universal and Keystone." Attached hereto as Exhibit "A" to my Affidavit are my handwritten notes reflecting a telephone conversation between Defendant Jerry Turner and the manufacturing director of Universal (the manufacturing director was Mr. Rector). This conversation occurred before the February 7, 2005 meeting. I remember, as stated in the notes, Mr. Rector and Mr. Turner were to meet prior to the February 7th meeting.

6. Fourth, I strongly disagree with Defendants Matthew Missad, Dana Rector, Douglas Honholt, and Kraig Jansen's affidavits that state Morris Forrest Products requested or called the February 7, 2005 meeting.[1] Universal was the one who encouraged the February 7th meeting. Universal wanted to have the meeting at our plant and review our manufacturing facilities. It was only after various representations and assurances from all Defendants in attendance at the February 7, 2005 meeting, including Mr. Rector, that the Defendants were allowed to view our manufacturing and assembly line. During this process the individual Defendants, including Mr. Rector, took various notes and made diagrams of our manufacturing facility.

7. On February 7, 2005, Rod Morris and I attended a joint conference with Keystone and Universal at Morris Forest Products' facilities. Jerry Turner was the representative from Keystone while Defendants Matthew Missad, Dana Rector, Douglas Honholt, and Kraig Jansen

---

[1] The affidavits referenced above were filed with the above-mentioned individual Defendants' Motions to Dismiss on or about August 24, 2005.

01228178.1

were all present on behalf of Universal. During this meeting there was a group conference held in which Mr. Missad, Mr. Rector, Mr. Honholt, Mr. Jansen and Mr. Turner all made representations regarding the future relationship between Morris Forest Products and Keystone/Universal. All of the above-named Defendants, including Mr. Rector, represented that the relationship would be continued and that they all looked forward to working with Morris Forest Products. After the group conference, the five above-mentioned Defendants requested a tour of the production area to view where the actual product was made. Morris Forrest Products agreed to the tour only after representations and assurances from the Defendants of a continued business relationship with Morris Forest Products. During this tour the Defendants, including Rector, again made representations and guarantees of the continued business relationship between Morris Forest Products and Keystone/Universal. Further, during the tour the individual Universal Defendants asked many specific questions about our manufacturing process relating to space needed, employees needed, inventory and production rates.

8. On the same night, February 7, 2005, I had dinner with Mr. Turner. At this dinner Mr. Turner inquired if I would be interested in leaving Morris Forest Products and coming to work with Keystone and heading the project between Keystone and Universal regarding the same residential deck system. I instructed Mr. Turner that my loyalties were with Morris Forest Products and that I was not interested in joining Keystone/Universal. Even after this dinner, Mr. Turner again approached me regarding leaving Morris Forest Products to work for Keystone.

9. Prior to the February 7, 2005 dinner, Mr. Turner was aware I was compensated by Morris Forest Products through commission. Mr. Turner was also aware I expected my commission from the residential deck system to be a significant portion of my income. Mr. Turner made several representations to me regarding the future continued business relationship

01228178.1

between Keystone, Morris Forest Products and myself. Further, Mr. Turner represented that when Universal came on board, "Everything will be taken care of."

10. It is my strong belief that Keystone and Universal sought vengeance against myself and Morris Forest Products as a result of my denial of their employment opportunity.

11. Further, Affiant saith not.

01228178.1

_____
STAN PITTMAN

Subscribed and sworn to before me this 19 day of September, 2005.

_____
Notary Public

(AFFIX SEAL) 

My Commission Expires: Aug. 8, 2009

01228178.1